UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID H. STENMARK,<br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,<br>Defendants | C.A. No. 05-312ML |

**DEFENDANTS' ANSWER AND DEFENSES**

Defendants Bank of America, N.A., (improperly named in the Complaint as "Bank of America Corporation"), the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated (improperly named in the Complaint as "Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries") and Mauro A. Cieri hereby respond to the correspondingly numbered allegations in the Complaint as follows:

1. In violation of Fed. R. Civ. P. 8, paragraph 1 of Plaintiff's Complaint does not contain a simple concise and direct averment. To the extent paragraph 1 is deemed to contain an averment as required under Rule 8, Defendants deny each and every such averment.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment set forth in paragraph 2 of the Complaint.

3. Defendants admit that Bank of America, National Association, is a national banking association organized and existing under the laws of the United States of America and having its principal place of business in the city of Charlotte, County of Mecklenburg, State of North Carolina. Except as specifically admitted above, Defendants deny all remaining averments in paragraph 3 of the Complaint.

4. Defendants admit that the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated was established under the Employee Retirement Income Security Act of 1974, as amended. Except as specifically admitted above, Defendants deny all remaining averments contained in paragraph 4 of the Complaint.

5. Defendants admit that Mauro A. Cieri was the Plan Administrator of the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated. Except as specifically admitted above, Defendants deny the remaining averments contained in paragraph 5 of the Complaint.

6. Defendants admit that FleetBoston Financial Corporation was the Plan Sponsor of the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated. Except as specifically admitted above, Defendants deny each and every averment contained in paragraph 6 of the Complaint.

7. Defendants admit that this Court has jurisdiction over Plaintiff's claim insofar as they are brought under the Employee Retirement Income Security Act of 1974 as amended. Except as specifically admitted above, Defendants deny each and every remaining averment contained in paragraph 7 of the Complaint.

8. Defendants deny the averments set forth in paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff is a male who listed his date of birth as June 1, 1942. Plaintiffs further admit that at one point Plaintiff held the job title of Senior Project Manager while employed with FleetBoston Financial Corporation. Except as specifically admitted above, Defendants deny the remaining averments contained in paragraph 9 of the Complaint.

10. Paragraph 10 of Plaintiff's Complaint violates Fed. R. Civ. P. 8 and 10 in that it does not contain a short and plain statement of the claim and it is not limited to a statement of a single set of circumstances. To the extent paragraph 10 of the Complaint complies with Fed. R. Civ. P. 8 and 10 and to the extent that paragraph 10 of the Complaint contains a simple, concise and direct averment, Defendants deny each and every such averment.

11. Paragraph 11 of Plaintiff's Complaint violates Fed. R. Civ. P. 8 and 10 in that it does not contain a short and plain statement of the claim and it is not limited to a statement of a single set of circumstances. To the extent paragraph 11 of the Complaint complies with Fed. R. Civ. P. 8 and 10 and to the extent that paragraph 11 of the Complaint contains a simple, concise and direct averment, Defendants deny each and every such averment.

12. Paragraph 12 of Plaintiff's Complaint violates Fed. R. Civ. P. 8 and 10 in that it does not contain a short and plain statement of the claim and it is not limited to a statement of a single set of circumstances. To the extent paragraph 12 of the Complaint complies with Fed. R. Civ. P. 8 and 10 and to the extent that paragraph 12 of the

Complaint contains a simple, concise and direct averment, Defendants deny each and every such averment.

13. Defendants deny the averments contained in paragraph 13 of the Complaint.

14. Defendants deny the averments contained in paragraph 14 of the Complaint.

15. Defendants deny the averments contained in paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16 of the Complaint.

