UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID H. STENMARK,<br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br>as successor and assignee of<br>FLEETBOSTON FINANCIAL<br>CORPORATION, SEPARATION PAY<br>AND BENEFITS PLAN OF<br>FLEETBOSTON FINANCIAL<br>CORPORATION AND<br>PARTICIPATING SUBSIDIARIES, and<br>MAURO A. CIERI, in his capacity as<br>Plan Administrator,<br>Defendants | : | C.A. No. 05-312 ML |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION**

## I. Introduction

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the **Plaintiff** requests that you produce the following documents and things for inspection and copying at the offices of **SINAPI, FORMISANO & COMAPANY, LTD.**, 100 Midway Place, Suite 1, Cranston, Rhode Island 02920-5707, on or before thirty (30) days following service of the within Request for Production.

## II. Definitions

For the purpose of this Request for Production of Documents and responses thereto, the following definitions shall apply:

A. "Document" is to be construed in its broadest sense under Rules of Civil Procedure 33, 34 and 45, including without limitation, all pictures, photographs, videotapes, drafts, maps, diagrams, sketches, tape recordings, statements (whether signed or unsigned), interviews, reports, correspondence, notices, letters, e-mails, text messages, invoices, bills, memoranda, orders, directives, regulations, summaries, transcripts, books, manuals, brochures, or drafts, copies or other preliminary material which are different in any way from the executed or final document, and any paper or other writing, data, or information whatsoever, whether stored in tangible, electronic, mechanical or digital form or representation of any kind (including (i) materials on or in computer tapes, disks, hard drives, and/or memory and (ii) backup copies and "deleted" files on a computer or computer storage device or media) whether located on-site or off-site.

[redacted]



JAN 17 2006

B. "Relating to" means containing, embodying, referring to, or in anyway pertaining or relating to the substance of the particular matter being inquired of.

C. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, or office, or any other form of legal entity.

D. "You" and "your" shall mean the plural as well as the singular and is defined as meaning the individual or entity which is the subject of this request, or any person or entity acting under such individual's or entity's direction or control.

E. "Communication," unless otherwise modified, means verbal and electronic communication and communication by document.

F. For any requested document or thing as to which any claim of privilege is made or as to which any claim of protection from discovery is made, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable Plaintiff to form a judgment as to the basis and validity of the claimed privilege.

## III. Documents Requested

1. All documents relating to Plaintiff's employment with Defendant Bank of America Corporation, as successor and assignee of FleetBoston Financial Corporation (hereinafter "BOA" or "Defendant"), including, but not limited to, his entire personnel file, salary and wage records, W-2 forms, benefit records and retirement benefit records.

2. All documents relating to Plaintiff's employment with FleetBoston Financial Corporation (hereinafter "Fleet" or "Defendant"), including, but not limited to, his entire personnel file, salary and wage records, W-2 forms, benefit records and retirement benefit records.

3. Copies of job descriptions of all positions held by the Plaintiff during his employment with Defendant BOA and/or Fleet, including Plaintiff's position as Senior Project Manager and Regional Planner in the Fleet Global Workplace, and include in your response:

    a. the employment experience and skill set required for each position;
    b. the work schedule, including days and hours, relative to each position;
    c. a description of the daily tasks of each position; and,
    d. whether the position involves managerial/supervisory duties.

4. Copies of job descriptions of all positions held by the Plaintiff during his employment with Trammell Crow Company, including Plaintiff's position as Project Manager, and include in your response:

    a. the employment experience and skill set required for each position;
    b. the work schedule, including days and hours, relative to each position;

c. a description of the daily tasks of each position; and,
d. whether the position involves managerial/supervisory duties.

5. Documents describing any change in job grade, classification, or duties of the Plaintiff during his employment with the Defendant BOA and/or Fleet.

6. All documents relating to or reflecting any communications between any of the Defendants' employees and/or management and any past or present employees regarding the Plaintiff's job performance.

7. All employee manuals and policies of Defendant BOA and/or Fleet in effect from 2000 to the present, including, but not limited to, personnel manuals, benefits manuals and salary schedules. Please include all documents reflecting Defendant BOA's and/or Fleet s' policies regarding hiring, discipline, termination, salary increases, bonuses, curriculum, and promotions.

8. A copy of the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries ("Plan") as it existed in March, 2000, and any amendments, modifications, interpretations relative thereto, or any plan superceding or replacing the same.

9. A copy of the Plan as it existed in March, 2001, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

10. A copy of the Plan as it existed in March, 2002, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

11. A copy of the Plan as it existed in March, 2003, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

12. A copy of the Plan as it existed on April 1, 2004, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

13. A copy of the Plan as it existed on June 2, 2004, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

14. A copy of any summary, explanation, or description of the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, as set forth on the **Defendant's intranet** any time between 2000 and June 2, 2004.

15. A copy of any documents filed with any governmental agency regarding the existence of or any modification or amendment to the Plan, or any plan superceding or replacing the same, as required pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461 ("ERISA"), including, *inter alia*, 29 U.S.C. §1024(a)(1)(D), **or otherwise.**

16. A copy of any Summary Plan description regarding the Plan, or any plan superceding or replacing the same, furnished by the Defendants between March 2000 and June 2, 2004, as required pursuant to the ERISA, including, *inter alia*, 29 U.S.C. §1024(b), **or otherwise.**

17. Copies of any appeals or complaints filed by any Defendant BOA and/or Fleet employee relative to the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, between 2000 and the present, including, but not limited to, formal and informal complaints filed internally or administratively with any Defendant and complaints filed with any federal, state or local court or governmental agency, **regarding:** a) the denial of severance pay or separation benefits under the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, b) the alleged failure or refusal to furnish any amendments, modifications, or interpretations relative to the Plan, or any plan superceding or replacing the same, within the time frame and as required by ERISA, in violation of, *inter alia*, 29 U.S.C. §1024(b)(1), **or otherwise**, c). the alleged failure or refusal to automatically furnish a Summary Plan Description and other required information in violation of 29 U.S.C. §§1021-1031, **or otherwise**, and d) the alleged failure or refusal to furnish a Summary Plan Description and other information after receiving a written request for the same in violation of, *inter alia*, 29 U.S.C. §1132(c), **or otherwise**.

18. All documents submitted by Defendant in response to Plaintiff's e-mail request, in April, 2004, for information relative to his retirement package, the Plan, and other ERISA related material as alleged in paragraph §51 of Plaintiff's Complaint.

19. All documents submitted by Defendant in response to a written request by Plaintiff's attorney, dated August 24, 2004, for information relative to Plaintiff's retirement package, the Plan, and other ERISA related material as alleged in paragraph §53 of Plaintiff's Complaint.

20. Any complaints concerning the work performance and/or conduct of the Plaintiff and any warning notices issued to the Plaintiff about these complaints.

21. All investigative reports or other documents prepared by any Defendant or others on their behalves relative to the material facts and claims alleged in Plaintiff's Complaint at issue, whether or not contained in the Plaintiffs personnel file.

22. All documents relating to or reflecting the application or interpretation of the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, relative to the eligibility for benefits thereunder for terminated employees in the Facilities division of the Defendants in 2000, who were offered and/or accepted an outsourced job as alleged in ¶¶12-13 of Plaintiff's Complaint.

23. All documents relating to or reflecting the application or interpretation of the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, relative to the eligibility for benefits thereunder of any terminated

employees of Defendants as of and subsequent to 2000, who were offered and/or accepted an outsourced job.

24. All documents relating to or reflecting any communications between any of the Defendants and Plaintiff regarding the existence of and/or necessity or requirement that the Plaintiff accept an outsource job offered by Trammel Crowe Company in May 2004 or face termination without any severance as alleged in ¶¶19-21 of Plaintiff's Complaint.

25. All documents relating to or reflecting any communications between any of the Defendants regarding the material facts and/or claims alleged in Plaintiff's Complaint.

26. All documents relating to or reflecting any communications between any of the Defendants and the Plaintiff regarding the material facts and/or claims alleged in Plaintiff's Complaint.

27. All documents relating to or reflecting any communications between the Defendants or to Defendants' employees on and subsequent to 2000, wherein any representations, promises, inducements and/or disclosures were made relative to the severance benefits which would be available to terminated employees upon any subsequent acquisitions/mergers of Defendant Fleet.

28. All statements in the possession of or taken by any employee, representative, or agent of any Defendant from any witness to or relating to the material facts and/or claims alleged in Plaintiff's Complaint.

29. All documents pertaining to any meetings, discussions, encounters, conversations, or communications, whether private or public, that Defendants had regarding the Plaintiff at any time during his employment with Defendant BOA and/or Fleet relating to the material facts and/or claims alleged in Plaintiff's Complaint.

30. On and subsequent to 2000, all documents relating to any guidelines, requirement, criteria, level of priority, and/or obligation placed upon any out-source provider by Defendants relative to offering employment to and/or hiring terminated employees of the Defendant.

31. The *curriculum vitae* or resume of each expert identified by you in your answers to Plaintiffs Interrogatories.

32. Copies of any and all applicable insurance policies insuring Defendant against liability for any claims alleged in Plaintiff's Complaint.

33. Copies of any and all reports rendered by experts who have been consulted and/or retained by Defendant relative to the material facts and/or clams alleged in Plaintiff's Complaint, or any defenses thereto.

34. Produce copies of all documents that relate to the material allegations and/or claims set forth in the Plaintiffs Complaint not previously requested or produced herein.

35. Produce copies of any and all documents that relate to any defenses of Defendant to the claims alleged in Plaintiff's Complaint not previously requested or produced herein.

