UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID H. STENMARK,<br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,<br>Defendants. | : | C.A. No. 05-312ML |

**DEFENDANT'S MOTION DISMISS COUNTS V AND VI OF THE COMPLAINT**

Pursuant to F.R. Civ. P. 12(b)(6), defendants Bank of America, N.A. (improperly named in the Complaint as "Bank of America Corporation," and hereinafter referenced as "BAC"), the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated (improperly named in the Complaint as "Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries," and hereinafter referenced as the "Plan") and Mauro A. Cieri ("Cieri") hereby move to dismiss Counts V and VI of the Complaint.

In support of this motion, the Court is referred to the accompany memorandum.

BANK OF AMERICA, N.A.,
SEPARATION PAY AND BENEFITS
PLAN OF FLEETBOSTON FINANCIAL
CORPORATION AND PARTICIPATING
SUBSIDIARIES AS AMENDED AND
RESTATED, and MAURO A. CIERI

By their Attorneys,

Mark A. Pogue (#3341)
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

Dated: March 9, 2006

**CERTIFICATE OF SERVICE**

I hereby that on the 9th day of March 2006, I caused a true copy of the within Motion To Dismiss Counts V and VI of The Complaint to be mailed to the following:

Richard A. Sinapi, Esquire
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID H. STENMARK,<br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,<br>Defendants. | : | C.A. No. 05-312ML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS FIVE AND SIX OF THE COMPLAINT**

Defendants Bank of America, N.A., (improperly named in the Complaint as "Bank of America Corporation," and hereinafter referenced as "BAC"), the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries as Amended and Restated (improperly named in the Complaint as "Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries," and hereinafter referenced as the "Plan") and Mauro A. Cieri (collectively, "Defendants") submit this memorandum in support of their motion to dismiss Counts V and VI of the Complaint. As shown below, the Employees Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA") preempts these Counts because they contain state law-based courses of action arising from an ERISA-covered plan. Counts V and VI should therefore be dismissed.

# I. FACTUAL BACKGROUND

## A. Plaintiff's Employment History

Before his Senior Project Manager position was eliminated on June 1, 2004, Plaintiff was employed by FleetBoston Financial Corporation ("Fleet") and/or its predecessors. See Complaint at ¶¶ 9-10. At the conclusion of his employment with Fleet, Plaintiff began working as a Project Manager with Trammell Crow Corporation ("TCC"), which had contracted to outsource Fleet facilities management tasks in the wake of the merger of BAC and Fleet. Id. at ¶ 19, 21, 28. Following his termination and subsequent hiring by TCC, Plaintiff sought severance benefits under the Plan. Id. at ¶ 22.

## B. The Plan

The Plan is an employee benefits plan within the meaning of ERISA. Id. at ¶ 4. Its stated purpose is "to provide transitional pay and benefits for a limited period of time to certain terminated employees." See Plan at 1. Under the Plan, eligible employees would be entitled to payment of up to 61 weeks of severance payments at the conclusion of their Fleet employment. Id. at 6-7. Employees who are offered a "Comparable Job" or who accept a "Non-Comparable Job" in connection with a "Transaction" are ineligible for severance benefits under the Plan. Id. at 2-3, 6. Defendant Cieri, the Plan Administrator, relied upon these provisions of the Plan in denying Plaintiff's claim for severance benefits. See id.; Complaint at ¶ 64. The Plan confers broad discretion on the Plan Administrator to make such decisions, and review of his determinations is subject to a deferential arbitrary and capricious standard. See Plan at 12.

## C. Plaintiff's Claims

The Complaint includes six counts. The first four are solely based on ERISA. Complaint at Counts 1-6. Counts V and VI, which sound in fraud and negligent misrepresentation, do not

mention ERISA or the Plan explicitly, but refer to alleged misrepresentations Defendants supposedly made about the Plan. Id. at ¶¶68-69. Each of the six counts is set forth in a single paragraph, and each incorporates by reference the same 62 paragraphs of allegations averred earlier in the Complaint. Id. at ¶¶ 64-69. Without differentiation among the Counts, the Complaint contains a series of prayers for relief, including, among other things, a demand for benefits under the Plan. See id. at VIII – Prayers for Relief.

## II. ARGUMENT

### A. The Rule 12(b)(6) Standard

The standard for evaluating a Rule 12(b)(6) motion is whether "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." The court "must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff[]." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins., 267 F.3d 30, 33 (1st Cir. 2001). However, the court need not accept "a complainant's unsupported conclusions or interpretations of law." Stein v. Royal Bank of Canada, 239 F.3d 389, 392 (1st Cir. 2001).

### B. Plaintiff's Common Law Claims are Related To The Plan And Are Therefore Preempted By ERISA

ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...." See 29 U.S.C. § 1144 (a). Therefore, "if a state law 'relates to ... [an] employee benefit plan,' it is preempted." Pilot Life v. Dedeaux, 481 U.S. 41, 45 (1987). The term "State law" in ERISA "includes all laws, decisions, rules, regulations or other State action having the effect of law, of any State." 29 U.S.C. § 1144 (c) (1). Applying the statutory language, the United States Supreme Court has held that, "a law 'relates to' an employee benefit

plan ... if it has a connection with or reference to such a plan." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990).

