**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID H. STENMARK,** **Plaintiff** | : | |
| **v.** | : | **C.A. No. 05-312 ML** |
| **BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,** **Defendants** | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Now comes the Plaintiff, David H. Stenmark, in the above-cited matter pursuant to LR Civ 7(b)(1) and does hereby object to Defendants' Motion for a Protective Order, and as grounds therefore and in support thereof relies on his Memorandum of Law filed simultaneously herewith.

**WHEREFORE,** Plaintiff prays that Defendants' Motion for a Protective Order be denied.

**PLAINTIFF,**
By his attorneys,
**SINAPI, FORMISANO &COMPANY, LTD.**

**Dated: March 27, 2006**

**Richard A. Sinapi, Esq. (R.I. Bar No. 2977)**
**100 Midway Place, Suite 1**
**Cranston, RI 02920**
**Telephone: (401) 944-9690**
**Fax: (401) 943-9040**

## CERTIFICATION

**TO: Mark A. Pogue, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within was faxed and mailed, postage prepaid, to the above-named counsel of record this 27th day of **March, 2006.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **DAVID H. STENMARK,**<br>**Plaintiff**<br><br>**v.**<br><br>**BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,**<br>**Defendants** | : | **C.A. No. 05-312 ML** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

## I. INTRODUCTION

This is an action brought by the Plaintiff seeking declaratory, injunctive, and other equitable relief, compensatory and punitive damages, attorney's fees, and litigation expenses, and other remedies against the Defendants for violations of various provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461 ("ERISA"), arising out of the wrongful denial and deprivation of benefits, failure to automatically provide notice and furnish required benefit plan information, and failure to furnish benefit plan information upon request, as well as common law claims for fraud and negligent misrepresentation.

The Defendants in this action have filed a motion for a protective order seeking a blanket prohibition of any and all discovery filed by the Plaintiff to the extent it seeks information beyond the administrative record. Contrary to the Defendants' contentions and the case law on which it relies, it is readily apparent from the face of the Complaint that the Plaintiff is not merely seeking administrative review of a denial of benefits under 29 U.S.C. §1132(a)(1)(B).

The Complaint also seeks relief for breach of fiduciary duty resulting in the denial of benefits under 29 U.S.C. §1132(a)(3), breach of fiduciary duty arising out of the failure to automatically provide notice and furnish required benefit plan information under 29 U.S.C. §§1021-1031 actionable under 29 U.S.C. §1132(a)(3), breach of fiduciary duty arising out of the failure to furnish benefit plan information upon request actionable under 29 U.S.C. §§1132(a)(1)(A) and 1132(c), and for common law fraud and negligent misrepresentation.

Accordingly, Defendants' motion for a blanket protective order must be denied by this Court since ***each*** of the six (6) counts of the Complaint—none of which have been dismissed or otherwise disposed of by the Court—require inquiry and consideration of information outside the scope of the administrative record, for the reasons set forth in detail below.

## II. STANDARD OF REVIEW

Defendants have filed a motion for a protective order seeking a blanket prohibition of any discovery outside of the administrative record based on the "good cause" grounds for relief from discovery under Fed.R.Civ.P. 26(c). No citation to authority is necessary for the proposition that Defendants have the burden of establishing "good cause" for issuance of a protective order and that discovery duly served by Plaintiff pursuant to the Federal Rules of Civil Procedure is entitled to a presumption that the information sought is a proper subject of discovery. Since Defendants seek a blanket protective order, Plaintiff does not herein, nor is he required to, advert to the relevance or necessity of any particular discovery request, and instead responds only to the Defendants' meritless contention that they are entitled to blanket prohibition with regard to any information sought outside of the administrative record.

## III. ARGUMENT

**Since *Each* Of The Six (6) Counts Of The Complaint Require Inquiry And Consideration Of Information Outside The Scope Of The Administrative Record, Defendants' Motion for a Blanket Protective Order Must Be Denied.**

### A. Count One--ERISA, 29 U.S.C. §1132(a)(1)(B)—denial of benefits.

Count One of the Complaint is the ***only*** count which seeks relief under **ERISA** due to a claimed erroneous denial of benefits under the Plan, to which review is typically limited to the administrative record. Nevertheless, even determination of that count requires consideration of facts outside the administrative record.

