UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID H. STENMARK,<br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator,<br>Defendants. | : | C.A. No. 05-312ML |

**DEFENDANTS' REPLY TO PLAINTIFF'S**
**OBJECTION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Defendants submit this reply to plaintiff's Objection to defendants' Motion For A Protective Order. As shown below, plaintiff's memorandum focuses primarily on the merits of his claims, instead of addressing the fact that his rights to discovery under ERISA are highly circumscribed. As a result, defendant's Motion For A Protective Order should be granted.

**I. Plaintiff Is Not Entitled To Discovery Concerning His Common Law Claims (Counts V And VI)**

On the same day that the instant motion was filed, defendants filed a Motion To Dismiss Counts V and VI of the Complaint. These Counts contain common law claims for fraud and misrepresentation. As the supporting memorandum defendants filed in connection with that motion establishes, the ERISA statute preempts these common law claims, with the result that Counts V and VI of the Complaint should be dismissed. Plaintiff therefore should not be permitted to take discovery as to these Counts.

In his opposition papers, plaintiff disputes that his common law claims are preempted under ERISA.[1] He therefore contends that he is entitled to discovery on these Counts. Significantly, plaintiff advances no other argument in support of his position that he is entitled to discovery on these Counts.

Whether plaintiff's common law claims are preempted under ERISA will be determined when defendants' motion to dismiss is resolved.[2] If the motion is granted, even plaintiff appears to concede that he will not be entitled to discovery on these Counts.

## II. Plaintiff Is Not Entitled To Extra-Record Discovery On His Claim For Denial Of Benefits Under ERISA Section 1132(a)(1)(B) (Count I)

Count I of the Complaint is asserted under ERISA. See 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges that he was wrongfully denied benefits under the Plan. In their opening papers, defendants demonstrated that this is exactly the sort of claim for which discovery is limited to the administrative record.

Plaintiff advances three arguments in support of his objection to defendants' position. First, he alleges that he is entitled to discovery on his allegation that the Plan was not properly amended in accordance with 29 U.S.C. § 1024(a) and (b) . Pl. Mem. at 3. Second, he alleges that he is entitled to discovery as to "the existence, nature, and extent" of any control exercised by BOA over "the administration of the Plan." Id. at 3, 4. Third, Plaintiff claims that he is entitled to discovery as to "whether, inter alia, Defendants were operating under a conflict of interest in determining Plaintiff's entitlement to benefits under the Plan." Id. at 4.

None of these claims has any merit. Plaintiff is not entitled to discovery on whether the Plan was property amended, in accordance with 29 U.S.C. § 1024(a) or (b), because this is not a

[1] See Plaintiff's Memorandum Of Law In Opposition To Defendants' Motion For A Protective Order ("Pl. Opp."), pp. 7-9.
[2] The Court has scheduled oral argument on this motion for July 14, 2006.

claim in this case. None of the six counts contained in the Complaint contains any reference to 29 U.S.C. § 1024, or alleges that the Plan was improperly amended. Moreover, even if the Plan had been improperly amended, plaintiff does not allege that the purported amendment eliminated the Plan Administrator's authority to determine eligibility for benefits under the Plan. This means that an arbitrary and capricious standard of review will apply to the Administrator's decision and, in turn, no discovery is permitted beyond the administrative record. Firestone Tire & Rubber Company v. Bruch, 489 U.S. 101, 115 (1989); Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005); Liston v. Unum Corp. Ofr. Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003).

Plaintiff's second argument is based on his speculation that BAC played some role in administering the Plan. As shown below, however, this concern is irrelevant to whether the Plan Administrator acted arbitrarily in denying Plaintiff's claim, and therefore does not justify permitting discovery.

The sole case cited by plaintiff in support of his argument, Law v. Ernst & Young, 956, F.2d 364, 372-74 (1st Cir. 1992), stands for the proposition that, in certain circumstances, a plan sponsor can be held liable for failure to respond to information requests under ERISA §1132(c). Id. But nothing in Law provides for additional discovery under such conditions. Plaintiff's unsupported contention that he is entitled to discovery on the chance that he may discover evidence of influence by BAC ignores contrary First Circuit precedent disfavoring precisely this type of discovery. Indeed, the First Circuit has repeatedly rejected similar attempts to take discovery on collateral issue in ERISA cases. See Lopes v. Metro. Life Ins. Co., 332 F.3d 1, 5 (1st Cir. 2003)(limiting consideration to the administrative record notwithstanding plaintiff's claims of bias); Liston, 330 F.3d at 23-26 (affirming denial of discovery on "collateral issues" on

grounds that such discovery would be at odds with ERISA's policy in favor of efficient administration); Orndorff, 404 F.3d at 520 (denying discovery beyond the administrative record where plaintiff failed to demonstrate the pertinence of the request).

Nor is Plaintiff entitled to discovery to explore his unsupported allegation that the Plan Administrator operated under a conflict of interest. In the First Circuit, even where such potential bias exists, "there is a strong presumption that the required deferential review of a plan administrator's benefits decision should be limited to the evidentiary record presented to the plan administrator." Lopes, 332 F.3d at 5. (emphasis added). Lopes makes clear that the Court's review must be limited to the administrative record even when the administrator is alleged to have been biased. As a result, discovery beyond the administrative record is improper. See also, Liston, 330 F.3d at 26.

