**HEARING DATE: July 14, 2006**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID H. STENMARK, Plaintiff | : | |
| v. | : | |
| BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator, Defendants. | : | C.A. No. 05-312ML |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS COUNTS V AND VI OF THE COMPLAINT**

Defendants submit this reply to plaintiff's Objection to defendants' Motion To Dismiss Counts V and VI of the Complaint. As shown below, plaintiff's common law claims for fraud and negligent misrepresentation relate to an ERISA-covered benefit plan and, therefore, are preempted by §514 of ERISA. Because these preempted counts do not state a claim upon which relief can be granted, defendants' Motion To Dismiss should be granted.

**ARGUMENT**

**Plaintiff's Fraud And Misrepresentation Claims Relate To An ERISA Plan And, Therefore, Are Preempted By ERISA**

The parties do not dispute the foundational propositions that ERISA's preemption provisions are "deliberately expansive" and that state laws having "a connection with or reference to and ERISA plan are preempted. Pl. Opp. at 7; Pilot Life v. Dedeaux, 481 U.S. 41,

45-46 (1987); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983). Unsurprisingly, plaintiff emphasizes that a state law claim will not be preempted where it has "only a tenuous, remote or peripheral connection with covered plans." See, e.g., N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 661 (1995). But this is not the case with plaintiff's common law claims. Both claims are inextricably interwoven with the ERISA-covered severance plan at issue.

### A. Plaintiff's Fraud and Misrepresentation Allegations Invoke The Plan

Plaintiff begins his recitation of Defendants' alleged misrepresentations by thoroughly describing the Fleet severance plan in place at the time of the Fleet/BankBoston merger, as he believes it applied to employees within his division. Compl. at ¶ 12. (This severance plan is simply an earlier iteration of the same ERISA-covered Plan that is now itself a party to this lawsuit.)[1] The Complaint goes on to allege that Fleet and its chairman, Chad Gifford, conveyed to employees that substantially the same severance benefits would be in place for any future merger. Compl. at ¶¶ 13-14, 18. It is this alleged promise of ERISA benefits that Plaintiff claims he relied upon to his detriment.

Specifically, in Paragraph 35 of the Complaint, Plaintiff claims detrimental reliance on the "representations of the Defendants, as set forth in the BOA intranet, **the Summary Plan Description**, and/or expressed orally." (emphasis added). It is difficult to comprehend how Plaintiff can on the one hand claim that he detrimentally relied on an ERISA Plan document (the Summary Plan Description), and on the other hand -- in opposition to this motion -- deny that his

---

[1] A true and accurate copy of the Plan was attached as Exhibit A to Defendants' Memorandum of Law in Support of its Motion for a Protective Order. As this document was clearly referenced in the Complaint, reference to it herein shall not transform this Motion to Dismiss into a Motion for Summary Judgment under Fed. R. Civ. P. 56 See Clorox Co. v. Proctor & Gamble Comm. Co., 228 F.3d 24, 32 (1st Cir. 2000) ("We 'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment.'").

claim for detrimental reliance relates to that Plan. Indeed, the courts have held that where (as here) a plaintiff alleges the existence of an ERISA-covered severance Plan in connection with his fraud/misrepresentation claims, such claims "relate to" the ERISA plan and are therefore pre-empted. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990); McMahon v. Digital Equip. Corp., 162 F.3d 28, 38 (1st Cir. 1998); see also Woods v. Berry, Fowles & Co., No. Civ. 01-CV-37, 2001 WL 1602055, *10 (D. Me. Dec 14, 2001) (finding that misrepresentations concerning promised benefits related to an ERISA-covered plan because it was the only possible vehicle for fulfilling the alleged promises). In short, plaintiff's argument that his common law claims are independent of any ERISA plan cannot be squared with the allegations in his own Complaint. The claims are therefore pre-empted.[2]

**B. Plaintiff's Fraud And Misrepresentation Claims Would Require The Court To Examine The Plan In Order To Determine Appropriate Damages For Plaintiff's Reliance**

According to the Complaint, defendants represented to plaintiff that the severance plan in place at the time of the BOA acquisition would entitle him to a payment of severance equal to that provided to employees terminated in connection with the Fleet/BankBoston merger. Compl. at ¶ 12. The Complaint does not allege any source of future payment other than the promised severance package. Thus, if Plaintiff were to prevail on one of his common law counts, the Court would be required to analyze the Plan to determine what these Fleet/BankBoston benefits were, and what damages should be awarded. Plaintiff concedes as much in his Opposition. He

