UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID H. STENMARK, Plaintiff, | : | |
| v. | : | C.A. No. 05-312 ML |
| BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A.CIERI, in his capacity as Plan Administrator, Defendants. | : | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Counts V and VI of the Complaint filed pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the Court dismisses Counts V and VI of the Complaint.

## I. Standard of Review

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court accepts the well-pleaded facts as true and draws all reasonable inferences from those facts in favor of the plaintiff. Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998). A court should not grant the motion unless "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Construction Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). The court exempts those "facts" which "have since been conclusively contradicted by plaintiff['s] concessions or otherwise, and likewise eschew[s] any reliance on bald assertions,

unsupportable conclusions, and 'opprobrious epithets.'" Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) (citation omitted). The Court takes the facts from the complaint with these principles in mind.

## II. Background

Plaintiff, David H. Stenmark ("Plaintiff"), was employed by Hospital Trust National Bank from 1978 to 1992. When Hospital Trust was acquired by BankBoston in 1992, Plaintiff was retained as an employee of BankBoston. On or about March 2000, BankBoston was acquired by Fleet and Plaintiff was retained as an employee of Fleet. On or about April 1, 2004, Fleet "merged" with Bank of America ("BOA"), and Plaintiff was retained as an employee of BOA. Complaint at ¶ 10. Plaintiff's employment with BOA terminated on June 2, 2004.

When Fleet purchased BankBoston, one of the staff-reduction efforts resulted in the termination of "100 or more" employees. Complaint at ¶ 12. Those employees were given a severance package based upon their length of employment. Fleet "conveyed to all other employees, including Plaintiff" that the severance policy would be "written into any and all future acquisitions/mergers of Fleet. . . ." Id. at ¶ 13.

From the latter part of 2002 through the latter part of 2003, Fleet representatives asked Plaintiff to "temporarily fill" the vacant position of regional planner while also performing his regular job function of senior project manager. Complaint at ¶ 17. Fleet advised Plaintiff that his efforts would be rewarded and that the Fleet severance package would remain intact through any acquisitions/mergers.

Immediately prior to Plaintiff's termination, BOA notified him that he was scheduled for a job interview with a representative of Trammell Crow Company ("TCC"). TCC was the successful bidder for the management of the properties and projects that BOA acquired as a result of its acquisition of Fleet. Plaintiff asserts that BOA representatives informed him that he was required to attend the TCC job interview and accept any job offer with TCC or "forfeit any rights to severance benefits." Complaint at ¶ 20. Plaintiff, however, subsequently accepted a job offer from TCC after being advised by human resources personnel at BOA that he was not entitled to any severance benefits because his job functions were being outsourced and because TCC had offered him employment. Plaintiff applied for severance benefits under the Separation Pay and Benefits Plan of FleetBoston Financial Corporation and Participating Subsidiaries ("Plan"). His claim was denied.

The complaint alleges violations of various provisions of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and also asserts state-law based claims of fraud and negligent misrepresentation. Defendants have moved to dismiss the state-law based claims on the basis that these claims are preempted by ERISA. Plaintiff asserts that the bases and remedies for these state-law based claims are either separate from or too tenuously related to an ERISA plan, and, as such, are not preempted.

## III. ERISA and Preemption

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90

(1983). ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a) (emphasis added). A law or claim "relates to an employee benefit plan . . . if it has a connection with or reference to such a plan." Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 49 (1st Cir. 2000) (internal quotation marks and citation omitted). "[A] state law cause of action is expressly preempted by ERISA where a plaintiff, in order to prevail, must prove the existence of, or specific terms of, an ERISA plan." McMahon v. Digital Equipment Corp., 162 F.3d 28, 38 (1st Cir. 1998).

