UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID H. STENMARK, Plaintiff, | : | |
| v. | : | CA 05-312 ML |
| BANK OF AMERICA CORPORATION, as successor and assignee of FLEETBOSTON FINANCIAL CORPORATION, SEPARATION PAY AND BENEFITS PLAN OF FLEETBOSTON FINANCIAL CORPORATION AND PARTICIPATING SUBSIDIARIES, and MAURO A. CIERI, in his capacity as Plan Administrator, Defendants. | : | |

**MEMORANDUM AND ORDER**
**GRANTING IN PART**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Before the Court is Defendant's [sic] Motion for a Protective Order (Document ("Doc.") #7) ("Motion"). Plaintiff has filed an objection to the Motion. See Plaintiff's Objection to Defendants' Motion for a Protective Order (Doc. #14). A hearing was held on September 26, 2006, and thereafter the Court took the matter under advisement.

In this action, Plaintiff seeks declaratory, injunctive, and other equitable relief, compensatory and punitive damages, attorney's fees, and costs against Defendants for claimed violations of various provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), arising out of an allegedly wrongful denial of benefits, failure to automatically provide notice and furnish required benefit plan information, and failure to furnish benefit plan information upon request. Complaint (Doc. #1) ¶ 1. Defendants have moved for a protective order quashing the discovery requests Plaintiff has served upon them (thirty-five requests for production and twenty-

five interrogatories) to the extent that those requests seek documents or information other than what is contained in the administrative record.[1] Motion at 1.

Defendants note that the Plan grants the Plan Administrator complete discretion to determine a claimant's eligibility for benefits. Memorandum of Law in Support of Defendants' Motion for a Protective Order ("Defendants' Mem.") at 4 (quoting the Plan), 6. As a consequence, in Defendants' view, the Court's review of the record is limited to that which was before the administrator. Id. at 6. Thus, Defendants appear to contend "that discovery in ERISA cases is limited to the administrative record," id. at 7 n.4 (citing Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 520 (1st Cir. 2005)). Defendants assert that:

> Allowing the record before Court to be expanded beyond the Administrative Record would, in effect, permit the Court to review the case on a *de novo* basis and impermissibly substitute its judgment for that of the Plan Administrator. Such a review would necessarily collide with the requirement that the Court evaluate the Plan Administrator's decision under the arbitrary and capricious standard of review.

Defendants' Mem. at 7 (footnote omitted). Therefore, according to Defendants, they are entitled to a protective order quashing the discovery requests to the extent that they seek information outside the Administrative Record. Id. at 8.

Plaintiff responds that:

> [T]he Plaintiff is not merely seeking administrative review of a denial of benefits under 29 U.S.C. §1132(a)(1)(B). The Complaint also seeks relief for breach of fiduciary duty resulting in the denial of benefits under 29 U.S.C. §1132(a)(3), breach of fiduciary duty arising out of the failure to automatically provide notice and furnish required benefit plan information

[1] Copies of the discovery requests are attached as Exhibit B to the Memorandum of Law in Support of Defendants' Motion for a Protective Order ("Defendants' Mem.").

> under 29 U.S.C. §§1021-1031 actionable under 29 U.S.C. §1132(a)(3), breach of fiduciary duty arising out of the failure to furnish benefit plan information upon request actionable under 29 U.S.C. §§1132(a)(1)(A) and 1132(c), and for common law fraud and negligent misrepresentation.[2]

Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for a Protective Order ("Plaintiff's Mem.") at 1-2. Plaintiff contends that each count of the Complaint requires consideration of information outside the scope of the Administrative Record and that, therefore, Defendants' motion for a blanket protective order should be denied. Id. at 3. The Court considers Plaintiff's contention as to each of the remaining four counts of the Complaint.

**I. Count One - 29 U.S.C. § 1132(a)(1)(B) (denial of benefits)**

In Count One, Plaintiff, acting pursuant to 29 U.S.C. § 1132(a)(1)(B), seeks to recover benefits due him under the Plan. Complaint ¶ 64. He alleges that Defendants by their acts and omissions, including but not limited to those described in the body of the Complaint, wrongfully denied and/or deprived him of benefits. Id. Plaintiff offers three justifications for allowing discovery relative this count. See Plaintiff's Mem. at 3-4. First, Plaintiff contends that the Plan, which Defendants state was amended as of March 29, 2004, under which Plaintiff's right to severance benefits was denied by Defendants, was never lawfully modified or otherwise not amended in accordance with the requirements imposed under ERISA. Id. at 3. Accordingly, Plaintiff contends that he is entitled to a determination of benefits based on the provisions of the Plan in existence prior to the faulty amendments and to discovery as to what that plan was. Id. Additionally, Plaintiff maintains that he is:

---

[2] The counts for fraud (Count Five) and negligent misrepresentation (Count Six) have been dismissed. See Memorandum and Order (Doc. #23) dated 8/24/06.