17. Defendants deny the averments contained in paragraph 17 of the Complaint.

18. Defendants deny the averments contained in paragraph 18 of the Complaint.

19. Defendants deny the averments contained in paragraph 19 of the Complaint.

20. Defendants deny the averments contained in paragraph 20 of the Complaint.

21. Defendants deny the averments contained in paragraph 21 of the Complaint.

22. Defendants admit that on March 3, 2005, Mauro A. Cieri sent a letter to Plaintiff's counsel, Richard A. Sinapi, responding to Mr. Sinapi's letter dated February 9, 2005 appealing the denial of separation pay and benefits for David H. Stenmark from

FleetBoston Financial Corporation. Defendants further admit that in that letter Mr. Cieri explained to Plaintiff's counsel that Mr. Stenmark is not eligible for separation pay and benefits under the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated. Except as specifically admitted above, Defendants deny each and every remaining averment contained in paragraph 22 of the Complaint.

23. Defendants deny the averments contained in paragraph 23 of the Complaint.

24. Defendants deny that the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated contains the exact language set forth in paragraph 24 of the Complaint. Accordingly, Defendants deny the averments set forth in paragraph 24 of the Complaint.

25. Defendants admit that the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated defined a comparable job as one that, among other things, had no significant change in work schedule and required a reasonably similar employment background and skill set as the employee's current job. Except as specifically admitted above, Defendants deny the remaining averments contained in paragraph 25 of the Complaint.

26. Defendants deny the averments contained in paragraph 26 of the Complaint.

27. Defendants deny the averments contained in paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to when Plaintiff "learned" what he is alleged to have learned in paragraph 28 of the Complaint. Defendants deny each and every averment in paragraph 28 of the Complaint.

29. Defendants deny the averments contained in paragraph 29 of the Complaint.

30. Defendants deny the averments contained in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint impermissibly contains argument of counsel and thus violates Rules 8 and 10 of the Fed. R. Civ. P. To the extent paragraph 31 is deemed to contain factual averments, Defendants deny each and every such averment contained in paragraph 31 of the Complaint.

32. Defendants deny the averments contained in paragraph 32 of the Complaint.

33. Defendants deny the averments contained in paragraph 33 of the Complaint.

34. Defendants deny the averments contained in paragraph 34 of the Complaint.

35. Defendants deny the averments contained in paragraph 35 of the Complaint

36. Defendants deny the averments contained in paragraph 36 of the Complaint.

37. Defendants deny the averments contained in paragraph 37 of the Complaint.

38. To the extent that paragraph 38 contains averments as required under Fed. R. of Civ. P. 8, Defendants deny the averments set forth in paragraph 38 of the Complaint.

39. Defendants deny the averments contained in paragraph 39 of the Complaint.

40. Defendants deny the averments contained in paragraph 40 of the Complaint.

41. Defendants deny the averments contained in paragraph 41 of the Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 42 of the Complaint.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43 of the Complaint.

44. Defendants deny the averments contained in paragraph 44 of the Complaint.

45. Defendants deny the averments contained in paragraph 45 of the Complaint.

46. Defendants deny the averments contained in paragraph 46 of the Complaint. In addition, the allegations in this paragraph of the Complaint violate Fed. R. of Civ. P. 9 in that the circumstances alleged to constitute fraud are not set forth with particularity.

47. Defendants deny the averments contained in paragraph 47 of the Complaint.

48. Defendants deny the averments contained in paragraph 48 of the Complaint.

49. The statutory requirements of the Employment Retirement Income Security Act of 1974 as amended speak for themselves. To the extent that paragraph 49 of the Complaint contains factual averments to which Defendants are required to respond, Defendants deny each and every such factual averment.

50. The statutory requirements of the Employment Retirement Income Security Act of 1974 as amended speak for themselves. To the extent that paragraph 50 of the Complaint contains factual averments to which Defendants are required to respond, Defendants deny each and every such factual averment.

51. Defendants are without knowledge or information sufficient to form a belief as the truth of the averments contained in paragraph 51 of the Complaint.

52. Defendants deny the averments contained in paragraph 52 of the Complaint.

53. Defendants are without knowledge or information sufficient to form a belief regarding the averments referencing Plaintiff's attorney's letter dated August 24, 2004. Accordingly, Defendants deny the averments contained in paragraph 53 of the Complaint.