Plaintiff,
**David H. Stenmark,**
By his attorneys,
**Sinapi, Formisano & Company, Ltd.**

**Dated: January 13, 2006**

**Richard A. Sinapi, Esq. (#2977)**

**Michael D. Pushee (#6948)**
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

**TO: Mark A. Pogue, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within was mailed, postage prepaid, to the above-named counsel of record this 13rd day of **January, 2006.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID H. STENMARK,** **Plaintiff** | : | |
| **v.** | : | **C.A. No. 05-312 ML** |
| **BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,** **Defendants** | : | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are hereby requested to respond to the within interrogatories which are to be delivered to **SINAPI, FORMISANO & COMPANY, LTD.**, 100 Midway Place, Suite 1, Cranston, Rhode Island 02920-5707, on or before thirty (30) days following service of the within interrogatories.

In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys, their investigators, and all other persons acting in your behalf, and not merely such information known of your personal knowledge. Each interrogatory, and each subsection of each interrogatory, is to be fully and separately answered. As to any interrogatory for which an exact, complete and entirely accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

These interrogatories shall be deemed to be continuing so as to require supplemental answers (if you obtain further information between the time the answers are served and any trial pertinent hearing) from time to time, but not later than ten (10) days prior to trial or hearing on the subject matter herein.

If any document (as hereinafter defined) is used by you in preparing your answers to these interrogatories, include as part of each answer for which such document was used (a) its date, (b) its author or originator, (c) title, (d) subject matter, (e) any other characteristics necessary to identify the document, and (f) the present location or custodian of the original and any non-identical copy.



JAN 17 2006

If the present location or custodian of the original or any non-identical copy if unknown, state the present location or custodian of any identical copy of such original or non-identical copy.

In answering these interrogatories, any document or communication required to be identified or described may, at your option, be produced for inspection and copying on the day these answers are due.

## II. Definitions

For the purpose of these interrogatories and answers thereto the following definitions shall apply:

A. "Document" is to be construed in its broadest sense under Rules of Civil Procedure 33, 34 and 45, including without limitation, all pictures, photographs, videotapes, drafts, maps, diagrams, sketches, tape recordings, statements (whether signed or unsigned), interviews, reports, correspondence, notices, letters, e-mails, text messages, invoices, bills, memoranda, orders, directives, regulations, summaries, transcripts, books, manuals, brochures, or drafts, copies or other preliminary material which are different in any way from the executed or final document, and any paper or other writing, data, or information whatsoever, whether stored in tangible, electronic, mechanical or digital form or representation of any kind (including (i) materials on or in computer tapes, disks, hard drives, and/or memory and (ii) backup copies and "deleted" files on a computer or computer storage device or media) whether located on-site or off-site.

B. "Relating to" means containing, embodying, referring to, or in any way pertaining or relating to the substance of the particular matter being inquired of.

C. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

D. "You" and "your" shall mean the plural as well as the singular and is defined as meaning the individual or entity which is the subject of this request, or any person or entity acting under such individual's or entity's direction or control or on your behalf.

E. "Communication," unless otherwise modified, means verbal and electronic communications and communication by document.

F. To "describe," "describe in detail," "state," or "state in detail" shall mean to relate as completely as possible each and every act, omission, termination, event, condition, circumstance, or thing directly or indirectly concerning the subject matter of the description, listing all pertinent dates, and, without limiting the foregoing, to identify all documents, persons, communications, locations directly or indirectly related thereto.

G. To "identify" shall mean to describe the name and address of the person, entity, or place to which is being referred.

H. For any requested interrogatory, document or thing as to which any claim of privilege is made or as to which any claim of protection from discovery is made, identify the privilege or Rule upon which you rely and set forth the facts upon which claim is based in sufficient detail to enable plaintiff to form a judgment as to the basis and validity of the claimed privilege.

## III. Interrogatories

1. Please state the name, address, date of birth, social security number, and employer of the individual responding to these interrogatories and that individual's relationship to the Defendant to which these interrogatories are directed, and any other Defendant in this matter.

2. Please identify each person who Defendant expects to call as an expert witness at the trial of this matter, and with respect to each such expert, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, give a thorough and explicit summary of the grounds for each opinion of the expert, state the educational background of each expert listed, give a summary of his or her professional experience and enumerate the professional societies and organizations of which he or she is presently a member, and sufficiently identify any reports or documents upon which such expert opinion is based so that they may be made the subject matter of a request for production of documents.

3. Please state the name of each person Defendant may call as a witness at trial, and with respect to each such witness, state the subject matter on which the individual is expected to testify, the substance of the facts the witness is expected to testify, and sufficiently identify any reports or documents upon which such witness may refer while testifying so that they may be made the subject matter of a request for production of documents.

4. Please state the name and address of every person whom Defendant knows or believes to have any information relating to the material allegations and/or claims alleged in the Plaintiff's Complaint, and/or any defenses thereto asserted by any Defendant to this action, including, but not limited to, any witness to or participants in the incidents at issue or with knowledge of the allegations at issue or participants in the incidents at issue, and for each such person state the substance of the information you believe the person to have and the source of the person's information.

5. Please describe in detail the substance of any communications that any employee and/or agent of Defendant had with Plaintiff or any other person relating in any way to the material allegations and/or claims alleged in Plaintiff's Complaint, and for each such communication, kindly provide the approximate date, time, place, form and substance of the communication and identify all persons present or who have knowledge of the communication.

6. Please describe all relevant facts concerning Plaintiff's employment with FleetBoston Financial Corporation, including, but not limited to, the following:

a. the date of hire, job title(s), description of the job duties and responsibilities for each position of employment held, date(s) of appointment to each position, salary and benefits;
b. the employment experience and skill set required for each position;
c. the work schedule, including days and hours, relative to each position;
d. a description of the daily tasks of each position;
e. whether the position involves managerial/supervisory duties;
f. the date of any layoff, termination, and/or leave of absence and the reasons for each layoff, termination, and/or leave of absence. Please include in your response the identity of any individuals who participated in the decision to layoff, terminate, and/or grant a leave of absence to the Plaintiff; and,
g. the date of any adverse employment action taken against the Plaintiff including any warning, suspension, demotion and the reason for each such action. Please include in your response the name and title of the person who disciplined or terminated the Plaintiff, the date of each disciplinary action or termination, and a full and complete description of each action taken.

7. Please describe all relevant facts concerning Plaintiff's employment with Defendant Bank of America Corporation, as successor and assignee of FleetBoston Financial Corporation, specifically relating to Plaintiff's former position as Senior Project Manager and Regional Planner in the Fleet Global Workplace ("Senior Project Manager"), and include in your response the following:

a. the date of hire, job title(s), description of the job duties and responsibilities for each position of employment held, date(s) of appointment to each position, salary and benefits;
b. the employment experience and skill set required for each position;
c. the work schedule, including days and hours, relative to each position;
d. a description of the daily tasks of each position;
e. whether the position involves managerial/supervisory duties;
f. the date of any layoff, termination, and/or leave of absence and the reasons for each layoff, termination, and/or leave of absence. Please include in your response the identity of any individuals who participated in the decision to layoff, terminate, and/or grant a leave of absence to the Plaintiff; and,
g. the date of any adverse employment action taken against the Plaintiff including any warning, suspension, demotion and the reason for each such action. Please include in your response the name and title of the person who disciplined or terminated the Plaintiff, the date of each disciplinary action or termination, and a full and complete description of each action taken.

8. Please describe all relevant facts concerning Plaintiff's employment with Trammell Crow Company, and include in your response the following:

a. the date of hire, job title(s), description of the job duties and responsibilities for each position of employment held, date(s) of appointment to each position, salary and benefits;
b. the employment experience and skill set required for each position;

c. the work schedule, including days and hours, relative to each position;
d. a description of the daily tasks of each position;
e. whether the position involves managerial/supervisory duties;
f. the date of any layoff, termination, and/or leave of absence and the reasons for each layoff, termination, and/or leave of absence. Please include in your response the identity of any individuals who participated in the decision to layoff, terminate, and/or grant a leave of absence to the Plaintiff; and,
g. the date of any adverse employment action taken against the Plaintiff including any warning, suspension, demotion and the reason for each such action. Please include in your response the name and title of the person who disciplined or terminated the Plaintiff, the date of each disciplinary action or termination, and a full and complete description of each action taken.

9. Please describe in detail the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries ("Plan") in effect as of March, 2000, and include in your answer:

a. a detailed description of any amendments made to the Plan;
b. the purpose of such amendments;
c. the dates of such amendments;
d. whether the amendments to the Plan were filed with the Internal Revenue Service or other applicable governmental authorities and the dates of such filings;
e. whether the amendments to the Plan were published and/or disseminated to the Plan's beneficiaries, and, if so, the method by which and date or dates on which the amendments were published and/or disseminated;
f. whether the amendments to the Plan were posted on Defendant's intranet, and, if so, the date or dates of such posting(s).

10. Please state whether the Plan was ever superceded or replaced by another ERISA plan ("new plan") between March of 2000 and June 2, 2004, and, if so, describe the same in detail, and include in your answer:

a. a detailed description of how it differed, if at all, from the Plan;
b. the reason(s) for promulgating and implementing the new plan;
c. the dates during which the new plan was in effect;
d. whether the new plan was filed with the Internal Revenue Service or other applicable governmental authorities and the date(s) of such filings;
e. whether the new plan was published and/or disseminated to the Defendants' employees, and, if so, the method by which and date or dates on which the amendments were published and/or disseminated; and,
f. whether the new plan was posted on Defendant's intranet, and, if so, the date or dates of such posting(s).