In the present case, there is no question that Plaintiff's common law claims "relate to" the Plan.[1] First, neither of the common law counts contains independent factual allegations. Instead, they merely incorporate by reference all of the preceding allegations, which are replete with averments directly related to the Plan. Paragraph 47 of the Complaint is illustrative of the direct relationship between the alleged misrepresentations and the Plan:

> Defendants intentionally mislead Plaintiff **as to the terms of and the benefits to which he was entitled under the Plan**, in particular, that he had to accept the TCC job, whether or not it was comparable, or forfeit any benefits under the Plan, *inter aliia*, and thus induced Plaintiff to accept a non-comparable job, which he would not have accepted but for Defendants misrepresentations, **thereby prejudicing Plaintiff's entitlements to benefits under the Plan**. (emphasis added)

Thus, in order for the Court to determine the merits of Plaintiff's common law claims, it would have to construe the terms of the Plan in order to determine whether Defendants' representations as alleged by Plaintiff were, in fact, false. Claims such as these, which require construction of an employee benefit plan's terms, are impermissible under ERISA and must be dismissed. See Harris v. Harvard Pilgrim Health Care, Inc., 208 F.3d, 274, 281 (1st Cir. 2000) (holding state law action preempted where trier of fact would be required to consult an ERISA plan to resolve plaintiff's claims); McMahon, 162 F.3d at 38-39 (holding state law action preempted where plaintiff must prove the specific terms of an ERISA plan in order to prevail); Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 795 (1st Cir. 1995) (dismissing negligent misrepresentation claim where analysis of an ERISA plan was required to determine damages). This Court has so held on numerous occasions. See. e.g., DesRosiers v. Hartford Life &

[1] The traditional first prong of an ERISA preemption analysis -- whether the plan at issue is an employee benefit plan -- is conclusively established in the affirmative by Plaintiff's averment to that effect in Paragraph 4 of the Complaint, as well as the plain terms of the Plan itself. See, e.g., McMahon v. Digital Equip. Corp., 162 F.3d 28, 36 (1st Cir. 1998).

Accident Ins. Co., 354 F.Supp. 2nd 119, 112 (D.R.I. 2005) (dismissing claim for bad faith processing of insurance claims on ERISA preemption grounds); Morris v. Highmark Life Insurance Company, 2003 WL 1821512 (dismissing breach of contract claim on ERISA preemption grounds); Samos v. Dean Witter Reynolds, Inc., 722 F.Supp. 715, 720 (D.R.I. 1991) (holding that ERISA preempts tort and contract claims).

Moreover, if Plaintiff were ultimately to prevail on his common law claims, the only way the Court could determine his damages would be to look to the Plan for guidance. The First Circuit explicitly rejected such a practice in Carlo v. Reed Rolled Thread Die Co. In Carlo, the plaintiff's former employer made promises to him concerning the amount of benefits he would receive if he were to opt for early retirement under an employee benefit plan. Plaintiff sued his former employer on a theory of negligent misrepresentation, only to have the District Court dismiss his claim as preempted by ERISA. In affirming the dismissal, the First Circuit reasoned that preemption was required because any damages available to Plaintiff would consist, at least in part, of the pension benefits he was allegedly promised under the plan. Id. at 794.

Here, as in Carlo, Plaintiff claims that Defendants made certain representations to him concerning the benefits to which he would be entitled under the Plan in the event of another Fleet merger, as well as representations concerning his decision to accept the job offered by TCC. See, e.g., Complaint at ¶¶ 12-14, 18, 24, 47, 68-69. In fact, he asserts that Defendants made these representations specifically to reduce the total cost of providing benefits under the Plan. See Complaint at ¶ 48. Defendants' alleged misrepresentations, and the damages resulting therefrom, are inextricably intertwined with the Plan. See Donato v. RI Hosp. Trust Nat'l Bank,

No. Civ. A 97-283L, 1998 WL 34100802 (D.R.I. Sept. 29, 1998). ERISA therefore preempts Plaintiff's state law claims, and Counts V and VI must be dismissed.[2]

## III. CONCLUSION

For the foregoing reasons, Counts V and VI should be dismissed.

Respectfully submitted,

Defendants,

BANK OF AMERICA, N.A.,
SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES AS AMENDED AND RESTATED, and MAURO A. CIERI

by

[signature]

Mark A. Pogue (#3341)
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 Telecopy

Dated: March 9, 2006

[2] Defendants intend shortly to move to dismiss Count II, and Counts III and IV as to certain defendants. Because Defendants are filing a motion for protective order which relates to plaintiff's common law claims, for the sake of clarity defendants are moving to dismiss the common law claims and Counts II–IV through separate motions.

**CERTIFICATE OF SERVICE**

I hereby that on the 9th day of March 2006, I caused a true copy of the within Defendants' Answer and Defenses to be mailed to the following:

Richard A. Sinapi, Esquire
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920