First, Plaintiff alleges, *inter alia*, that that the "Plan" (which Defendants' ***claim*** in their memo of law at p. 2 was purportedly amended as of March 29, 2004), under which Plaintiff's right to severance benefits was denied by the Defendants, ***was never lawfully modified or otherwise not amended*** in accordance with the requirements imposed under ERISA. Complaint ("Comp.") at ¶34. Accordingly, Plaintiff is therefore entitled to a determination of benefits based on the provisions of the Plan in existence prior the faulty amendments, and to discovery as to what *that* Plan was. Plaintiff is also entitled to discovery on the issues of, *inter alia*, whether Defendants filed an amended or modified Plan within the time frame and as required by ERISA, whether the purported modifications to the Plan were made as provided under, *inter alia*, 29 U.S.C. §1024(a)(1)(D), and/or whether Defendants failed or refused to furnish the purported amended or modified Plan to the Plaintiff within the time frame and as required by ERISA under, *inter alia*, 29 U.S.C. §1024(b)(1). Comp. at ¶¶32-33.

Second, Plaintiff alleges that Defendant Bank of America Corporation ("BOA"), as the designated "sponsor" of the Plan, as defined under ERISA, retained sufficient control or influence and/or took a sufficiently active part in the administration of the Plan and other ERISA plans to subject it to liability for claims under ERISA arising out of the administration of the

Plan and other ERISA plans, Comp. at ¶¶6, 59. *See, e.g., Law v. Ernst & Young*, 956 F.2d 364, 372-374 (1st Cir. 1992). Plaintiff is therefore entitled to discovery as to, *inter alia,* the existence, nature, and extent of such control and/or influence.

Third, Plaintiff alleges that to the extent the Defendants exercised discretion as Plan Administrator, it was operating under a conflict of interest, which must be weighed as a factor in determining whether there was an abuse of discretion and/or whether Plaintiff was otherwise wrongfully denied or deprived of ERISA benefits, Comp. at ¶60. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989). Plaintiff is therefore entitled to discovery on the issue of whether, *inter alia,* Defendants were operating under a conflict of interest in determining Plaintiff's entitlement to benefits under the Plan.

**B. Count Two—ERISA, 29 U.S.C. §1132(a)(3)—breach of fiduciary duty—denial of benefits.**

Count Two of the Complaint seeks relief for breach of fiduciary duty under ERISA due to a denial of benefits in reliance on the doctrine annunciated in *Varity Corporation v. Howe*, 516 U.S. 489 (1996). In *Varity*, a group of beneficiaries claimed that a Plan Administrator, through trickery, led them to withdraw from an ERISA plan and forfeit their benefits. The beneficiary plaintiffs in that case sought, among other things, an order that in essence would reinstate each of them as a participant in the employer's ERISA plan. *Id.* at 492. The Supreme Court affirmed the lower court ruling entering judgment in the employee's favor. The foregoing case is relevant to Plaintiff's breach of fiduciary duty claim in at least two respects.

First, Plaintiff alleges he was misled by BOA that the Plan would not be changed and that he would be entitled to severance benefits should he be terminated in a subsequent merger, even if his job was out-sourced. Comp. at ¶¶12-15. In reliance thereon, Plaintiff actually worked two jobs on behalf of BOA for a period of time and continued his employment with BOA, foregoing other possible opportunities, until he was terminated by BOA on June 2, 2004. *Id.* at ¶¶16-18.

Additionally, postings on the Fleet and BOA intranet continued to reflect that there was, in fact, no change in the Plan as it relates to the definition of a covered termination ***even after*** the announcement of the Fleet/BOA merger. *Id.* at ¶¶12-15, 26. Nevertheless, on or about late April, 2004, the following phrase was apparently parenthetically added to the end of the description of the comparable job exclusion: "e.g., sale of business, out-sourcing, joint venture." *Id.* at ¶27.