In this case, moreover, plaintiff's desire to take discovery regarding the Plan Administrator's possible bias appears to be nothing but a speculative fishing expedition. In his opposition papers, plaintiff has not alleged a single fact which suggest that the Administrator acted under a conflict of interest or other bias. That is all the more reason why discovery beyond the administrative record should not be permitted.

## III. Plaintiff Is Not Entitled To Extra-Record Discovery On His Claim For Breach Of Fiduciary Duty (Count II)

In Count II of the Complaint, plaintiff alleges that defendants breached a fiduciary duty owed to plaintiff -- and therefore breached the ERISA statute, 29 U.S.C. § 1132(a)(3) -- when they denied his benefits application. In his opposition brief, plaintiff relies exclusively on Varity Corp. v. Howe, 516 U.S. 489 (1996). As shown below, this reliance is misplaced. Although Howe holds that a plaintiff can maintain a breach of fiduciary duty claim under 29 U.S.C. §

1132(a)(3) in certain circumstances, it does not mean that a plaintiff can obtain such relief in addition to the relief available under § 1132(a)(1), for denial of benefits.

In fact, Varity dealt with circumstances completely distinguishable from this case. In Varity, the plaintiffs had been induced to leave their employment with a financially stable company and accept employment with a far less secure company that shortly folded. The plaintiffs were persuaded to make the switch by overt misrepresentations that the employees' benefits would continue unchanged. Because the plaintiff-employees had voluntarily left their former employer, however, they were unable to bring a direct claim for ERISA benefits under 29 U.S.C. §1132(a)(1). Id. at 1079. For the Varity plaintiffs, the only possible avenue for recovery was under the ERISA's "catch-all" breach of fiduciary duty provision, §1132(a)(3). Id. at 1077-78. In describing this provision, the Supreme Court noted that where there is other adequate relief available under ERISA, such equitable relief was not necessary. Id. at 1079.

Following Varity, the First Circuit has explicitly held that:

> if a plaintiff can pursue benefits under the plan pursuant to [§1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§1132(a)(3)].

LaRocca v. Borden, Inc., 276 F.3d 22, 28-29 (1st Cir. 2002). That holding bars plaintiff's claim under § 1132(a)(3) in this case. Unlike the Varity plaintiffs, plaintiff has asserted a claim under 29 U.S.C. §1132(a)(1) for benefits under the Plan. See Complaint at ¶ 64. As a consequence, he is not entitled to pursue duplicative relief under § 1132(a)(3). LaRocca, 276 F.3d at 28-29; see also Mauser v. Raytheon Co. Pension Plan for Salaried Employees, 239 F.3d 51, 58 (1st Cir. 2001)(rejecting fiduciary duty claim where plaintiff could proceed under another provision of ERISA); Green v. ExxonMobil Corp., No. 02-534L, 2006 WL 306203, *10 (D.R.I. Feb. 9, 2006)

(barring fiduciary duty claim where plaintiffs could maintain a cause of action under §1132(a)(1)).

Because Plaintiff's breach of fiduciary duty claim is untenable, Plaintiff is clearly not entitled to extra-record discovery on this claim.

Finally, even if Plaintiff could assert a viable claim for breach of fiduciary duty under § 1132(a)(3), that would not change the fact that the Administrator's decision would be reviewable under the arbitrary and capricious standard. As defendants demonstrated in their opening brief, this means that judicial review would be limited to an examination of the materials before the plan administrator at the time the decision was made. For that reason also, extra-record discovery is not permitted in connection with Count II of the Complaint.

## IV. Plaintiff Is Not Entitled To Extra-Record Discovery Under His §1132(a)(1)(A) Information Request Claim (Counts III and IV)

In Counts III and IV, plaintiff alleges that defendants failed to respond to certain information requests he served. In his opposition papers, plaintiff cites no authority in support of his claim for discovery under these Counts. Instead, he simply reiterates the allegations in the Complaint and concludes that he is entitled to discovery.

Discovery is not appropriate as to these Counts, either. In his Complaint, plaintiff admits that he received responses to his information requests on the following dates: October 25 and 28, 2004; November 2 and 16, 2004 and January 11, 2005. Complaint at ¶¶ 52, 54. The administrative record in this matter did not close until February 9, 2005, nearly one month after plaintiff admittedly received the final response to his request. The record, therefore, should encompass all of the information plaintiff requires concerning these Counts.

Because Plaintiff's discovery requests are not likely to lead to the discovery of additional admissible evidence beyond the administrative record and not already in Plaintiff's possession, defendants' motion for a protective order should be granted as to Counts III and IV.

**CONCLUSION**

For the foregoing reasons, defendants' motion for a protective order should be granted.

Respectfully submitted,

Defendants,

BANK OF AMERICA, N.A.,
SEPARATION PAY AND BENEFITS
PLAN OF FLEETBOSTON FINANCIAL
CORPORATION AND PARTICIPATING
SUBSIDIARIES AS AMENDED AND
RESTATED, and MAURO A. CIERI

By their Attorneys,

Mark A. Pogue (#3341)
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
Fax (401) 276-6611

Dated: April ____, 2006

**CERTIFICATE OF SERVICE**

I hereby that on the 21st day of April 2006, I caused a true copy of the within Memorandum Of Law In Reply To Plaintiff's Objection To Defendant's Motion For A Protective Order to be mailed to the following:

Richard A. Sinapi, Esquire
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920