---

[2] As Plaintiff recognizes, courts have held that state laws of general application normally have a "tenuous, remote or peripheral connection" with a covered benefit plan and, therefore, are not preempted by ERISA. However, the same courts have cautioned that, "[a] court cannot conclude that a state law is one of general applicability, and as such is not preempted by ERISA based on the form or label of the law[.]" See Boston Children's Heart Foundation v. Nadal-Ginard, 73 F.3d 429, 439 (1st Cir. 1996) *citing* Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 794 n.3 (1st Cir. 1995). Looking beyond the fraud and misrepresentation labels to the specific facts of this case, it is clear that Plaintiff's common law claims are not simply claims of general applicability, but instead relate specifically to Defendants' ERISA-covered severance plan.

acknowledges that the damages he seeks under the common law claims include compensation for failure to provide ERISA-covered benefits. Pl. Opp. at 12.

Plaintiff maintains, however, that he is not seeking solely ERISA benefits through his common law claims. Instead, he claims compensatory and punitive damages flowing from defendants' misrepresentations themselves. But this is precisely the argument urged by the plaintiffs in Carlo, supra n. 2, who claimed that "they [were] not seeking coverage under the [ERISA plan], but rather damages sustained as a result of [defendant's] alleged misrepresentation concerning the extent of Mr. Carlo's retirement benefits under the [plan]. They maintain, therefore, that the court's inquiry will not necessarily be directed to the [plan]." See Carlo, 49 F.3d at 793. The First Circuit considered and rejected this line of reasoning. Id. at 794. It held that where a court is required to construe the terms of an ERISA plan in order to determine an appropriate award of damages, such a claim "relates to" the ERISA plan, and preemption is required. Id.

Plaintiff's other arguments are equally untenable. Plaintiff cites a series of Sixth Circuit cases for the supposed "well-settled" proposition that referring to an ERISA plan to determine specific, ascertainable damages does not warrant preemption. Pl. Opp. at 12; Marks v. Newcourt Credit Group, 342 F.3d 344 (6th Cir. 2003); Wright v. General Motors Corp., 262 F.3d 610 (6th Cir. 2001). Regardless of whether this proposition is accepted within the Sixth Circuit, it clearly runs counter to the law of this Circuit, as articulated in Carlo. See 49 F.3d at 794; Donato v. R.I. Hosp. Trust Nat'l Bank, No. Civ. A. 97-283L, 1998 WL 34100802 (D.R.I. Sept. 29, 1998).[3]

[3] In any event, the cases cited by Plaintiff for this proposition are completely beside the point. In Wright, the issue was not ERISA preemption under 29 U.S.C. §1144, but instead the distinct doctrine of "complete preemption" for federal jurisdictional purposes under ERISA's civil enforcement provision, 29 U.S.C. §1132(a)(1)(B). Id. at 614. Because the Wright court explicitly did not decide the issue of ERISA preemption of state law claims, it is of no relevance to this case. In Marks, the Sixth Circuit actually ***affirmed*** the lower court's dismissal of plaintiff's misrepresentation claim to the extent that it related to the ERISA plan.

Because Plaintiff claims to have relied upon the ultimate receipt of severance benefits under an ERISA plan, any measure of damages for such reliance necessarily requires looking to the plan. Therefore, preemption is appropriate. See McMahon, 162 F.3d at 38-39; Carlo, 49 F.3d at 794; Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

### C. Plaintiff's Reliance on *Travelers* and the *Golas* Concurrence Is Misplaced

Plaintiff seeks to cast doubt on the continuing validity of Carlo and its ERISA preemption analysis. The crux of his argument is derived from a concurring opinion in Golas v. Homeview, Inc., 106 F.3d 1 (1st Cir. 1997). In his concurrence, Judge Bownes analyzed the then-recent U.S. Supreme Court decision in N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers, 514 U.S. 645 (1995), and subsequent cases in other circuits. He concluded that this authority precluded a finding of preemption where an individual insurance broker made misrepresentations inducing plaintiff to select a particular policy. Id. at 9-10. But instead of urging that Carlo be considered no longer good law, Judge Bownes takes great pains to distinguish Golas's claims from those at issue in Carlo. See id. at 9 ("This case is markedly different from Carlo."). Among other things, Judge Bownes found it significant that Golas had never been a participant in the plan; that the defendant was an individual broker, not an ERISA fiduciary; that the defendant would be individually responsible for any money damages; and that the alleged misrepresentations took place at the inducement stage, prior to the time the plan went into effect. See id. at 10.