A cause of action relates to an ERISA plan "when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine" liability or damages under the state-law cause of action. Hampers, 202 F.3d at 52; Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790 (1st Cir. 1995); Vartanian v. Monsanto Co., 14 F.3d 697 (1st Cir. 1994). In Vartanian, the First Circuit held that a plaintiff's state-law claim of misrepresentation was preempted by ERISA because in order for the plaintiff to prevail the court would have to find that a plan existed. Id. at 700. Similarly in Carlo, the plaintiff brought a negligent misrepresentation claim against his former employer as a result of the employer's misrepresentation concerning the extent of benefits under the employer's retirement plan. Carlo, 49 F.3d at 792. The Carlo court held that the negligent misrepresentation claim was preempted by ERISA because a computation of damages would require the court's "inquiry [to] be directed to the plan." Id. at 794 (internal quotation marks and citation omitted).

In the complaint, Plaintiff specifically asserted that he relied "to his detriment on representations of the Defendants, as set forth in the BOA intranet, the Summary Plan

Description, and/or expressed orally." Complaint at ¶ 35. Significantly, the complaint does not include any allegation identifying any misrepresentations or statements allegedly made by Defendants regarding lost benefits or compensation that were unrelated to the Plan.[1]

Further, the fraud and negligent misrepresentation claims are delimited by Plaintiff's specific reference to benefits under the Plan. Plaintiff alleges that "Defendants intentionally misled [him] as to the terms of and the benefits to which he was entitled under the Plan. . . ." Complaint at ¶ 47 (emphasis added). At oral argument, Plaintiff's counsel conceded that the fraud claim was based upon the premise that "this plan doesn't apply to [Plaintiff] and it was represented that it would . . . . [T]he only reference is . . . that he was denied because it didn't apply to him in this situation, which is a misrepresentation that was made to him." Transcript of Oral Argument of Motion to Dismiss at 16: 16-17, 20-24. In essence, Plaintiff's state-law based claims require the Court to determine whether he is entitled to benefits and whether any misrepresentation regarding benefits occurred. Based upon the allegations in the complaint, in order to address those questions, the Court is required to look to the Plan. State-law based claims that require a court's inquiry be directed to the Plan are preempted by ERISA. McMahon, 162 F.3d at 39.[2]

---

[1]In his complaint, Plaintiff consistently relates his allegations to the Plan. For example, the complaint also provides that, as a result of Plaintiff's performing two jobs, Fleet "represented . . . that [Plaintiff's] extraordinary efforts would be rewarded in the future. In particular, on numerous occasions, Fleet continued to emphasize to Plaintiff and others that the Fleet severance package would remain intact and continuous through any future mergers/acquisitions." Complaint at ¶ 18 (emphasis added). The language of the complaint demonstrates that Plaintiff's state law claims relate to an ERISA plan. See generally Massey v. Stanley-Bostich, Inc., 255 F. Supp. 2d 7 (D.R.I. 2003).

[2]Plaintiff argues that New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co., 514 U.S. 645 (1995) and its progeny support his argument that ERISA does not preempt his state law claims. "Travelers . . . signaled a significant analytical shift in regard to the 'connection with' portion of the ERISA preemption inquiry . . . ." Carpenters Local Union No. 26 v. United States Fidelity & Guaranty Co., 215 F.3d 136,

## IV. Conclusion

Defendants' motion to dismiss Counts V and VI of the Complaint is granted.

SO ORDERED:

Mary M. Lisi
United States District Judge
August 24, 2006

140 (1st Cir. 2000). The impact on the "reference to" portion of the inquiry was "less than obvious." Id. at 142. With respect to the "reference to" inquiry, the Supreme Court's approach suggests that a "reference must be patent before ERISA preemption looms." Id. at 144 (citing California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc., 519 U.S. 316 (1997). However, "Dillingham makes clear that . . . state causes of action that are predicated on the existence of ERISA plans . . . refer to, and thus relate to, ERISA plans for purposes of 29 U.S.C. § 1144(a)." Carpenters, 215 F.3d at 143. Plaintiff's reliance on Travelers and its progeny is unavailing.