> entitled to discovery on the issues of, *inter alia*, whether Defendants filed an amended or modified Plan within the time frame and as required by ERISA, whether the purported modifications to the Plan were made as provided under, *inter alia*, 29 U.S.C. §1024(a)(1)(D),[3] and/or whether Defendants failed or refused to furnish the purported amended or modified Plan to the Plaintiff within the time frame and as required by ERISA under, *inter alia*, 29 U.S.C. §1024(b)(1).

Plaintiff's Mem. at 3 (citing Complaint ¶¶ 32-33).

Defendants counter that "Plaintiff is not entitled to discovery on whether the Plan was properly amended, in accordance with 29 U.S.C. § 1024(a) or (b), because this is not a claim in this case." Defendants' Reply to Plaintiff's Objection to Defendant's [sic] Motion for a Protective Order (Doc. #17) ("Defendants' Reply") at 2-3. They note that none of the six counts contains any reference to 29 U.S.C. § 1024 or alleges that the Plan was improperly amended. Id. at 3.

While it is true that the Counts do not explicitly refer to 29 U.S.C. § 1024, the allegations in the body of the Complaint are incorporated into each count, see Complaint ¶ 63, and these allegations include the claim that Defendants violated 29 U.S.C. § 1024(b)(1),[4] see Complaint ¶ 33, and also that "the Plan was never lawfully modified or otherwise not amended in accordance with the requirements under ERISA ...," id. ¶ 34. Thus, what Plan applies to Plaintiff's claim for benefit is an issue in this case. Cf. Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 25 (1st Cir. 2003)(noting that "the central issue must always be what the plan promised to [plaintiff] and what the plan delivered").

---

[3] The Court is unable to find § 1024(a)(1)(D) in the statute.

[4] Plaintiffs also allege that Defendants violated 29 U.S.C. § 1024(a)(1)(D). See Complaint ¶ 32; see also n.3.

Whether discovery is warranted in an ERISA case depends in part on if and in what respect the information sought to be discovered "*matters*." Liston v. Unum Corp. Officer Severance Plan, 330 F.3d at 25; see also Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005)(noting that "[w]hether evidence is admissible turns on the nature of the challenge to the decision; the answer to the question is not likely to turn on whether the standard of judicial review is de novo or arbitrary and capricious"). Here Plaintiff disputes that the version of the Plan which Defendants used to deny his claim was in fact the applicable Plan. See Complaint ¶¶ 32-34.

Regardless of which standard of review applies, if there is a dispute as to the applicable Plan, the Court must first determine which Plan applies to Plaintiff. Accordingly, the Court is persuaded that Plaintiff is entitled to discover what the prior Plan (i.e., prior to the March 29, 2004, amendment) was. Additionally, Plaintiff is entitled to limited discovery to determine whether Defendants filed the amended Plan within the time frame and as required by ERISA and whether Defendants failed or refused to furnish the amended or modified Plan to Plaintiff within the time frame and as required by ERISA under 29 U.S.C. § 1024(b)(1). Thus, the Court accepts Plaintiff's first argument that discovery should be allowed relative to Count One; however, discovery shall be limited to the extent stated immediately above.

Plaintiff's second argument for discovery relative to Count One is that Defendant Bank of America Corporation ("BOA"), as the designated sponsor of the Plan, retained sufficient control or influence and/or took a sufficiently active part in the administration of the Plan and other ERISA plans to subject it to liability for claims arising out of the administration of the Plan and other ERISA plans. Plaintiff's Mem. at 3-4 (citing

Complaint ¶¶ 6, 59). Plaintiff asserts that he is therefore entitled to discovery as to, inter alia, the existence, nature, and extent of such control and influence. Id. at 3. Plaintiff cites Law v. Ernst & Young, 956 F.2d 364, 372-74 (1st Cir. 1992), in support of this contention. Id. at 4.