54. Defendants deny the averments contained in paragraph 54 of the Complaint.

55. Defendants deny the averments contained in paragraph 55 of the Complaint.

56. Defendants deny the averments contained in paragraph 56 of the Complaint.

57. Defendants deny the averments contained in paragraph 57 of the Complaint.

58. Defendants deny the averments contained in paragraph 58 of the Complaint.

59. Defendants deny the averments contained in paragraph 59 of the Complaint.

60. Defendants deny the averments contained in paragraph 60 of the Complaint.

61. Defendants deny the averments contained in paragraph 61 of the Complaint.

62. Defendants deny the averments contained in paragraph 62 of the Complaint.

63. Defendants incorporate their responses to paragraphs 1-62 of the Complaint, as set forth above, as if fully set forth herein.

**Count I**

64. Defendants deny the averments contained in paragraph 64 of the Complaint.

**Count II**

65. Defendants deny the averments contained in paragraph 65 of the Complaint.

**Count III**

66. Defendants deny the averments contained in paragraph 66 of the Complaint.

**Count IV**

67. Defendants deny the averments contained in paragraph 67 of the Complaint.

**Count V**

68. Defendants deny the averments contained in paragraph 68 of the Complaint.

**Count VI**

69. Defendants deny the averments contained in paragraph 69 of the Complaint.

WHEREFORE, Defendants demand judgment upon Plaintiff's Complaint together with attorneys' fees and costs associated with defending this action. To the extent that Plaintiff's Prayers for Relief contain any factual allegations, Defendants deny each and every one of them. Defendants specifically deny that Plaintiff is entitled to any of the relief he requests. In addition, Defendants specifically deny that Plaintiff is entitled to a jury trial.

**DEFENSES**

**First Defense**

Plaintiff fails to state a claim upon relief may be granted.

**Second Defense**

Plaintiff's claims are barred on the grounds that Plaintiff, by his conduct and actions, has waived any and all rights he may have had against Defendants and, therefore, Plaintiff cannot recover in this action.

**Third Defense**

Plaintiff's claims are barred because Plaintiff has failed to exhaust his administrative remedies.

**Fourth Defense**

Plaintiff is barred from recovery by the Doctrine of Laches.

**Fifth Defense**

Defendants acted reasonably and were neither arbitrary nor capricious, and therefore, the claims decision should be upheld.

**Sixth Defense**

Defendants discharged their duties within their discretion and in accordance with the governing documents and instruments governing the plan.

**Seventh Defense**

Plaintiff's claims and remedies are limited by ERISA, 29 U.S.C. §1001 *et seq.* and he is not entitled to a trial by jury, and any other causes of action he alleges are preempted by ERISA.

**Eighth Defense**

All rights and obligations of the parties are governed solely by the governing Plan, the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated.

**Ninth Defense**

All decisions concerning Plaintiff's claims were made in accordance with the governing plan.

**Tenth Defense**

Plaintiff's claims for damages are barred to the extent he is unable to establish harm by Defendants' alleged actions.

**Eleventh Defense**

Plaintiff's demand for attorney's fees and costs should not be granted because Plaintiff cannot satisfy the requirements for awarding such damages.

**Twelfth Defense**

Plaintiff has failed to mitigate his damages.

**Thirteenth Defense**

The Complaint should be dismissed for misnomer and failure to name proper parties.

**Fourteenth Defense**

In addition to being preempted by ERISA, Plaintiff's fraud claim should be dismissed for failure to comply with the requirements set forth in Fed. R. of Civ. P. 9(b).

**Designation of Trial Counsel**

Defendants hereby designate Gary W. Flanagan as Trial Counsel.

Defendants,

BANK OF AMERICA, N.A.,
SEPARATION PAY AND
BENEFITS PLAN OF
FLEETBOSTON FINANCIAL
CORPORATION AND
PARTICIPATING SUBSIDIARIES
AS AMENDED AND RESTATED,
and MAURO A. CIERI

Gary W. Flanagan

Gary W. Flanagan (#6632)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

Dated: September 15, 2005

**CERTIFICATE OF SERVICE**

I hereby that on the 15th day of September 2005, I caused a true copy of the within Defendants' Answer and Defenses to be mailed to the following:

Richard A. Sinapi, Esquire
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920

Gary W. Flanagan

Gary W. Flanagan