11. Please state whether, from 2000 to the present, Defendants granted severance benefits to any terminated employee who had his/her job duties out-sourced to another employer, but was offered and accepted employment with an out-source provider, and, if so, include the following in your answer:

a. the name and address of such employee;
b. the position and title held by such employee within Defendant;
c. the name and address of the out-source provider;
d. the date such employee was terminated by Defendant and the date hired by the out-source provider;
e. whether and why the position with the out-source provider was or was not comparable, within the meaning of the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same in effect at the time, to the employee's position with Defendant; and,
f. a detailed description of the severance benefits provided to such employee.

12. Describe in detail Defendants' reason, basis, and purpose for inserting the parenthetical phrase "e.g., sale of business, outsourcing, joint venture" at the end of one of the severance benefit exclusions in the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, as alleged in ¶¶24-27 of Plaintiff's Complaint, and include in your answer:

a. the date said phrase was added to the exclusionary provision;
b. describe any communications and/or meetings, including dates, between Defendants and/or among their employees and/or agents relative to the timing and/or purpose of adding said phrase; and,
c. the name, address, and title of the person who conceived the idea of adding said phrase to the exclusionary provision.

13. Described in detail the form, date and substance of any communications between the Defendants or to Defendants' employees on and subsequent to 2000, wherein any representations, promises, inducements and/or disclosures were made relative to the severance benefits which would be available to terminated employees upon any and all subsequent acquisitions/mergers of Defendant.

14. Describe in detail the reason Plaintiff was denied severance benefits by Defendants, and the value and nature of all such benefits which Plaintiff would have received had Defendants granted his application for severance benefits.

15. Describe in detail the value and nature of all ERISA or other benefits to which Plaintiff would have been entitled to receive from Defendants had he retired as an employee of Defendant prior to his termination and/or prior to acceptance of employment with Trammel Crowe Company or had he otherwise requested or demanded the same prior thereto, and describe whether Plaintiff remains eligible for any such benefits, or whether any such benefits were forfeited by the failure to retire as an employee of Defendant or the failure to request or demand the same prior thereto.

16. On and subsequent to 2000, describe in detail any guidelines, requirement, criteria, level of priority, and/or obligation placed upon any out-source provider by Defendants relative to offering employment to and/or hiring terminated Defendant employees, and state whether an

out-source provider was required to hire terminated employees of Defendants as a condition of an award of a contract for out-source services.

17. Please list the dates upon which the Plaintiff and/or his attorney requested information from Defendant relative to the Plan or other benefit plans within the meaning of and subject to the requirement of Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461 ("ERISA").

18. Please describe Defendant's response to any and all requests as stated in the preceding paragraph, and, include in the answer, the exact date each such response was sent to the Plaintiff and/or Plaintiff's attorney with respect to each request made.

19. Please state whether anyone has asserted a claim against Defendants relative to the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, between 2000 and the present, including, but not limited to, formal and informal complaints filed internally or administratively with any Defendant and complaints filed with any federal, state or local court or governmental agency, **regarding:** a) the denial of severance pay or separation benefits under the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, b) the alleged failure or refusal to furnish any amendments, modifications, or interpretations relative to the Plan, or any plan superceding or replacing the same, within the time frame and as required by ERISA, in violation of, *inter alia*, 29 U.S.C. §1024(b)(1), **or otherwise**, c). the alleged failure or refusal to automatically furnish a Summary Plan Description and other required information in violation of, *inter alia*, 29 U.S.C. §§1021-1031, **or otherwise**, and d) the alleged failure or refusal to furnish a Summary Plan Description and other information after receiving a written request for the same in violation of 29 U.S.C. §1132(c), **or otherwise**, and for each such complaint state i) the name and address of the party asserting the claim, ii) the title of the action, iii) the forum where said action was filed, and iv) the date said action was initiated.

20. Please describe in detail all facts within your knowledge to support Defendant's ***denial*** that it violated ERISA by:

a. Denying Plaintiff severance pay or separation benefits under the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same;

b. Failure or refusal to furnish to Plaintiff any amendments, modifications, or interpretations relative to the Plan, or any plan superceding or replacing the same, within the time frame and as required by ERISA, in violation of, *inter alia*, 29 U.S.C. §1024(b)(1), **or otherwise**;

c. Failure or refusal to automatically furnish to Plaintiff a Summary Plan Description and other required information in violation of, *inter alia*, 29 U.S.C. §§1021-1031, **or otherwise**;

d. Failure or refusal to furnish to Plaintiff a Summary Plan Description and other information after receiving a written request for the same in violation of, *inter alia*, 29 U.S.C. §1132(c), **or otherwise**; and,

e. Failure to file an amended or modified Plan with the Internal Revenue Service or other applicable governmental agency within the time frame and as required by ERISA in violation of, *inter alia*, 29 U.S.C. §1024(a)(1)(D), **or otherwise.**

21. On and subsequent to 2000, describe any and all entities which employed the Defendant Mauro A. Cieri, ***and for each such employer***, describe in detail his job title, duties, compensation, and physical location of employment with each said employer, and the entity responsible for payment of the means of any said employment, including equipment, office space, and other overhead related to any work performed by Defendant Cieri for any said employer.

22. On and subsequent to 2000, describe in detail each and every responsibility, function, determination, role, task or activity performed by Defendant with respect to the promulgation, implementation, funding, and/or operation of the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, including whether Defendant retained or exercised any responsibility relative to the dissemination of information relative thereto.

23. Describe in detail the business purpose or purposes for which Defendant established the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, as an employee benefit.

24. Please describe in detail any and all defenses alleged in Defendant's answer, including all facts or law which support such defenses, and for each identify any witnesses and/or documents supporting said defenses, and provide a brief summary of facts of which each such witnesses has knowledge relative to each such defense, if not provided in response to a previous interrogatory.

25. Describe each and every material fact, law, regulation, ordinance, standard, rule, policy, procedure, claim or defense or any other matter which is material and relevant to your defense of the claims alleged in Plaintiff's Complaint and not heretofore discussed or included in your answer to Plaintiff's Complaint or in other pleadings filed in this case.

Plaintiff,
**David H. Stenmark,**
By his attorneys,
**Sinapi, Formisano & Company, Ltd.**

**Dated: January 13, 2006**

**Richard A. Sinapi, Esq. (#2977)**

**Michael D. Pushee (#6948)**
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)

## CERTIFICATION

**TO: Mark A. Pogue, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within was mailed, postage prepaid, to the above-named counsel of record this 13th day of **January, 2006.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID H. STENMARK,**<br>**Plaintiff**<br><br>**v.**<br><br>**BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,**<br>**Defendants** | : | **C.A. No. 05-312 ML** |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES**

## I. Introduction

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the **Plaintiff** requests that you produce the following documents and things for inspection and copying at the offices of **SINAPI, FORMISANO & COMAPANY, LTD.**, 100 Midway Place, Suite 1, Cranston, Rhode Island 02920-5707, on or before thirty (30) days following service of the within Request for Production.

## II. Definitions

For the purpose of this Request for Production of Documents and responses thereto, the following definitions shall apply:

A. "Document" is to be construed in its broadest sense under Rules of Civil Procedure 33, 34 and 45, including without limitation, all pictures, photographs, videotapes, drafts, maps, diagrams, sketches, tape recordings, statements (whether signed or unsigned), interviews, reports, correspondence, notices, letters, e-mails, text messages, invoices, bills, memoranda, orders, directives, regulations, summaries, transcripts, books, manuals, brochures, or drafts, copies or other preliminary material which are different in any way from the executed or final document, and any paper or other writing, data, or information whatsoever, whether stored in tangible, electronic, mechanical or digital form or representation of any kind (including (i) materials on or in computer

JAN 17 2006

tapes, disks, hard drives, and/or memory and (ii) backup copies and "deleted" files on a computer or computer storage device or media) whether located on-site or off-site.

B. "Relating to" means containing, embodying, referring to, or in anyway pertaining or relating to the substance of the particular matter being inquired of.

C. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, or office, or any other form of legal entity.

D. "You" and "your" shall mean the plural as well as the singular and is defined as meaning the individual or entity which is the subject of this request, or any person or entity acting under such individual's or entity's direction or control.

E. "Communication," unless otherwise modified, means verbal and electronic communication and communication by document.

F. For any requested document or thing as to which any claim of privilege is made or as to which any claim of protection from discovery is made, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable Plaintiff to form a judgment as to the basis and validity of the claimed privilege.

## III. Documents Requested

1. All documents relating to Plaintiff's employment with Defendant Bank of America Corporation, as successor and assignee of FleetBoston Financial Corporation (hereinafter "BOA" or "Defendant"), including, but not limited to, his entire personnel file, salary and wage records, W-2 forms, benefit records and retirement benefit records.

2. All documents relating to Plaintiff's employment with FleetBoston Financial Corporation (hereinafter "Fleet" or "Defendant"), including, but not limited to, his entire personnel file, salary and wage records, W-2 forms, benefit records and retirement benefit records.

3. Copies of job descriptions of all positions held by the Plaintiff during his employment with Defendant BOA and/or Fleet, including Plaintiff's position as Senior Project Manager and Regional Planner in the Fleet Global Workplace, and include in your response:

   a. the employment experience and skill set required for each position;
   b. the work schedule, including days and hours, relative to each position;
   c. a description of the daily tasks of each position; and,
   d. whether the position involves managerial/supervisory duties.

4. Copies of job descriptions of all positions held by the Plaintiff during his employment with Trammell Crow Company, including Plaintiff's position as Project Manager, and include in your response:

a. the employment experience and skill set required for each position;
b. the work schedule, including days and hours, relative to each position;
c. a description of the daily tasks of each position; and,
d. whether the position involves managerial/supervisory duties.