Second, BOA represented to Plaintiff ***that he had to accept the TCC job, otherwise he would be terminated, and left without a job and without severance***. *Id.* at ¶¶20, 23-27. Plaintiff alleges that this representation was also false and constitutes the same type of deception proscribed in *Varity*, insofar as Plaintiff alleges he would not have accepted the obviously non-comparable job offered by TCC, had he known that he would thereby be forfeiting severance benefits under the Plan. *Id.* at ¶¶20, 47. Specifically, Plaintiff alleges that Defendants intentionally mislead Plaintiff as to the terms of and the benefits to which he was entitled under the Plan, in particular, that he had to accept the TCC job, whether or not it was comparable, or forfeit any benefits under the Plan, and thus induced Plaintiff to accept a non-comparable job, which he would not have accepted but for Defendants' misrepresentations, thereby prejudicing Plaintiff's entitlement to benefits under the Plan. *Id.* at ¶47.

In summary, the Plaintiff contends that he was misled by trickery as to what his severance benefits rights were and would be, and, like the beneficiaries in *Varity*, he is entitled to receive the benefits as represented to him, notwithstanding what he otherwise would have been legally entitled to under the Plan in existence as of the date of his termination. Plaintiff has expressly alleged that the Defendants knowingly, intentionally, and/or negligently deceived Plaintiff, a Plan beneficiary, in order to save the Defendants money at the Plaintiff's expense, and thereby failed to discharge their fiduciary duties under the Plan solely in the interests of the Plaintiff

and in accordance with 29 U.S.C. §1104, and, therefore violated ERISA-imposed fiduciary obligations, Comp. at ¶¶35, 48. *Varity,* 516 U.S. at 506; 29 U.S.C. §§1101-1114.

Accordingly, Plaintiff has sought and is permitted to discover information and/or documentation outside of the administrative record relative to the issue of, *inter alia*, whether, why, by what manner, by whom, and/or if at all Plaintiff was misled or deceived by the Defendants and/or whether the Defendants saved money at Plaintiff's expense by such conduct.

**C. Count Three—ERISA, 29 U.S.C. §1132(a)(3)—breach of fiduciary duty--failure to automatically provide notice and furnish information; and Count Four ERISA, 29 U.S.C. §1132(a)(1)(A)—failure to furnish information upon request.**

The grounds for and relief sought under Counts Three and Four are totally unrelated to and are in no way dependant upon a determination of the Plaintiff's claim that he was wrongfully deprived of benefits under the Plan. A Plan Administrator is required to provide information, including, but not limited to, a summary plan description, within thirty (30) days *after receiving a written request* from an employee such as the Plaintiff. 29 U.S.C. §1132(c). A Plan Administrator who fails or refuses to provide such information after receiving such a written request is liable to the employee for a civil penalty in the amount of $110.00 per day for failing to provide such information under 29 U.S.C. §1132(c)(1)(B), and regulations promulgated pursuant thereto.

Plaintiff alleges that he requested Plan information in mid-April, 2004, and did not receive even a partial response until information was received by him on October 25 and 28, and November 2 and 16, 2004. Comp. at ¶¶49-52. In addition, by way of a letter from his attorney dated August 24, 2004, Plaintiff requested additional Plan information from BOA, to which Plaintiff did not even receive a partial response until January 11, 2005. *Id.* at ¶¶53-54, 56. Furthermore, Plaintiff alleges that the Defendants' failure or refusal to comply with the foregoing ERISA disclosure requirements constituted exceptional circumstances, including bad faith,

active concealment, fraud, and induced reliance, and was otherwise designed to and resulted in financial benefit to the Defendants, to the Plaintiff's detriment and that the Plaintiff was otherwise prejudiced by the failure to provide the requested information in a timely fashion. *Id.* at ¶¶46, 58. In the exercise of a court's discretion as to whether or not to impose a civil penalty for failure to provide requested information under 29 U.S.C. §1132(c), it is relevant whether the defendant's conduct, *inter alia*, involved active concealment, fraud and/or prejudice to the plaintiff employee. *See Watson v. Deaconess Waltham Hospital*, 298 F.3d 102, 113-115 (1st Cir. 2002); *Sullivan v. Raytheon Company*, 262 F.3d 41, 52 (1st Cir. 2001).

Accordingly, Plaintiff has sought and is permitted to discover information and/or documentation outside of the administrative record relative to, *inter alia*, whether Plaintiff requested the subject information in writing, whether the request was received by Defendants, when Defendants' responded, whether the response was full and complete, whether and why Defendants failed to respond in a full and timely manner, and whether such failure involved, *inter alia*, active concealment, fraud and/or prejudice to the Plaintiff.