For these same reasons, the Golas case is "markedly different" from the instant dispute as well. First, plaintiff is or was a plan "participant" for purposes of ERISA, even though the Plan Administrator determined that he was not eligible for severance benefits.[4] As such, he has a

[4] Like the plaintiff in Carlo, Mr. Stenmark was undisputedly a "participant" in an ERISA-covered Plan, as that term is defined in ERISA. See 29 U.S.C. §1002(7). This is due to the fact that, at the time of the alleged



BOS_533216_1/BPEZZA

possible remedy in the form of a separate claim under ERISA itself. Second, the defendants are all ERISA entities subject to claims under ERISA based on the same conduct as alleged in plaintiff's fraud and misrepresentation claims. In the bulk of cases in which preemption has not been found, the defendants have been, like in Golas, individual insurance agents. See, e.g., Golas, 106 F.3d at 10 (Bownes, J. concurring); Giannetti v. Mahoney, 218 F.Supp.2d 8, 13-14 (D.Mass. 2002) (distinguishing Carlo and Vartanian on the grounds that the instant defendant was an insurance broker and, therefore, misrepresentation had only "tenuous, remote or peripheral" relation to ERISA plan); Stetson v. PFL Ins. Co., 16 F.Supp.2d 28, 32-33 (D. Me. 1998)(same).

Third, as discussed above, the misrepresentations alleged in this action concerned the severance benefits to which plaintiff believed he was entitled under an existing ERISA plan. Whether or not the Plan was amended at some point during or after the misrepresentations does not put it in the same category as Golas, where the misrepresentations dealt with the procurement of the plan, not its existing terms or administration.

Finally, Golas, Travelers and, to a large extent, the cases upon which they rely, all deal with regulation of the insurance industry, not claims as here and in Carlo where a plan participant has brought suit against the plan itself, its sponsor and/or plan administrator.[5]

Defendants urge this Court to decline plaintiff's invitation to gloss over the binding precedent of Carlo and its progeny. Instead, the Court should recognize that plaintiff's fraud and

---

misrepresentations, Stenmark was an "employee . . . who is or *may become* eligible to receive a benefit of any type from an employee benefit plan." See Id.; Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989). If it were otherwise, Plaintiff would lack standing to bring his ERISA-based claims in Counts I and II.

[5] See Travelers, 514 U.S. at 668 (finding no preemption of state law imposing surcharges on certain medical insurance carriers); Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1471 (4th Cir. 1996) (finding no preemption where claims aimed at insurance professionals, not plan administrators); Morstein v. Nat'l Ins. Servs., Inc., 93 F.3d 715, 721 (11th Cir. 1996)(en banc) (holding preemption of fraud claim against individual insurance agent would not further purpose of ERISA); Boyle v. Anderson, 68 F.3d 1093, 1109 (8th Cir. 1995) (finding no preemption of state health insurance reform legislation); Safeco Life Ins. Co. v. Musser, 65 F.3d 647 (7th Cir. 1995) (finding no preemption where insurance company challenged certain fees).

misrepresentation claims closely relate to the Plan and, therefore, preemption and dismissal are warranted. Many other courts have dismissed fraud and representation claims from ERISA cases for exactly these reasons, and there is no reason why this Court should deviate from that authority. See Carlo 49 F.3d at 794; see also Ferro v. Woods Hole, No. Civ. 03-11853-RWZ, 2004 WL 1345039 (D.Mass. June 15, 2004)(applying Carlo to preempt misrepresentation claim); Utility Workers, Local 369 v. Nstar Elec. & Gas Corp., 317 F.Supp.2d 69, 72 (D.Mass. 2004) (relying on Carlo to preempt breach of contract and misrepresentation claims); Beegan v. Assoc. Press, 43 F.Supp.2d 70, 76 (D.Me. 1999) (citing Carlo damages analysis in finding preemption of breach of contract claim); Donato, 1998 WL 34100802 at *2 (citing Carlo damages analysis in finding preemption of state law claim).

**CONCLUSION**

For the foregoing reasons, defendants' Motion To Dismiss Counts V and VI should be granted.

Respectfully submitted,

BANK OF AMERICA, N.A.,
SEPARATION PAY AND BENEFITS
PLAN OF FLEETBOSTON FINANCIAL
CORPORATION AND PARTICIPATING
SUBSIDIARIES AS AMENDED AND
RESTATED, and MAURO A. CIERI

By their Attorneys,

Mark A. Pogue (#3341)
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
Fax (401) 276-6611

Dated: May 2, 2006

**CERTIFICATE OF SERVICE**

I hereby that on the 2nd day of May 2006, I caused a true copy of the within Memorandum Of Law In Reply To Plaintiff's Objection To Defendant's Motion For A Protective Order to be mailed to the following:

Richard A. Sinapi, Esquire
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920

Mark A. Pogue



BOS_533216_1/BPEZZA