Law stands for the proposition that in certain circumstances a plan sponsor may be held liable for failure to respond to information requests under ERISA §1132(c). 956 F.2d at 373. This Court does not read Law as authorizing additional discovery, at least not where, as here, the plaintiff has alleged nothing more than a legal conclusion without stating any facts to support that conclusion, see Complaint ¶¶ 6, 59; see also Orndorf v. Paul Revere Life Ins. Co., 404 F.3d at 520 (upholding the denial of discovery where plaintiff failed to demonstrate the pertinence of the request). Given the fact that "some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator," id.; accord Lopes v. Metro. Life Ins. Co., 332 F.3d 1, 5 (1st Cir. 2003); Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003), and that the Court is unpersuaded that Plaintiff's second argument for discovery as to Count One satisfies this standard, the argument fails, cf. Lopes v. Metropolitan Life Ins. Co., 332 F.3d at 5 (affirming district court's decision not to include evidence outside of the claim file notwithstanding plaintiff's claim that the plan administrator was potentially biased); Liston v. Unum Corp. Officer Severance Plan, 330 F.3d at 26 (acknowledging that plaintiff is handicapped by having to show that the outcome of discovery would be helpful before she can get access to materials, but that "this is the standard situation in discovery ..."); id. (noting that mandating discovery into collateral issues "would be at odds with the concerns about efficient

administration that underlie the ERISA statute").

Plaintiff's third argument is "that to the extent the Defendants [sic] exercised discretion as Plan Administrator, it was operating under a conflict of interest, which must be weighed as a factor in determining whether there was an abuse of discretion and/or whether Plaintiff was otherwise wrongfully denied or deprived of ERISA benefits, Comp. at ¶60."[5] Plaintiff's Mem. at 4 (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989)). Therefore, according to Plaintiff, he is entitled to discovery on the issue of whether, inter alia, Defendants were operating under a conflict of interest in determining Plaintiff's entitlement to benefits. Plaintiff's Mem. at 4.

It is true that "when a plan administrator labors under a conflict of interest, courts may cede a diminished degree of deference--or no deference at all--to the administrator's determinations." Leahy v. Raytheon Co., 315 F.3d 11, 16 (1st Cir. 2002). "To affect the standard of review, however, a

---

[5] Based on ¶¶ 59 and 60 of the Complaint, it appears that Plaintiff contends that Bank of America ("BOA") acted in part as Plan Administrator and that, to the extent BOA exercised discretion as Plan Administrator, it was operating under a conflict of interest:

> 59. BOA, in part, acted as Plan Administrator with respect to the dissemination of information concerning the Plan and other ERISA plans, so as to subject it to liability under 29 U.S.C. §1132(c). See Law v. Ernst & Young, 956 F.2d 364, 373 (1st Cir. 1992).
>
> 60. To the extent BOA exercised discretion as Plan Administrator, it was operating under a conflict of interest, which must be weighed as a factor in determining whether there was an abuse of discretion and/or whether Plaintiff was otherwise wrongfully denied or deprived of ERISA benefits. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989).

Complaint ¶¶ 59, 60.

conflict of interest must be real. A chimerical, imagined, or conjectural conflict will not strip the fiduciary's determination of the deference that otherwise would be due." Id. Here, Plaintiff alleges no facts to support his claim that BOA operated under a conflict of interest. See Complaint. Indeed, he appears to acknowledge that one of the purposes of the discovery which he seeks to conduct is to determine whether "Defendants were operating under a conflict of interest in determining Plaintiff's entitlement to benefits under the Plan." Plaintiff's Mem. at 4. This is akin to a fishing expedition.

Thus, Plaintiff's third argument for discovery relative to Count One, like his second, fails to satisfy the standard that there be "some very good reason," Orndorf v. Paul Revere Life Ins. Co., 404 F.3d at 520, to overcome "the strong presumption," id., that discovery of matters outside the administrative record should not be permitted, id.; see also id. (holding that district court was correct to deny plaintiff's request for discovery where "[t]here was no serious claim of bias or procedural misconduct toward [plaintiff]"); id. at 519 (stating "that the Liston rule about the admissibility of evidence outside the administrative record applies even when the denial of benefits is subject to de novo review"); id. ("The focus of the review under de novo review is still the administrator's decision and must ordinarily be based on the administrative record."). Consequently, the Court rejects Plaintiff's third argument for discovery as to Count One.