5. Documents describing any change in job grade, classification, or duties of the Plaintiff during his employment with the Defendant BOA and/or Fleet.

6. All documents relating to or reflecting any communications between any of the Defendants' employees and/or management and any past or present employees regarding the Plaintiff's job performance.

7. All employee manuals and policies of Defendant BOA and/or Fleet in effect from 2000 to the present, including, but not limited to, personnel manuals, benefits manuals and salary schedules. Please include all documents reflecting Defendant BOA's and/or Fleet s' policies regarding hiring, discipline, termination, salary increases, bonuses, curriculum, and promotions.

8. A copy of the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries ("Plan") as it existed in March, 2000, and any amendments, modifications, interpretations relative thereto, or any plan superceding or replacing the same.

9. A copy of the Plan as it existed in March, 2001, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

10. A copy of the Plan as it existed in March, 2002, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

11. A copy of the Plan as it existed in March, 2003, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

12. A copy of the Plan as it existed on April 1, 2004, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

13. A copy of the Plan as it existed on June 2, 2004, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

14. A copy of any summary, explanation, or description of the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, as set forth on the **Defendant's intranet** any time between 2000 and June 2, 2004.

15. A copy of any documents filed with any governmental agency regarding the existence of or any modification or amendment to the Plan, or any plan superceding or replacing the same, as required pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461 ("ERISA"), including, *inter alia*, 29 U.S.C. §1024(a)(1)(D), **or otherwise.**

16. A copy of any Summary Plan description regarding the Plan, or any plan superceding or replacing the same, furnished by the Defendants between March 2000 and June 2, 2004, as required pursuant to the ERISA, including, *inter alia*, 29 U.S.C. §1024(b), **or otherwise.**

17. Copies of any appeals or complaints filed by any Defendant BOA and/or Fleet employee relative to the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, between 2000 and the present, including, but not limited to, formal and informal complaints filed internally or administratively with any Defendant and complaints filed with any federal, state or local court or governmental agency, **regarding:** a) the denial of severance pay or separation benefits under the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, b) the alleged failure or refusal to furnish any amendments, modifications, or interpretations relative to the Plan, or any plan superceding or replacing the same, within the time frame and as required by ERISA, in violation of, *inter alia*, 29 U.S.C. §1024(b)(1), **or otherwise**, c). the alleged failure or refusal to automatically furnish a Summary Plan Description and other required information in violation of 29 U.S.C. §§1021-1031, **or otherwise**, and d) the alleged failure or refusal to furnish a Summary Plan Description and other information after receiving a written request for the same in violation of, *inter alia*, 29 U.S.C. §1132(c), **or otherwise.**

18. All documents submitted by Defendant in response to Plaintiff's e-mail request, in April, 2004, for information relative to his retirement package, the Plan, and other ERISA related material as alleged in paragraph §51 of Plaintiff's Complaint.

19. All documents submitted by Defendant in response to a written request by Plaintiff's attorney, dated August 24, 2004, for information relative to Plaintiff's retirement package, the Plan, and other ERISA related material as alleged in paragraph §53 of Plaintiff's Complaint.

20. Any complaints concerning the work performance and/or conduct of the Plaintiff and any warning notices issued to the Plaintiff about these complaints.

21. All investigative reports or other documents prepared by any Defendant or others on their behalves relative to the material facts and claims alleged in Plaintiff's Complaint at issue, whether or not contained in the Plaintiffs personnel file.

22. All documents relating to or reflecting the application or interpretation of the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, relative to the eligibility for benefits thereunder for terminated employees in the Facilities division of the Defendants in 2000, who were offered and/or accepted an outsourced job as alleged in ¶¶12-13 of Plaintiff's Complaint.

23. All documents relating to or reflecting the application or interpretation of the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, relative to the eligibility for benefits thereunder of any terminated

employees of Defendants as of and subsequent to 2000, who were offered and/or accepted an outsourced job.

24. All documents relating to or reflecting any communications between any of the Defendants and Plaintiff regarding the existence of and/or necessity or requirement that the Plaintiff accept an outsource job offered by Trammel Crowe Company in May 2004 or face termination without any severance as alleged in ¶¶19-21 of Plaintiff's Complaint.

25. All documents relating to or reflecting any communications between any of the Defendants regarding the material facts and/or claims alleged in Plaintiff's Complaint.

26. All documents relating to or reflecting any communications between any of the Defendants and the Plaintiff regarding the material facts and/or claims alleged in Plaintiff's Complaint.

27. All documents relating to or reflecting any communications between the Defendants or to Defendants' employees on and subsequent to 2000, wherein any representations, promises, inducements and/or disclosures were made relative to the severance benefits which would be available to terminated employees upon any subsequent acquisitions/mergers of Defendant Fleet.

28. All statements in the possession of or taken by any employee, representative, or agent of any Defendant from any witness to or relating to the material facts and/or claims alleged in Plaintiff's Complaint.

29. All documents pertaining to any meetings, discussions, encounters, conversations, or communications, whether private or public, that Defendants had regarding the Plaintiff at any time during his employment with Defendant BOA and/or Fleet relating to the material facts and/or claims alleged in Plaintiff's Complaint.

30. On and subsequent to 2000, all documents relating to any guidelines, requirement, criteria, level of priority, and/or obligation placed upon any out-source provider by Defendants relative to offering employment to and/or hiring terminated employees of the Defendant.

31. The *curriculum vitae* or resume of each expert identified by you in your answers to Plaintiffs Interrogatories.

32. Copies of any and all applicable insurance policies insuring Defendant against liability for any claims alleged in Plaintiff's Complaint.

33. Copies of any and all reports rendered by experts who have been consulted and/or retained by Defendant relative to the material facts and/or clams alleged in Plaintiff's Complaint, or any defenses thereto.

34. Produce copies of all documents that relate to the material allegations and/or claims set forth in the Plaintiffs Complaint not previously requested or produced herein.

35. Produce copies of any and all documents that relate to any defenses of Defendant to the claims alleged in Plaintiff's Complaint not previously requested or produced herein.

Plaintiff,
**David H. Stenmark,**
By his attorneys,
**Sinapi, Formisano & Company, Ltd.**

**Dated: January 13, 2006**

**Richard A. Sinapi, Esq. (#2977)**

**Michael D. Pushee (#6948)**
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

**TO: Mark A. Pogue, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within was mailed, postage prepaid, to the above-named counsel of record this 13th day of **January, 2006.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **DAVID H. STENMARK,**<br>**Plaintiff**<br><br>**v.**<br><br>**BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,**<br>**Defendants** | : | **C.A. No. 05-312 ML** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are hereby requested to respond to the within interrogatories which are to be delivered to **SINAPI, FORMISANO & COMPANY, LTD.**, 100 Midway Place, Suite 1, Cranston, Rhode Island 02920-5707, on or before thirty (30) days following service of the within interrogatories.

In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys, their investigators, and all other persons acting in your behalf, and not merely such information known of your personal knowledge. Each interrogatory, and each subsection of each interrogatory, is to be fully and separately answered. As to any interrogatory for which an exact, complete and entirely accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

These interrogatories shall be deemed to be continuing so as to require supplemental answers (if you obtain further information between the time the answers are served and any trial pertinent hearing) from time to time, but not later than ten (10) days prior to trial or hearing on the subject matter herein.

If any document (as hereinafter defined) is used by you in preparing your answers to these interrogatories, include as part of each answer for which such document was used (a) its date, (b) its author or originator, (c) title, (d) subject matter, (e) any other characteristics necessary to identify the document, and (f) the present location or custodian of the original and any non-identical copy.

JAN 17 2006

If the present location or custodian of the original or any non-identical copy if unknown, state the present location or custodian of any identical copy of such original or non-identical copy.

In answering these interrogatories, any document or communication required to be identified or described may, at your option, be produced for inspection and copying on the day these answers are due.

## II. Definitions

For the purpose of these interrogatories and answers thereto the following definitions shall apply:

A. "Document" is to be construed in its broadest sense under Rules of Civil Procedure 33, 34 and 45, including without limitation, all pictures, photographs, videotapes, drafts, maps, diagrams, sketches, tape recordings, statements (whether signed or unsigned), interviews, reports, correspondence, notices, letters, e-mails, text messages, invoices, bills, memoranda, orders, directives, regulations, summaries, transcripts, books, manuals, brochures, or drafts, copies or other preliminary material which are different in any way from the executed or final document, and any paper or other writing, data, or information whatsoever, whether stored in tangible, electronic, mechanical or digital form or representation of any kind (including (i) materials on or in computer tapes, disks, hard drives, and/or memory and (ii) backup copies and "deleted" files on a computer or computer storage device or media) whether located on-site or off-site.

B. "Relating to" means containing, embodying, referring to, or in any way pertaining or relating to the substance of the particular matter being inquired of.

C. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

D. "You" and "your" shall mean the plural as well as the singular and is defined as meaning the individual or entity which is the subject of this request, or any person or entity acting under such individual's or entity's direction or control or on your behalf.

E. "Communication," unless otherwise modified, means verbal and electronic communications and communication by document.

F. To "describe," "describe in detail," "state," or "state in detail" shall mean to relate as completely as possible each and every act, omission, termination, event, condition, circumstance, or thing directly or indirectly concerning the subject matter of the description, listing all pertinent dates, and, without limiting the foregoing, to identify all documents, persons, communications, locations directly or indirectly related thereto.