**D. Count Five—Fraud and Count Six—Negligent Misrepresentation.**

Plaintiff alleges in Count Five that Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described therein, knowingly made false representations to the Plaintiff, upon which Plaintiff relied to his detriment, thereby committing fraud; or, in the alternative, under Count Six, that Defendants' negligently made false representations to the Plaintiff, upon which Plaintiff relied to his detriment. Comp. at ¶¶68-69.

These claims differ from his *Varity* breach of fiduciary duty claim, in part, because the ***remedy*** would not be reinstatement or a grant of severance benefits under the Plan, but rather compensatory and punitive damages for his detrimental reliance on Defendants' false representations that Plaintiff would be rewarded for his longstanding, loyal and exemplary

service, on which the Plaintiff detrimentally relied as described above. *Id.* at ¶¶12-18. Specifically, Plaintiff would not have worked two jobs while being compensated for only one and he would not have waited around for four years so that he could be terminated without compensation as a consequence of a an inevitable future merger. *Id.* Particularly in light of his age, Plaintiff would have engaged in a thorough, and if necessary, protracted job search, to find alternative, comparable employment with some job security, and he would have retired from BOA's predecessor, Fleet, and collected the immediate and future benefits to which he would have been entitled as a result. This is, of course, precisely what Fleet did not want: mass defections of key employees due to fear of job loss in a future merger; hence, Fleet's motive for the misrepresentations (on the intranet and from elsewhere) which led Plaintiff to remain with Fleet, and perform far above and beyond what was required. Insofar as these are tort claims, the relief Plaintiff is seeking is compensatory damages, which would include mental pain and suffering, and punitive damages.

Accordingly, Plaintiff has sought and is permitted to discover information and/or documentation outside of the administrative record relative to the issue of, *inter alia*, whether, why, by what manner, by whom, and/or if at all Plaintiff was misled or deceived by the Defendants, Defendants' motivation and intent, and whether and/or to what extent Plaintiff was prejudiced by the Defendants' conduct.[1]

---

[1] As stated previously above, while liability under the Plaintiff's common law fraud and negligent misrepresentation counts rely on some facts similar to those relevant to the Count Two ERISA breach of fiduciary duty claim under *Varity*, ***the relief sought is totally different***. Accordingly, there is no preemption nor duplication. Under well settled law in the First Circuit, ERISA pre-empts only three categories of state laws: 1) state laws that mandate employee benefit structures or their administration; 2) state laws that provide alternate enforcement mechanisms; and 3) state laws that bind plan administrators to a particular choice and thus function as a regulation of an ERISA plan itself. *See Golas v. Homeview, Inc.*, 106 F.3d 1, 7 (1st Cir. 1977). There is no preemption under category 1 and 3 above as the instant matter does not involve direct or indirect state regulation of an ERISA covered employee benefits plan. Nor does category 2 apply, since, as stated previously above, the only remedy sought by Plaintiff under his fraud and misrepresentation claims are compensatory and punitive damages for detrimental reliance; those causes of action do not seek benefits or the reinstatement of benefits or any other remedy based on

## IV. CONCLUSION

**WHEREFORE,** for all the foregoing reasons, Plaintiff prays that Defendants' Motion for a Protective Order be denied.

**PLAINTIFF,**
By his attorneys,
**SINAPI, FORMISANO &COMPANY, LTD.**

**Dated: March 27, 2006**

**Richard A. Sinapi, Esq. (R.I. Bar No. 2977)**
**100 Midway Place, Suite 1**
**Cranston, RI 02920**
**Telephone: (401) 944-9690**
**Fax: (401) 943-9040**

**CERTIFICATION**

**TO: Mark A. Pogue, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within was faxed and mailed, postage prepaid, to the above-named counsel of record this 27th day of **March, 2006.**

---

the existence of an ERISA plan—unlike his Count Two *Varity* claim for breach of fiduciary duty. That is to say, a defendant is not immunized from compensatory and/or punitive damages for fraud and/or negligent misrepresentation merely because the material, false allegations on which a plaintiff detrimentally relies, may be construed so as to in some remote and peripheral way relate, in part, to the purported existence or applicability of an ERISA covered plan.