## II. Count Two - 29 U.S.C. § 1132(a)(3) (breach of fiduciary duty - denial of benefits)

Plaintiff "contends that he was misled by trickery as to what his severance benefits rights were and would be, and, like the beneficiaries in Varity [Corp. v. Howe, 516 U.S. 489, 116 S.Ct. 1065 (1996)], he is entitled to receive the benefits as represented to him, notwithstanding what he otherwise would have been legally entitled to under the Plan in existence as of the

date of his termination." Plaintiff's Mem. at 5. Thus, he argues, he should be "permitted to discover information and/or documentation outside of the administrative record relative to the issue of, *inter alia*, whether, why, by what manner, by whom, and/or if at all Plaintiff was misled or deceived by the Defendants and/or whether the Defendants saved money at Plaintiff's expense by such conduct." Id. at 6.

The Court finds Varity to be distinguishable from Plaintiff's case. In Varity, the Supreme Court emphasized that the plaintiffs' only possible avenue for recovery was under ERISA's "catch all" breach of fiduciary duty provisions, § 1132(a)(3). See Varity, 516 U.S. at 512, 116 S.Ct. at 1078; id. at 515, 116 S.Ct. at 1079 ("They must rely on the *third* subsection or they have no remedy at all."). The Varity Court, in determining that § 1132(a)(3) permits individuals to enforce fiduciary obligations owed directly to them as individuals, id. at 515, 116 S.Ct. at 1079; see also id. at 492, 116 S.Ct. at 1068, addressed the arguments submitted by by amici in opposition to such a holding, id. at 513-15, 116 S.Ct. at 1078-79. Among these arguments were that adverse consequences would result, including that beneficiaries would "repackage his or her 'denial of benefits' claim as a claim for 'breach of fiduciary duty[,]'" id. at 513, 116 S.Ct. at 1078, and that "lawyers will complicate ordinary benefit claims by dressing them up in 'fiduciary duty' clothing," id. at 514, 116 S.Ct. at 1078. The Varity Court responded to these concerns by opining that they seemed unlikely to materialize, see id., because, for among other reasons, it "expect[ed] that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate,'" id. at 515, 116 S.Ct. at 1079.

Here Plaintiff has asserted a claim under 29 U.S.C. §

1132(a)(1)(B) for benefits under the Plan. See Count One. He is not entitled to pursue duplicate relief under § 1132(a). See LaRocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002)("if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)]"); Green v. ExxonMobil Corp., 413 F.Supp.2d 103, 115 (D.R.I. 2006)("Under Varity and LaRocca, Plaintiffs are barred from pursuing the same remedy through an alternate subsection."); see also Mauser v. Raytheon Co. Pension Plan for Salaried Employees, 239 F.3d 51, 58 (1st Cir. 2001)("The Supreme Court [in Varity] has thus limited the applicability of an individual claim for breach of fiduciary duty to those participants who are unable to avail themselves of other remedies."). Accordingly, the Court finds that Plaintiff is not entitled to conduct discovery outside the administrative record as to Count Two and that the Motion should be granted as to the claim pled in that count.[6]

---

[6] In reaching this conclusion, the Court is also influenced by the fact that:

> The Supreme Court has cautioned that we must be mindful of the "competing congressional purposes [behind ERISA], such as Congress' desire to offer employees enhanced protection for their benefits ... and ... its desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place."

Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 113 (1st Cir. 2002) (quoting Varity Corp. v. Howe, 516 U.S. 489, 497, 116 S.Ct. 1065, 1070 (1996))(alterations in original); see also Vartanian v. Monsanto Co., 131 F.3d 264, 269 (1st Cir. 1997)("Any application of trust principles in an ERISA case must ... be tempered by a scrupulous regard for the delicate balance Congress struck in enacting ERISA."); id. at 271 ("A primary concern of Congress in enacting ERISA was not to discourage employers from offering pensions. 'We know that new pension plans will not adopted and that existing plans will not be expanded and liberalized if the costs are made overly burdensome, particularly for employers who generally foot most of the bill.'")(quoting 120 Cong. Rec. 29,945 (1974)(Statement of Senator Long).