G. To "identify" shall mean to describe the name and address of the person, entity, or place to which is being referred.

H. For any requested interrogatory, document or thing as to which any claim of privilege is made or as to which any claim of protection from discovery is made, identify the privilege or Rule upon which you rely and set forth the facts upon which claim is based in sufficient detail to enable plaintiff to form a judgment as to the basis and validity of the claimed privilege.

## III. Interrogatories

1. Please state the name, address, date of birth, social security number, and employer of the individual responding to these interrogatories and that individual's relationship to the Defendant to which these interrogatories are directed, and any other Defendant in this matter.

2. Please identify each person who Defendant expects to call as an expert witness at the trial of this matter, and with respect to each such expert, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, give a thorough and explicit summary of the grounds for each opinion of the expert, state the educational background of each expert listed, give a summary of his or her professional experience and enumerate the professional societies and organizations of which he or she is presently a member, and sufficiently identify any reports or documents upon which such expert opinion is based so that they may be made the subject matter of a request for production of documents.

3. Please state the name of each person Defendant may call as a witness at trial, and with respect to each such witness, state the subject matter on which the individual is expected to testify, the substance of the facts the witness is expected to testify, and sufficiently identify any reports or documents upon which such witness may refer while testifying so that they may be made the subject matter of a request for production of documents.

4. Please state the name and address of every person whom Defendant knows or believes to have any information relating to the material allegations and/or claims alleged in the Plaintiff's Complaint, and/or any defenses thereto asserted by any Defendant to this action, including, but not limited to, any witness to or participants in the incidents at issue or with knowledge of the allegations at issue or participants in the incidents at issue, and for each such person state the substance of the information you believe the person to have and the source of the person's information.

5. Please describe in detail the substance of any communications that any employee and/or agent of Defendant had with Plaintiff or any other person relating in any way to the material allegations and/or claims alleged in Plaintiff's Complaint, and for each such communication, kindly provide the approximate date, time, place, form and substance of the communication and identify all persons present or who have knowledge of the communication.

6. Please describe all relevant facts concerning Plaintiff's employment with FleetBoston Financial Corporation, including, but not limited to, the following:

a. the date of hire, job title(s), description of the job duties and responsibilities for each position of employment held, date(s) of appointment to each position, salary and benefits;
b. the employment experience and skill set required for each position;
c. the work schedule, including days and hours, relative to each position;
d. a description of the daily tasks of each position;
e. whether the position involves managerial/supervisory duties;
f. the date of any layoff, termination, and/or leave of absence and the reasons for each layoff, termination, and/or leave of absence. Please include in your response the identity of any individuals who participated in the decision to layoff, terminate, and/or grant a leave of absence to the Plaintiff; and,
g. the date of any adverse employment action taken against the Plaintiff including any warning, suspension, demotion and the reason for each such action. Please include in your response the name and title of the person who disciplined or terminated the Plaintiff, the date of each disciplinary action or termination, and a full and complete description of each action taken.

7. Please describe all relevant facts concerning Plaintiff's employment with Defendant Bank of America Corporation, as successor and assignee of FleetBoston Financial Corporation, specifically relating to Plaintiff's former position as Senior Project Manager and Regional Planner in the Fleet Global Workplace ("Senior Project Manager"), and include in your response the following:

a. the date of hire, job title(s), description of the job duties and responsibilities for each position of employment held, date(s) of appointment to each position, salary and benefits;
b. the employment experience and skill set required for each position;
c. the work schedule, including days and hours, relative to each position;
d. a description of the daily tasks of each position;
e. whether the position involves managerial/supervisory duties;
f. the date of any layoff, termination, and/or leave of absence and the reasons for each layoff, termination, and/or leave of absence. Please include in your response the identity of any individuals who participated in the decision to layoff, terminate, and/or grant a leave of absence to the Plaintiff; and,
g. the date of any adverse employment action taken against the Plaintiff including any warning, suspension, demotion and the reason for each such action. Please include in your response the name and title of the person who disciplined or terminated the Plaintiff, the date of each disciplinary action or termination, and a full and complete description of each action taken.

8. Please describe all relevant facts concerning Plaintiff's employment with Trammell Crow Company, and include in your response the following:

a. the date of hire, job title(s), description of the job duties and responsibilities for each position of employment held, date(s) of appointment to each position, salary and benefits;
b. the employment experience and skill set required for each position;

c. the work schedule, including days and hours, relative to each position;
d. a description of the daily tasks of each position;
e. whether the position involves managerial/supervisory duties;
f. the date of any layoff, termination, and/or leave of absence and the reasons for each layoff, termination, and/or leave of absence. Please include in your response the identity of any individuals who participated in the decision to layoff, terminate, and/or grant a leave of absence to the Plaintiff; and,
g. the date of any adverse employment action taken against the Plaintiff including any warning, suspension, demotion and the reason for each such action. Please include in your response the name and title of the person who disciplined or terminated the Plaintiff, the date of each disciplinary action or termination, and a full and complete description of each action taken.

9. Please describe in detail the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries ("Plan") in effect as of March, 2000, and include in your answer:

a. a detailed description of any amendments made to the Plan;
b. the purpose of such amendments;
c. the dates of such amendments;
d. whether the amendments to the Plan were filed with the Internal Revenue Service or other applicable governmental authorities and the dates of such filings;
e. whether the amendments to the Plan were published and/or disseminated to the Plan's beneficiaries, and, if so, the method by which and date or dates on which the amendments were published and/or disseminated;
f. whether the amendments to the Plan were posted on Defendant's intranet, and, if so, the date or dates of such posting(s).

10. Please state whether the Plan was ever superceded or replaced by another ERISA plan ("new plan") between March of 2000 and June 2, 2004, and, if so, describe the same in detail, and include in your answer:

a. a detailed description of how it differed, if at all, from the Plan;
b. the reason(s) for promulgating and implementing the new plan;
c. the dates during which the new plan was in effect;
d. whether the new plan was filed with the Internal Revenue Service or other applicable governmental authorities and the date(s) of such filings;
e. whether the new plan was published and/or disseminated to the Defendants' employees, and, if so, the method by which and date or dates on which the amendments were published and/or disseminated; and,
f. whether the new plan was posted on Defendant's intranet, and, if so, the date or dates of such posting(s).

11. Please state whether, from 2000 to the present, Defendants granted severance benefits to any terminated employee who had his/her job duties out-sourced to another employer, but was offered and accepted employment with an out-source provider, and, if so, include the following in your answer:

a. the name and address of such employee;
b. the position and title held by such employee within Defendant;
c. the name and address of the out-source provider;
d. the date such employee was terminated by Defendant and the date hired by the out-source provider;
e. whether and why the position with the out-source provider was or was not comparable, within the meaning of the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same in effect at the time, to the employee's position with Defendant; and,
f. a detailed description of the severance benefits provided to such employee.

12. Describe in detail Defendants' reason, basis, and purpose for inserting the parenthetical phrase "e.g., sale of business, outsourcing, joint venture" at the end of one of the severance benefit exclusions in the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, as alleged in ¶¶24-27 of Plaintiff's Complaint, and include in your answer:

a. the date said phrase was added to the exclusionary provision;
b. describe any communications and/or meetings, including dates, between Defendants and/or among their employees and/or agents relative to the timing and/or purpose of adding said phrase; and,
c. the name, address, and title of the person who conceived the idea of adding said phrase to the exclusionary provision.

13. Described in detail the form, date and substance of any communications between the Defendants or to Defendants' employees on and subsequent to 2000, wherein any representations, promises, inducements and/or disclosures were made relative to the severance benefits which would be available to terminated employees upon any and all subsequent acquisitions/mergers of Defendant.

14. Describe in detail the reason Plaintiff was denied severance benefits by Defendants, and the value and nature of all such benefits which Plaintiff would have received had Defendants granted his application for severance benefits.

15. Describe in detail the value and nature of all ERISA or other benefits to which Plaintiff would have been entitled to receive from Defendants had he retired as an employee of Defendant prior to his termination and/or prior to acceptance of employment with Trammel Crowe Company or had he otherwise requested or demanded the same prior thereto, and describe whether Plaintiff remains eligible for any such benefits, or whether any such benefits were forfeited by the failure to retire as an employee of Defendant or the failure to request or demand the same prior thereto.

16. On and subsequent to 2000, describe in detail any guidelines, requirement, criteria, level of priority, and/or obligation placed upon any out-source provider by Defendants relative to offering employment to and/or hiring terminated Defendant employees, and state whether an

out-source provider was required to hire terminated employees of Defendants as a condition of an award of a contract for out-source services.

17. Please list the dates upon which the Plaintiff and/or his attorney requested information from Defendant relative to the Plan or other benefit plans within the meaning of and subject to the requirement of Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461 ("ERISA").

18. Please describe Defendant's response to any and all requests as stated in the preceding paragraph, and, include in the answer, the exact date each such response was sent to the Plaintiff and/or Plaintiff's attorney with respect to each request made.

19. Please state whether anyone has asserted a claim against Defendants relative to the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, between 2000 and the present, including, but not limited to, formal and informal complaints filed internally or administratively with any Defendant and complaints filed with any federal, state or local court or governmental agency, **regarding:** a) the denial of severance pay or separation benefits under the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, b) the alleged failure or refusal to furnish any amendments, modifications, or interpretations relative to the Plan, or any plan superceding or replacing the same, within the time frame and as required by ERISA, in violation of, *inter alia*, 29 U.S.C. §1024(b)(1), **or otherwise**, c). the alleged failure or refusal to automatically furnish a Summary Plan Description and other required information in violation of, *inter alia*, 29 U.S.C. §§1021-1031, **or otherwise**, and d) the alleged failure or refusal to furnish a Summary Plan Description and other information after receiving a written request for the same in violation of 29 U.S.C. §1132(c), **or otherwise**, and for each such complaint state i) the name and address of the party asserting the claim, ii) the title of the action, iii) the forum where said action was filed, and iv) the date said action was initiated.