**III. Count Three - 29 U.S.C. § 1132(a)(3) (breach of fiduciary duty--failure to automatically provide notice and furnish information)**

The same reasoning which caused the Court to grant the instant Motion relative to Count Two also applies to Count Three. In Count Three, Plaintiff again seeks to utilize the "catchall" provision contained in § 1132(a)(3), Varity, 516 U.S. at 512, 116 S.Ct. at 1078, even though he has a claim for a denial of benefits (Count One) under § 1132(a)(1)(B) and also a claim under 29 U.S.C. § 1132(a)(1)(A) for failure to furnish information upon request (Count Four), see Varity, 516 U.S. at 515, 116 S.Ct. at 1079 ("where Congress has elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief"); Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 112 (1st Cir. 2002)("[A]lthough § 1132(a)(3) is a 'catch all' remedy, relief is not 'appropriate' within the meaning of this subsection 'where Congress elsewhere provided adequate relief for a beneficiary's injury' and there is 'no need for further equitable relief.'")(quoting Varity, 516 U.S. at 515, 116 S.Ct at 1079); see also id., 298 F.3d at 117 ("[S]ubstantive remedies typically are not available for violations of ERISA's technical notice and disclosure requirements. For garden variety technical violations, beneficiaries are limited to their remedies under § 1132(c). [Plaintiff] has no remedy under § 1132(a)(3)."). Accordingly, the Motion is granted as to Count Three.

**IV. Count Four - 29 U.S.C. § 1132(a)(1)(4) (failure to furnish information upon request).**

With regard to Count Four, Defendants argue that since the "administrative record in this matter did not close until February 25, 2005, nearly one month after plaintiff admittedly received the final response to his request," Defendants' Reply at 6, the record should therefore encompass all of the information Plaintiff requires concerning this count, id. Plaintiff contends

that because the Court has discretion as to whether to impose a civil penalty for failure to provide the requested information under 29 U.S.C. § 1132(c), "it is relevant whether the defendant's conduct, *inter alia*, involved active concealment, fraud and/or prejudice to the plaintiff employee." Plaintiff's Mem. at 7 (citing Watson v. Deaconess Waltham Hosp., 298 F.3d at 113-115; Sullivan v. Raytheon Co., 262 F.3d 41, 52 (1st Cir. 2001)). Accordingly, Plaintiff maintains that he is entitled to:

> discover information and/or documentation outside the administrative record relative to, *inter alia*, whether Plaintiff requested the subject information in writing, whether the request was received by Defendants, when Defendants' [sic] responded, whether the response was full and complete, whether and why Defendants failed to respond in a full and timely manner, and whether such failure involved, *inter alia*, active concealment, fraud and/or prejudice to the Plaintiff.

Plaintiff's Mem. at 7.

In the Court's view, it seems likely that most of what Plaintiff requires relative to Count Four is already in the record or can be addressed by a stipulation between the parties. Additionally, bearing in mind the competing purposes behind ERISA, see n.6, the Court is disinclined to permit the type of wide-open discovery reflected in the discovery requests which Plaintiff has served upon Defendants. However, there may be some information absent from the existing record relative to Count Four which cannot be addressed by stipulation and as to which some limited discovery would be appropriate. Accordingly, the Court declines to grant the Motion as to Count Four.

**Summary**

In summary, as to the claims pled in Counts Two and Three, the Motion is GRANTED. As to the claims pled in Counts One and Four, the Motion is GRANTED IN PART AND DENIED IN PART. Plaintiff may conduct limited discovery relative to Count One to:

a) obtain a copy of the Plan as it existed prior to the March 29, 2004, amendment; b) determine whether Defendants filed an amended Plan within the time frame and as required by ERISA; and c) ascertain whether Defendants failed or refused to furnish the amended or modified Plan to Plaintiff within the time frame and as required by ERISA under 29 U.S.C. § 1024(b)(1). As to the claim pled in Count Four, Plaintiff may conduct limited discovery if he can demonstrate that there is information which is not in the administrative record and which cannot be included by stipulation.

Because the Court has granted in large measure the Motion, Defendants need not respond to the discovery requests which Plaintiff has propounded to date. Prior to propounding any new discovery requests, Plaintiff shall explore with Defendants the possibility of supplementing the record by means of a stipulation regarding those areas as to which the Court has indicated it would allow limited discovery. If an agreement regarding such supplementation cannot be reached, Plaintiff may propound new discovery requests which address those areas.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
September 29, 2006

BY ORDER:

Deputy Clerk