20. Please describe in detail all facts within your knowledge to support Defendant's ***denial*** that it violated ERISA by:

a. Denying Plaintiff severance pay or separation benefits under the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same;
b. Failure or refusal to furnish to Plaintiff any amendments, modifications, or interpretations relative to the Plan, or any plan superceding or replacing the same, within the time frame and as required by ERISA, in violation of, *inter alia*, 29 U.S.C. §1024(b)(1), **or otherwise**;
c. Failure or refusal to automatically furnish to Plaintiff a Summary Plan Description and other required information in violation of, *inter alia*, 29 U.S.C. §§1021-1031, **or otherwise**;
d. Failure or refusal to furnish to Plaintiff a Summary Plan Description and other information after receiving a written request for the same in violation of, *inter alia*, 29 U.S.C. §1132(c), **or otherwise**; and,

e. Failure to file an amended or modified Plan with the Internal Revenue Service or other applicable governmental agency within the time frame and as required by ERISA in violation of, *inter alia*, 29 U.S.C. §1024(a)(1)(D), **or otherwise.**

21. On and subsequent to 2000, describe any and all entities which employed the Defendant Mauro A. Cieri, ***and for each such employer***, describe in detail his job title, duties, compensation, and physical location of employment with each said employer, and the entity responsible for payment of the means of any said employment, including equipment, office space, and other overhead related to any work performed by Defendant Cieri for any said employer.

22. On and subsequent to 2000, describe in detail each and every responsibility, function, determination, role, task or activity performed by Defendant with respect to the promulgation, implementation, funding, and/or operation of the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, including whether Defendant retained or exercised any responsibility relative to the dissemination of information relative thereto.

23. Describe in detail the business purpose or purposes for which Defendant established the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, as an employee benefit.

24. Please describe in detail any and all defenses alleged in Defendant's answer, including all facts or law which support such defenses, and for each identify any witnesses and/or documents supporting said defenses, and provide a brief summary of facts of which each such witnesses has knowledge relative to each such defense, if not provided in response to a previous interrogatory.

25. Describe each and every material fact, law, regulation, ordinance, standard, rule, policy, procedure, claim or defense or any other matter which is material and relevant to your defense of the claims alleged in Plaintiff's Complaint and not heretofore discussed or included in your answer to Plaintiff's Complaint or in other pleadings filed in this case.

Plaintiff,
**David H. Stenmark,**
By his attorneys,
**Sinapi, Formisano & Company, Ltd.**

**Dated: January 13, 2006**

**Richard A. Sinapi, Esq. (#2977)**

**Michael D. Pushee (#6948)**
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

**TO: Mark A. Pogue, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within was mailed, postage prepaid, to the above-named counsel of record this 13th day of **January, 2006.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **DAVID H. STENMARK,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **C.A. No. 05-312 ML** |
| | : | |
| **BANK OF AMERICA CORPORATION,** | : | |
| **as successor and assignee of** | : | |
| **FLEETBOSTON FINANCIAL** | : | |
| **CORPORATION, SEPARATION PAY** | : | |
| **AND BENEFITS PLAN OF** | : | |
| **FLEETBOSTON FINANCIAL** | : | |
| **CORPORATION AND** | : | |
| **PARTICIPATING SUBSIDIARIES, and** | : | |
| **MAURO A. CIERI, in his capacity as** | : | |
| **Plan Administrator,** | : | |
| **Defendants** | : | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT MAURO A. CIERI**

## I. Introduction

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the **Plaintiff** requests that you produce the following documents and things for inspection and copying at the offices of **SINAPI, FORMISANO & COMAPANY, LTD.**, 100 Midway Place, Suite 1, Cranston, Rhode Island 02920-5707, on or before thirty (30) days following service of the within Request for Production.

## II. Definitions

For the purpose of this Request for Production of Documents and responses thereto, the following definitions shall apply:

A. "Document" is to be construed in its broadest sense under Rules of Civil Procedure 33, 34 and 45, including without limitation, all pictures, photographs, videotapes, drafts, maps, diagrams, sketches, tape recordings, statements (whether signed or unsigned), interviews, reports, correspondence, notices, letters, e-mails, text messages, invoices, bills, memoranda, orders, directives, regulations, summaries, transcripts, books, manuals, brochures, or drafts, copies or other preliminary material which are different in any way from the executed or final document, and any paper or other writing, data, or information whatsoever, whether stored in tangible, electronic, mechanical or digital form or representation of any kind (including (i) materials on or in computer tapes, disks, hard drives, and/or memory and (ii) backup copies and "deleted" files on a computer or computer storage device or media) whether located on-site or off-site.

JAN 17 2006

B. "Relating to" means containing, embodying, referring to, or in anyway pertaining or relating to the substance of the particular matter being inquired of.

C. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, or office, or any other form of legal entity.

D. "You" and "your" shall mean the plural as well as the singular and is defined as meaning the individual or entity which is the subject of this request, or any person or entity acting under such individual's or entity's direction or control.

E. "Communication," unless otherwise modified, means verbal and electronic communication and communication by document.

F. For any requested document or thing as to which any claim of privilege is made or as to which any claim of protection from discovery is made, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable Plaintiff to form a judgment as to the basis and validity of the claimed privilege.

## III. <u>Documents Requested</u>

1. All documents relating to Plaintiff's employment with Defendant Bank of America Corporation, as successor and assignee of FleetBoston Financial Corporation (hereinafter "BOA" or "Defendant"), including, but not limited to, his entire personnel file, salary and wage records, W-2 forms, benefit records and retirement benefit records.

2. All documents relating to Plaintiff's employment with FleetBoston Financial Corporation (hereinafter "Fleet" or "Defendant"), including, but not limited to, his entire personnel file, salary and wage records, W-2 forms, benefit records and retirement benefit records.

3. Copies of job descriptions of all positions held by the Plaintiff during his employment with Defendant BOA and/or Fleet, including Plaintiff's position as Senior Project Manager and Regional Planner in the Fleet Global Workplace, and include in your response:

   a. the employment experience and skill set required for each position;
   b. the work schedule, including days and hours, relative to each position;
   c. a description of the daily tasks of each position; and,
   d. whether the position involves managerial/supervisory duties.

4. Copies of job descriptions of all positions held by the Plaintiff during his employment with Trammell Crow Company, including Plaintiff's position as Project Manager, and include in your response:

   a. the employment experience and skill set required for each position;
   b. the work schedule, including days and hours, relative to each position;
   c. a description of the daily tasks of each position; and,

d. whether the position involves managerial/supervisory duties.

5. Documents describing any change in job grade, classification, or duties of the Plaintiff during his employment with the Defendant BOA and/or Fleet.

6. All documents relating to or reflecting any communications between any of the Defendants' employees and/or management and any past or present employees regarding the Plaintiff's job performance.

7. All employee manuals and policies of Defendant BOA and/or Fleet in effect from 2000 to the present, including, but not limited to, personnel manuals, benefits manuals and salary schedules. Please include all documents reflecting Defendant BOA's and/or Fleet s' policies regarding hiring, discipline, termination, salary increases, bonuses, curriculum, and promotions.

8. A copy of the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries ("Plan") as it existed in March, 2000, and any amendments, modifications, interpretations relative thereto, or any plan superceding or replacing the same.

9. A copy of the Plan as it existed in March, 2001, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

10. A copy of the Plan as it existed in March, 2002, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

11. A copy of the Plan as it existed in March, 2003, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

12. A copy of the Plan as it existed on April 1, 2004, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

13. A copy of the Plan as it existed on June 2, 2004, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same.

14. A copy of any summary, explanation, or description of the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, as set forth on the **Defendant's intranet** any time between 2000 and June 2, 2004.

15. A copy of any documents filed with any governmental agency regarding the existence of or any modification or amendment to the Plan, or any plan superceding or replacing the same, as required pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461 ("ERISA"), including, *inter alia*, 29 U.S.C. §1024(a)(1)(D), **or otherwise.**

16. A copy of any Summary Plan description regarding the Plan, or any plan superceding or replacing the same, furnished by the Defendants between March 2000 and June 2, 2004, as required pursuant to the ERISA, including, *inter alia*, 29 U.S.C. §1024(b), **or otherwise.**

17. Copies of any appeals or complaints filed by any Defendant BOA and/or Fleet employee relative to the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, between 2000 and the present, including, but not limited to, formal and informal complaints filed internally or administratively with any Defendant and complaints filed with any federal, state or local court or governmental agency, **regarding:** a) the denial of severance pay or separation benefits under the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, b) the alleged failure or refusal to furnish any amendments, modifications, or interpretations relative to the Plan, or any plan superceding or replacing the same, within the time frame and as required by ERISA, in violation of, *inter alia*, 29 U.S.C. §1024(b)(1), **or otherwise**, c). the alleged failure or refusal to automatically furnish a Summary Plan Description and other required information in violation of 29 U.S.C. §§1021-1031, **or otherwise**, and d) the alleged failure or refusal to furnish a Summary Plan Description and other information after receiving a written request for the same in violation of, *inter alia*, 29 U.S.C. §1132(c), **or otherwise**.

18. All documents submitted by Defendant in response to Plaintiff's e-mail request, in April, 2004, for information relative to his retirement package, the Plan, and other ERISA related material as alleged in paragraph §51 of Plaintiff's Complaint.

19. All documents submitted by Defendant in response to a written request by Plaintiff's attorney, dated August 24, 2004, for information relative to Plaintiff's retirement package, the Plan, and other ERISA related material as alleged in paragraph §53 of Plaintiff's Complaint.

20. Any complaints concerning the work performance and/or conduct of the Plaintiff and any warning notices issued to the Plaintiff about these complaints.

21. All investigative reports or other documents prepared by any Defendant or others on their behalves relative to the material facts and claims alleged in Plaintiff's Complaint at issue, whether or not contained in the Plaintiffs personnel file.

22. All documents relating to or reflecting the application or interpretation of the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, relative to the eligibility for benefits thereunder for terminated employees in the Facilities division of the Defendants in 2000, who were offered and/or accepted an outsourced job as alleged in ¶¶12-13 of Plaintiff's Complaint.

23. All documents relating to or reflecting the application or interpretation of the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, relative to the eligibility for benefits thereunder of any terminated

employees of Defendants as of and subsequent to 2000, who were offered and/or accepted an outsourced job.

24. All documents relating to or reflecting any communications between any of the Defendants and Plaintiff regarding the existence of and/or necessity or requirement that the Plaintiff accept an outsource job offered by Trammel Crowe Company in May 2004 or face termination without any severance as alleged in ¶¶19-21 of Plaintiff's Complaint.

25. All documents relating to or reflecting any communications between any of the Defendants regarding the material facts and/or claims alleged in Plaintiff's Complaint.

26. All documents relating to or reflecting any communications between any of the Defendants and the Plaintiff regarding the material facts and/or claims alleged in Plaintiff's Complaint.

27. All documents relating to or reflecting any communications between the Defendants or to Defendants' employees on and subsequent to 2000, wherein any representations, promises, inducements and/or disclosures were made relative to the severance benefits which would be available to terminated employees upon any subsequent acquisitions/mergers of Defendant Fleet.

28. All statements in the possession of or taken by any employee, representative, or agent of any Defendant from any witness to or relating to the material facts and/or claims alleged in Plaintiff's Complaint.

29. All documents pertaining to any meetings, discussions, encounters, conversations, or communications, whether private or public, that Defendants had regarding the Plaintiff at any time during his employment with Defendant BOA and/or Fleet relating to the material facts and/or claims alleged in Plaintiff's Complaint.

30. On and subsequent to 2000, all documents relating to any guidelines, requirement, criteria, level of priority, and/or obligation placed upon any out-source provider by Defendants relative to offering employment to and/or hiring terminated employees of the Defendant.

31. The *curriculum vitae* or resume of each expert identified by you in your answers to Plaintiff's Interrogatories.

32. Copies of any and all applicable insurance policies insuring Defendant against liability for any claims alleged in Plaintiff's Complaint.

33. Copies of any and all reports rendered by experts who have been consulted and/or retained by Defendant relative to the material facts and/or clams alleged in Plaintiff's Complaint, or any defenses thereto.

34. Produce copies of all documents that relate to the material allegations and/or claims set forth in the Plaintiff's Complaint not previously requested or produced herein.

35. Produce copies of any and all documents that relate to any defenses of Defendant to the claims alleged in Plaintiff's Complaint not previously requested or produced herein.

Plaintiff,
**David H. Stenmark,**
By his attorneys,
**Sinapi, Formisano & Company, Ltd.**

**Dated: January 13, 2006**

**Richard A. Sinapi, Esq. (#2977)**

**Michael D. Pushee (#6948)**
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

**TO: Mark A. Pogue, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within was mailed, postage prepaid, to the above-named counsel of record this 13th day of **January, 2006.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID H. STENMARK,**<br>**Plaintiff** | : | |
| **v.** | : | **C.A. No. 05-312 ML** |
| **BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,**<br>**Defendants** | : | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT MAURO A. CIERI**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are hereby requested to respond to the within interrogatories which are to be delivered to **SINAPI, FORMISANO & COMPANY, LTD.**, 100 Midway Place, Suite 1, Cranston, Rhode Island 02920-5707, on or before thirty (30) days following service of the within interrogatories.

In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys, their investigators, and all other persons acting in your behalf, and not merely such information known of your personal knowledge. Each interrogatory, and each subsection of each interrogatory, is to be fully and separately answered. As to any interrogatory for which an exact, complete and entirely accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

These interrogatories shall be deemed to be continuing so as to require supplemental answers (if you obtain further information between the time the answers are served and any trial pertinent hearing) from time to time, but not later than ten (10) days prior to trial or hearing on the subject matter herein.

If any document (as hereinafter defined) is used by you in preparing your answers to these interrogatories, include as part of each answer for which such document was used (a) its date, (b) its author or originator, (c) title, (d) subject matter, (e) any other characteristics necessary to identify the document, and (f) the present location or custodian of the original and any non-identical copy.

If the present location or custodian of the original or any non-identical copy if unknown, state the present location or custodian of any identical copy of such original or non-identical copy.

In answering these interrogatories, any document or communication required to be identified or described may, at your option, be produced for inspection and copying on the day these answers are due.

## II. Definitions

For the purpose of these interrogatories and answers thereto the following definitions shall apply:

A. "Document" is to be construed in its broadest sense under Rules of Civil Procedure 33, 34 and 45, including without limitation, all pictures, photographs, videotapes, drafts, maps, diagrams, sketches, tape recordings, statements (whether signed or unsigned), interviews, reports, correspondence, notices, letters, e-mails, text messages, invoices, bills, memoranda, orders, directives, regulations, summaries, transcripts, books, manuals, brochures, or drafts, copies or other preliminary material which are different in any way from the executed or final document, and any paper or other writing, data, or information whatsoever, whether stored in tangible, electronic, mechanical or digital form or representation of any kind (including (i) materials on or in computer tapes, disks, hard drives, and/or memory and (ii) backup copies and "deleted" files on a computer or computer storage device or media) whether located on-site or off-site.

B. "Relating to" means containing, embodying, referring to, or in any way pertaining or relating to the substance of the particular matter being inquired of.

C. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

D. "You" and "your" shall mean the plural as well as the singular and is defined as meaning the individual or entity which is the subject of this request, or any person or entity acting under such individual's or entity's direction or control or on your behalf.

E. "Communication," unless otherwise modified, means verbal and electronic communications and communication by document.

F. To "describe," "describe in detail," "state," or "state in detail" shall mean to relate as completely as possible each and every act, omission, termination, event, condition, circumstance, or thing directly or indirectly concerning the subject matter of the description, listing all pertinent dates, and, without limiting the foregoing, to identify all documents, persons, communications, locations directly or indirectly related thereto.

G. To "identify" shall mean to describe the name and address of the person, entity, or place to which is being referred.

H. For any requested interrogatory, document or thing as to which any claim of privilege is made or as to which any claim of protection from discovery is made, identify the privilege or Rule upon which you rely and set forth the facts upon which claim is based in sufficient detail to enable plaintiff to form a judgment as to the basis and validity of the claimed privilege.

## III. Interrogatories

1. Please state the name, address, date of birth, social security number, and employer of the individual responding to these interrogatories and that individual's relationship to the Defendant to which these interrogatories are directed, and any other Defendant in this matter.

2. Please identify each person who Defendant expects to call as an expert witness at the trial of this matter, and with respect to each such expert, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, give a thorough and explicit summary of the grounds for each opinion of the expert, state the educational background of each expert listed, give a summary of his or her professional experience and enumerate the professional societies and organizations of which he or she is presently a member, and sufficiently identify any reports or documents upon which such expert opinion is based so that they may be made the subject matter of a request for production of documents.

3. Please state the name of each person Defendant may call as a witness at trial, and with respect to each such witness, state the subject matter on which the individual is expected to testify, the substance of the facts the witness is expected to testify, and sufficiently identify any reports or documents upon which such witness may refer while testifying so that they may be made the subject matter of a request for production of documents.

4. Please state the name and address of every person whom Defendant knows or believes to have any information relating to the material allegations and/or claims alleged in the Plaintiff's Complaint, and/or any defenses thereto asserted by any Defendant to this action, including, but not limited to, any witness to or participants in the incidents at issue or with knowledge of the allegations at issue or participants in the incidents at issue, and for each such person state the substance of the information you believe the person to have and the source of the person's information.

5. Please describe in detail the substance of any communications that any employee and/or agent of Defendant had with Plaintiff or any other person relating in any way to the material allegations and/or claims alleged in Plaintiff's Complaint, and for each such communication, kindly provide the approximate date, time, place, form and substance of the communication and identify all persons present or who have knowledge of the communication.

6. Please describe all relevant facts concerning Plaintiff's employment with FleetBoston Financial Corporation, including, but not limited to, the following:

a. the date of hire, job title(s), description of the job duties and responsibilities for each position of employment held, date(s) of appointment to each position, salary and benefits;
b. the employment experience and skill set required for each position;
c. the work schedule, including days and hours, relative to each position;
d. a description of the daily tasks of each position;
e. whether the position involves managerial/supervisory duties;
f. the date of any layoff, termination, and/or leave of absence and the reasons for each layoff, termination, and/or leave of absence. Please include in your response the identity of any individuals who participated in the decision to layoff, terminate, and/or grant a leave of absence to the Plaintiff; and,
g. the date of any adverse employment action taken against the Plaintiff including any warning, suspension, demotion and the reason for each such action. Please include in your response the name and title of the person who disciplined or terminated the Plaintiff, the date of each disciplinary action or termination, and a full and complete description of each action taken.

7. Please describe all relevant facts concerning Plaintiff's employment with Defendant Bank of America Corporation, as successor and assignee of FleetBoston Financial Corporation, specifically relating to Plaintiff's former position as Senior Project Manager and Regional Planner in the Fleet Global Workplace ("Senior Project Manager"), and include in your response the following:

a. the date of hire, job title(s), description of the job duties and responsibilities for each position of employment held, date(s) of appointment to each position, salary and benefits;
b. the employment experience and skill set required for each position;
c. the work schedule, including days and hours, relative to each position;
d. a description of the daily tasks of each position;
e. whether the position involves managerial/supervisory duties;
f. the date of any layoff, termination, and/or leave of absence and the reasons for each layoff, termination, and/or leave of absence. Please include in your response the identity of any individuals who participated in the decision to layoff, terminate, and/or grant a leave of absence to the Plaintiff; and,
g. the date of any adverse employment action taken against the Plaintiff including any warning, suspension, demotion and the reason for each such action. Please include in your response the name and title of the person who disciplined or terminated the Plaintiff, the date of each disciplinary action or termination, and a full and complete description of each action taken.

8. Please describe all relevant facts concerning Plaintiff's employment with Trammell Crow Company, and include in your response the following:

a. the date of hire, job title(s), description of the job duties and responsibilities for each position of employment held, date(s) of appointment to each position, salary and benefits;
b. the employment experience and skill set required for each position;

c. the work schedule, including days and hours, relative to each position;
d. a description of the daily tasks of each position;
e. whether the position involves managerial/supervisory duties;
f. the date of any layoff, termination, and/or leave of absence and the reasons for each layoff, termination, and/or leave of absence. Please include in your response the identity of any individuals who participated in the decision to layoff, terminate, and/or grant a leave of absence to the Plaintiff; and,
g. the date of any adverse employment action taken against the Plaintiff including any warning, suspension, demotion and the reason for each such action. Please include in your response the name and title of the person who disciplined or terminated the Plaintiff, the date of each disciplinary action or termination, and a full and complete description of each action taken.

9. Please describe in detail the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries ("Plan") in effect as of March, 2000, and include in your answer:

a. a detailed description of any amendments made to the Plan;
b. the purpose of such amendments;
c. the dates of such amendments;
d. whether the amendments to the Plan were filed with the Internal Revenue Service or other applicable governmental authorities and the dates of such filings;
e. whether the amendments to the Plan were published and/or disseminated to the Plan's beneficiaries, and, if so, the method by which and date or dates on which the amendments were published and/or disseminated;
f. whether the amendments to the Plan were posted on Defendant's intranet, and, if so, the date or dates of such posting(s).

10. Please state whether the Plan was ever superceded or replaced by another ERISA plan ("new plan") between March of 2000 and June 2, 2004, and, if so, describe the same in detail, and include in your answer:

a. a detailed description of how it differed, if at all, from the Plan;
b. the reason(s) for promulgating and implementing the new plan;
c. the dates during which the new plan was in effect;
d. whether the new plan was filed with the Internal Revenue Service or other applicable governmental authorities and the date(s) of such filings;
e. whether the new plan was published and/or disseminated to the Defendants' employees, and, if so, the method by which and date or dates on which the amendments were published and/or disseminated; and,
f. whether the new plan was posted on Defendant's intranet, and, if so, the date or dates of such posting(s).

11. Please state whether, from 2000 to the present, Defendants granted severance benefits to any terminated employee who had his/her job duties out-sourced to another employer, but was offered and accepted employment with an out-source provider, and, if so, include the following in your answer:

a. the name and address of such employee;
b. the position and title held by such employee within Defendant;
c. the name and address of the out-source provider;
d. the date such employee was terminated by Defendant and the date hired by the out-source provider;
e. whether and why the position with the out-source provider was or was not comparable, within the meaning of the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same in effect at the time, to the employee's position with Defendant; and,
f. a detailed description of the severance benefits provided to such employee.

12. Describe in detail Defendants' reason, basis, and purpose for inserting the parenthetical phrase "e.g., sale of business, outsourcing, joint venture" at the end of one of the severance benefit exclusions in the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, as alleged in ¶¶24-27 of Plaintiff's Complaint, and include in your answer:

a. the date said phrase was added to the exclusionary provision;
b. describe any communications and/or meetings, including dates, between Defendants and/or among their employees and/or agents relative to the timing and/or purpose of adding said phrase; and,
c. the name, address, and title of the person who conceived the idea of adding said phrase to the exclusionary provision.

13. Described in detail the form, date and substance of any communications between the Defendants or to Defendants' employees on and subsequent to 2000, wherein any representations, promises, inducements and/or disclosures were made relative to the severance benefits which would be available to terminated employees upon any and all subsequent acquisitions/mergers of Defendant.

14. Describe in detail the reason Plaintiff was denied severance benefits by Defendants, and the value and nature of all such benefits which Plaintiff would have received had Defendants granted his application for severance benefits.

15. Describe in detail the value and nature of all ERISA or other benefits to which Plaintiff would have been entitled to receive from Defendants had he retired as an employee of Defendant prior to his termination and/or prior to acceptance of employment with Trammel Crowe Company or had he otherwise requested or demanded the same prior thereto, and describe whether Plaintiff remains eligible for any such benefits, or whether any such benefits were forfeited by the failure to retire as an employee of Defendant or the failure to request or demand the same prior thereto.

16. On and subsequent to 2000, describe in detail any guidelines, requirement, criteria, level of priority, and/or obligation placed upon any out-source provider by Defendants relative to offering employment to and/or hiring terminated Defendant employees, and state whether an

out-source provider was required to hire terminated employees of Defendants as a condition of an award of a contract for out-source services.

17. Please list the dates upon which the Plaintiff and/or his attorney requested information from Defendant relative to the Plan or other benefit plans within the meaning of and subject to the requirement of Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461 ("ERISA").

18. Please describe Defendant's response to any and all requests as stated in the preceding paragraph, and, include in the answer, the exact date each such response was sent to the Plaintiff and/or Plaintiff's attorney with respect to each request made.

19. Please state whether anyone has asserted a claim against Defendants relative to the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, between 2000 and the present, including, but not limited to, formal and informal complaints filed internally or administratively with any Defendant and complaints filed with any federal, state or local court or governmental agency, **regarding:** a) the denial of severance pay or separation benefits under the Plan or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, b) the alleged failure or refusal to furnish any amendments, modifications, or interpretations relative to the Plan, or any plan superceding or replacing the same, within the time frame and as required by ERISA, in violation of, *inter alia*, 29 U.S.C. §1024(b)(1), **or otherwise**, c). the alleged failure or refusal to automatically furnish a Summary Plan Description and other required information in violation of, *inter alia*, 29 U.S.C. §§1021-1031, **or otherwise**, and d) the alleged failure or refusal to furnish a Summary Plan Description and other information after receiving a written request for the same in violation of 29 U.S.C. §1132(c), **or otherwise**, and for each such complaint state i) the name and address of the party asserting the claim, ii) the title of the action, iii) the forum where said action was filed, and iv) the date said action was initiated.

20. Please describe in detail all facts within your knowledge to support Defendant's ***denial*** that it violated ERISA by:

a. Denying Plaintiff severance pay or separation benefits under the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same;
b. Failure or refusal to furnish to Plaintiff any amendments, modifications, or interpretations relative to the Plan, or any plan superceding or replacing the same, within the time frame and as required by ERISA, in violation of, *inter alia*, 29 U.S.C. §1024(b)(1), **or otherwise**;
c. Failure or refusal to automatically furnish to Plaintiff a Summary Plan Description and other required information in violation of, *inter alia*, 29 U.S.C. §§1021-1031, **or otherwise**;
d. Failure or refusal to furnish to Plaintiff a Summary Plan Description and other information after receiving a written request for the same in violation of, *inter alia*, 29 U.S.C. §1132(c), **or otherwise**; and,

e. Failure to file an amended or modified Plan with the Internal Revenue Service or other applicable governmental agency within the time frame and as required by ERISA in violation of, *inter alia*, 29 U.S.C. §1024(a)(1)(D), **or otherwise.**

21. On and subsequent to 2000, describe any and all entities which employed the Defendant Mauro A. Cieri, ***and for each such employer***, describe in detail his job title, duties, compensation, and physical location of employment with each said employer, and the entity responsible for payment of the means of any said employment, including equipment, office space, and other overhead related to any work performed by Defendant Cieri for any said employer.

22. On and subsequent to 2000, describe in detail each and every responsibility, function, determination, role, task or activity performed by Defendant with respect to the promulgation, implementation, funding, and/or operation of the Plan, or any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, including whether Defendant retained or exercised any responsibility relative to the dissemination of information relative thereto.

23. Describe in detail the business purpose or purposes for which Defendant established the Plan, and any amendments, modifications, or interpretations relative thereto, or any plan superceding or replacing the same, as an employee benefit.

24. Please describe in detail any and all defenses alleged in Defendant's answer, including all facts or law which support such defenses, and for each identify any witnesses and/or documents supporting said defenses, and provide a brief summary of facts of which each such witnesses has knowledge relative to each such defense, if not provided in response to a previous interrogatory.

25. Describe each and every material fact, law, regulation, ordinance, standard, rule, policy, procedure, claim or defense or any other matter which is material and relevant to your defense of the claims alleged in Plaintiff's Complaint and not heretofore discussed or included in your answer to Plaintiff's Complaint or in other pleadings filed in this case.

Plaintiff,
**David H. Stenmark,**
By his attorneys,
**Sinapi, Formisano & Company, Ltd.**

**Dated: January 13, 2006**

**Richard A. Sinapi, Esq. (#2977)**

**Michael D. Pushee (#6948)**
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

**TO: Mark A. Pogue, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within was mailed, postage prepaid, to the above-named counsel of record this 13th day of **January, 2006.**