**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID H. STENMARK,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No. 05-312 ML** |
| | : | |
| **BANK OF AMERICA CORPORATION,** | : | |
| **as successor and assignee of** | : | |
| **FLEETBOSTON FINANCIAL** | : | |
| **CORPORATION, SEPARATION PAY** | : | |
| **AND BENEFITS PLAN OF** | : | |
| **FLEETBOSTON FINANCIAL** | : | |
| **CORPORATION AND** | : | |
| **PARTICIPATING SUBSIDIARIES, and** | : | |
| **MAURO A. CIERI, in his capacity as** | : | |
| **Plan Administrator,** | : | |
| **Defendants** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO U.S. MAGISTRATE JUDGE'S MEMORANDUM AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER DATED SEPTEMBER 29, 2006**

## I. INTRODUCTION

This is an action brought by the Plaintiff seeking declaratory, injunctive, and other equitable relief, compensatory and punitive damages, attorney's fees, and litigation expenses, and other remedies against the Defendants for violations of various provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461 ("ERISA"). The Defendants in this action filed a motion for a protective order *seeking a blanket prohibition of any and all discovery filed by the Plaintiff to the extent it seeks information beyond the "administrative record."*

Contrary to the Defendants' contentions and the case law on which they rely, it is readily apparent from the face of the Complaint that the Plaintiff is not merely seeking administrative review of a denial of benefits pursuant to §1132(a)(1)(B), which is alleged in Count One. The Complaint also seeks relief under Count Two for breach of fiduciary duty resulting in the denial of benefits under §1132(a)(3), under Count Three for breach of fiduciary duty arising out of the failure to *automatically*

provide notice and furnish required benefit plan information under §§1021-1031 actionable under §1132(a)(3), and Count Four for breach of fiduciary duty arising out of the failure to furnish benefit plan information *upon request* actionable under §§1132(a)(1)(A) and 1132(c).[1] Accordingly, Plaintiff objected to Defendants' motion for a blanket protective order insofar as ***each*** of the counts of the Complaint required consideration of information outside the scope of the administrative record, for the reasons set forth in detail in Plaintiff's memorandum of law in support of his foregoing objection. Plaintiff subsequently filed a Notice of Supplemental Authority to bring to the Court's attention additional First Circuit case law—which also involved claims similar to those in *Varity Corporation v. Howe*, 516 U.S. 489 (1996), that supported his contention that adjudication of the claims at issue required discovery beyond the administrative record.[2]

Notwithstanding the foregoing, U.S. Magistrate Judge David L. Martin issued a Memorandum and Order on September 29, 2006, which *largely granted* Defendants' Motion for Protective Order ("Ord."). With respect to *Count One*, the Plaintiff is permitted only to a) obtain a copy of the plan as it existed prior to the March 29, 2004 amendment; b) determine whether Defendants filed an amended Plan within the time frame and as required by ERISA; and, c) ascertain whether Defendants failed or refused o furnish the amended or modified Plan to Plaintiff within the time frame and as required by ERISA. Ord. at 12-13. ***Plaintiff is prohibited from any discovery whatsoever*** with respect **to his *Varity* breach of fiduciary duty claim under Count Two, solely because the Plaintiff purportedly "has an adequate remedy under the plan." He is also prohibited from engaging in discovery**

[1] This Court previously issued a Memorandum and Order in this matter dated August 24, 2006 dismissing Count Five alleging common law fraud and Count Six alleging negligent misrepresentation.

[2] *Vartanian v. Monsanto Co.*, 131 F.3d 264, 269, 271-272 (1st Cir. 1997)(employer breaches its fiduciary duty under ERISA when it misrepresents to its employees that no change in severance benefits is forthcoming, when, in fact, such a change is under "serious consideration;" determination of whether change was under "serious consideration" requires fact-specific totality of circumstances inquiry and analysis; and, suggesting that if confronted with "positive misrepresentation" by employer, this may be material "regardless of whether future changes are under consideration at the time the misstatement is made"); *see also Rodowicz v. Massachusetts Mutual Life Insurance Company*, 192 F.3d 162, 173-174 (1st Cir. 1999).

**with respect to his failure to automatically disclose information claim under Count Three**. Ord. at 8-11, 13. With respect to Count Four, Plaintiff is permitted limited discovery beyond the still undetermined "administrative record," **but only if he can demonstrate "there is information which is not in the administrative record and which cannot be included by stipulation**." Ord. at 12-13.

The practical effect of the Magistrate Judge's order is to, *inter alia*, *sub silentio* dismiss Count Two and to amend the Federal Rules such that the propounder of discovery now has the burden of establishing its necessity, instead of the responding party having the burden to justify any objection. Accordingly, Plaintiff filed a timely objection to the Magistrate Judge's ruling and the within memorandum of law in support thereof, requesting that the order be modified or set aside, on the grounds that the limitations placed on discovery are clearly erroneous and/or contrary to law.

## II. SUMMARY

The Magistrate Judge's entire decision is effected by error due to its reliance on legal authority limiting discovery to the administrative record with respect to claims seeking administrative review of a plan administrator's denial of benefits under ERISA. **Even a cursory review of the Complaint reveals that the gravamen of the dispute before the Court is a *Varity* breach of fiduciary duty claim arising out of repeated misrepresentations made to Plaintiff by Defendants, on which Plaintiff relied to his detriment, and which ultimately deprived Plaintiff of benefits under the Plan**. The essence of the case is not whether the Defendants abused their discretion in denying Plaintiff severance benefits, or the appropriate standard of review relative thereto to the extent the decision was impacted by a conflict of interest. Indeed, assuming, *arguendo,* the Plan was properly amended in the manner claimed by the Defendant Plan Administrator in his determination denying benefits, as conceded in oral argument before the Magistrate Judge, Plaintiff would not be entitled to severance benefits under any standard of review.

***The basis and motivation for Plaintiff bringing the within action against the Defendants is that they lied and made misrepresentations to him***. That the Defendants, by trickery and guile, including amending (or purporting) to amend the Plan just two (2) days before the merger between Fleet and Bank of America ("BOA"), induced the Plaintiff to perform above and beyond the call of duty, to work two jobs, without any additional pay, and to continue his employment with Fleet/BOA and forego seeking or accepting other job opportunities with more advantageous terms of employment, including job security. In order to prevent mass defections of employees, the Defendants, ***deliberately and intentionally***, through postings on the internet, public pronouncements of the President of Fleet and others, and direct representations made to Plaintiff by his supervisors, ***deceived*** Plaintiff, by falsely representing that in the event of a future merger, all employees terminated would be entitled to essentially the same severance benefits as provided in the past. ***They lied.*** Plaintiff was terminated without severance benefits on account of the BOA merger. He was denied benefits because his job was "outsourced"—meaning someone other than BOA was now providing those services—and he was offered a job, *which was not comparable,* with the outsource provider. ***This was never part of the Plan as represented by the Defendants up to and even immediately after the merger***. Indeed, to the contrary, the Defendants made repeated assertions the plan offered in the past would not be changed.

Based on binding First Circuit precedent, *Varity* (knowingly and significantly participating in deception of plan beneficiaries) and *Vartanian v. Monsanto Co.,* 131 F.3d 264 (1st Cir. 1997)(changing severance benefits without notice and/or contrary to employer representations), Plaintiff has alleged a viable and compelling claim for breach of fiduciary duty under ERISA, §1132(a)(3), in Count Two. Nevertheless, because Plaintiff has also pled, *in the alternative*, a wrongful denial of benefits claim in Count One under §1132(a)(1), ***which has no chance of success if the plan was technically, properly amended***, the Magistrate Judge has denied any discovery on Plaintiff's breach of fiduciary duty claim—and essentially effectuated a dismissal of that count—because Plaintiff purportedly has "an

adequate remedy under the plan." Ord. at 10. ***In other words, if the Defendants' last minute amendment of the plan contrary to previous, intentional misrepresentations, was technically proper under ERISA, they will be permitted to benefit from their trickery. Not only would this lead to an absurd result and permit the Defendants to benefit from their breach of fiduciary duty, but it is also directly contrary to the Varity/Vartanian line of cases.*** Indeed the *Varity* plaintiffs were entitled to pursue a wrongful denial claim, the problem was the plan was insolvent, a situation brought about by the employer's trickery. In the case at bar, the Plaintiff is also entitled to pursue a wrongful denial claim, but like the plaintiffs in *Varity,* if the Plan was in fact properly amended, he would not succeed due to the Defendants' trickery in secretly amending the Plan at the last minute, contrary to the Defendants' repeated representations, on which Plaintiff relied to his detriment.

The Magistrate Judge also erred in ruling Plaintiff could not conduct discovery as to whether the Plan Administrator was acting under a conflict of interest or whether Fleet/BOA, as sponsor, exercised sufficient control to subject it to liability. This was clearly erroneous as the ruling "put the cart before the horse," by requiring that Plaintiff to establish facts to support the allegation before *any* discovery could be conducted—even though there is a plethora of facts pled in the Complaint which support the above two allegations. The foregoing limitations on discovery not only prevent Plaintiff from establishing that a more deferential standard than abuse of discretion applies to his Count One claim, but it also impairs Plaintiff's ability to establish that Fleet/BOA, as employer, was, at all relevant times, acting as a fiduciary under the Plan, as part of Plaintiff's Count Two claim.

Similarly, the denial of discovery with respect to Plaintiff's Count Three claim of *failure to automatically provide information regarding the Plan and the purported disputed amendment thereto*, potentially impairs the ability of Plaintiff to establish the timing, mechanism, and means of the Defendants' intentional and wrongful deception which is material to his Count Two claim.

The Magistrate Judge's ruling relative to discovery under Count Four impermissibly reverses the presumption under the Federal Rules that the responding party must justify a refusal to respond, and requires Plaintiff to justify any discovery relative thereto, even though he has already shown the necessity of the discovery, particularly with respect to the potentially difficult element of establishing prejudice, and in the context where Defendants have make a blanket objection to discovery, meaning Plaintiff could conceivably be required to establish the basis for *any* discovery.

Finally, the Magistrate Judge erred, as a general proposition, in adjudicating a request for a blanket protective order limiting discovery to the "administrative record," without knowledge of the content thereof, purporting to rule on the scope of permissible discovery by each claim alleged, and not the content of the request or nature of information sought, and reversing the normal presumption of the discoverability of information as to one count in the Complaint. The Magistrate Judge's ruling has created confusion and caused unnecessary additional expenditure of time and expense on the part of Plaintiff, and threatens to create further confusion and cause further unnecessary delay and expenditure of time and resources by the parties, and will not lead to the just, speedy and inexpensive determination of this action, contrary to the mandate of Fed.R.Civ.P. 1.

## III. STANDARD OF REVIEW

This Court may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a).

## IV. ARGUMENT

### A. The Magistrate Judge Erred In Prohibiting Discovery With Respect To Plaintiff's Breach Of Fiduciary Duty Claim As It Has Not Been Established That Plaintiff Has An Adequate Remedy Under The Plan.

#### Magistrate Judge Erred

The Magistrate Judge granted the protective order to the extent of prohibiting any discovery with respect to Plaintiff's breach of fiduciary duty claim under Count Two solely on the purporte

grounds that the Plaintiff has an adequate remedy under the plan for denial of benefits under §1132(a)(1), which purportedly bars a breach of fiduciary duty claim under §1132(a)(3). Ord. 10. This ruling was clearly erroneous and contrary to law. ***It has not been established that Plaintiff has any remedy under §1132(a)(1) for denial of benefits.*** Indeed, if it is established that the Plan was properly amended in the manner claimed by the Plan Administrator in his determination denying Plaintiff severance benefits, Plaintiff has conceded he has no right to benefits under§1132(a)(1), ***and therefore no remedy***. **Plaintiff is permitted to plead in the alternative.** He is not deprived of a remedy by the Defendants' trickery in making repeated, intentional misrepresentations merely because the last minute amendment may have been technically proper. ***Indeed, the purpose of a Varity breach of fiduciary duty claim is to provide a remedy in a situation where a beneficiary is not entitled to benefits under the plan, but where the failure to grant a remedy would work an inequity or forfeiture caused or made possible by the breach of an employer/plan administrator's fiduciary duty.***

***Varity v. Howe***

In *Varity v. Howe*, 516 U.S. at 489, a group of beneficiaries claimed that an employer/plan administrator, acting as a fiduciary, through trickery, led them to withdraw from an ERISA plan and forfeit their benefits. The plaintiffs in that case sought, among other things, an order that in essence would reinstate each of them as a participant in the employer's ERISA plan. *Id.* at 492. The Supreme Court affirmed the lower court ruling entering judgment in the employee's favor. The foregoing case is relevant to Plaintiff's breach of fiduciary duty claim in at least two respects.

First, Plaintiff alleges he was misled by Fleet/BOA that the Plan would not be changed and that he would be entitled to severance benefits should he be terminated in a subsequent merger, even if his job was outsourced. Comp. at ¶¶12-15. In reliance thereon, Plaintiff actually worked two jobs on behalf of Fleet/BOA for a period of time and continued his employment with Fleet/BOA, foregoing other possible opportunities, until he was terminated by BOA on June 2,

2004. *Id.* at ¶¶16-18. Additionally, postings on the Fleet/BOA intranet continued to reflect that there was, in fact, no change in the Plan as it relates to the definition of a covered termination ***even after*** the announcement of the Fleet/BOA merger—as late as early April 2004. *Id.* at ¶¶12-15, 26-7. Nevertheless, unknown to Plaintiff, the Defendants secretly amended the Plan on March 29, 2004, two (2) days before the effective date of the merger. *See* Exhibit A. to Memorandum of Law in Support of Defendants' Motion for Protective Order ("Exhibit A").

Second, Fleet/BOA represented to Plaintiff ***that he had to accept the Trammel Crow Company (TCC) job, otherwise he would be left without a job and without severance***. *Id.* at ¶¶20, 23-27. Plaintiff contends ***this representation was also false*** **and constitutes the same type of deception proscribed in *Varity***, insofar as Plaintiff would not have accepted the non-comparable TCC job, had he known that he would thereby be forfeiting severance benefits under the Plan. *Id.* at ¶¶20, 47. Plaintiff alleges Defendants intentionally mislead him as to the terms of and the benefits to which he was entitled under the Plan, in particular, that he had to accept the TCC job, whether or not it was comparable, or forfeit any benefits under the Plan, and thus induced Plaintiff to accept a non-comparable job, which he would not have accepted but for Defendants' misrepresentations, thereby prejudicing Plaintiff's entitlement to benefits under the Plan.[3] *Id.* at ¶47.

The Plaintiff contends that he was misled by trickery as to what his severance benefits rights were and would be, and, like the beneficiaries in *Varity*, he is entitled to receive the benefits as represented to him, notwithstanding what he otherwise would have been legally entitled to under the Plan in existence as of the date of his termination. Moreover, technically, the beneficiaries in *Varity* had a right to pursue a denial of benefits claim; the problem is that, due to the defendants' trickery in that case, there were no funds with which to pay benefits. Similarly, in the case at bar, Plaintiff technically has the right to pursue a denial of benefits claim; the problem is that, due to the

[3] *See McCall v. Burlington N./Santa Fe Co.*, 237 F.3d 506, 510 (5th Cir.2000)(when ERISA plan administrator speaks in its fiduciary capacity concerning a material aspect of the plan, it must speak truthfully).

Defendants' trickery in amending the Plan at the last minute contrary to repeated and intentional false representations, he is not entitled to any benefits.[4]

***Vartanian v. Monsanto***

A case in some ways more closely analogous to the case at bar is *Vartanian,* 131 F.3d at 264. In that case, an employee brought an action under ERISA alleging that his former employer breached its fiduciary duty by failing to inform the employee, prior to his retirement, that it was considering offering an enhanced severance package. Although the court held that the plaintiff was not entitled to relief in that case, the First Circuit held that a claim for breach of fiduciary duty arises where an employer fails to disclose that a prospective change in plan benefits is under "serious consideration." 131 F.3d. at 268-272. The court defined "serious consideration" as the point when a specific proposal, which would affect a person in the position of the plaintiff, is being discussed for purposes of implementation by senior management with authority to implement that change. *Id.* The court further noted that whether a change was under "serious consideration" requires a fact-specific, totality of circumstances inquiry and analysis. *Id.* at 271-272. Finally, although the court noted the issue was not before it, the court expressly stated that "[i]t seems reasonable that where an allegation of positive misrepresentation is involved, that 'aspect of the assurance can render it material regardless of whether future changes are under consideration at the time the misstatement is made.'" *Id.* at 269. Accordingly, although it did not so hold in the context of that case, **the *Vartanian* Court strongly suggested that where, as here, an employer makes false representations that no change in severance benefits were contemplated, on which a**

---

[4] The employer in *Varity* apparently retained the right under the plan to modify or terminate existing benefits. 516 U.S. at 493. However, he chose instead to rely on trickery to induce beneficiaries to waive their benefits and switch to an employer with an insolvent plan "to avoid the undesirable fallout that could have accompanied cancellation." *Id.* Similarly, in the case at bar, to avoid massive employee defections prior to and during the merger transition, ***the Defendants chose to continue representing there would be no change in benefits by postings on the intranet and otherwise, and disclosing the change at the last minute, after the fact, once their employee/beneficiaries had been fully exploited, and Defendants had no need to continue to induce their loyalty.***

**beneficiary relies to his or her detriment, a claim for breach of fiduciary duty would arise.** *Vartanian* is relevant to Plaintiff's breach of fiduciary duty claim in at least two respects.

First, in light of the long delay between October 27, 2003, the announcement of the merger, *see* Exhibit A, and the purported amendment of the Plan on March 29, 2004, ***there is a reasonable inference that a change to the Plan, excluding terminated employees whose jobs where outsourced, was under "serious consideration" long before mid April of 2004 when it was disclosed to employees via the intranet.*** Second, in light of the allegations that the Defendants repeatedly and intentionally represented there would be no change in severance benefits up until the date of the change and even immediately thereafter, ***that Defendants had engaged in the type of "positive misrepresentations" which are actionable as a breach of fiduciary duty, regardless of whether a change was under "serious consideration" at the time.***[5]

Moreover, technically, the beneficiary in *Vartanian,* like the beneficiaries in *Varity*, had a right to pursue a denial of benefits claim; the problem is that, due to the defendants' trickery in making express representations that no enhancement in severance benefits were contemplated, the plaintiff in *Vartanian* was not entitled to enhanced severance benefits under the plan in existence at the time he retired, in reliance, in part, on the employer's representations. Similarly, in the case at

---

[5] Many other Courts of Appeal, relying on *Varity* and related Supreme Court precedent, hold that when an employer chooses, in its discretion, to communicate about future plan benefits, it does so as a fiduciary under ERISA, *and must do so truthfully, regardless of whether or to what extent any change is under consideration. See, e.g., Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 425 (5th Cir. 2003)*("Varity* does not suggest that the obligation not to misrepresent materializes near the end of a progression, but rather implies that whenever an employer exercises a fiduciary function, it must speak truthfully. Nor do we find a safe harbor for predictions of the future. *When an employer speaks to the future of a plan, employees are justified in concluding that it is backed by the authority of a plan administrator, and should therefore be entitled to trust in those representations..* . . We . . . decline to find . . . that a misrepresentation is only material, and therefore actionable, once the company has seriously considered the plan change. This view does not comport with the Supreme Court's dictates, in the related context of securities law, that materiality is a fact-specific inquiry not capable of easy line-drawing." (emphasis addied, citation omitted)); *see also Wayne v. Pacific Bell*, 238 F.3d 1048, 1050–1051(9th Cir. 2001), *cert denied, Pacific Bell Telephone Co. v. Wayne*, 534 U.S. 814 (2001)(employer-fiduciary may not actively misinform its plan beneficiaries about the availability of future retirement benefits to induce their conduct in manner desired by employer, regardless of whether or not it is seriously considering future plan changes); *Ballone v. Eastman Kodak Co.,* 109 F.3d 117, 124 (2d Cir.1997)(same); *see generally*, *McCall v. Burlington N./Santa Fe Co.*, 237 F.3d 506, 510 (5th Cir.2000)(when ERISA plan administrator speaks in its fiduciary capacity concerning a material aspect of the plan, it must speak truthfully).

bar, Plaintiff's denial of benefits claim would be equally fruitless, if the Plan was technically properly amended under ERISA, in the manner claimed by the Defendants.

In summary, it ***has not been established that Plaintiff has an adequate remedy for denial of benefits under ERISA. Indeed, he does not if the Plan was properly amended under ERISA.***[6] Moreover, Plaintiff has alleged that it was ***the Defendants' trickery giving rise to the breach of fiduciary duty claim that deprived him of a remedy*** under §1132(a)(1). Accordingly, **Plaintiff is entitled to engage in discovery in order to gather the information necessary to permit a finder of fact to engage in a fact-specific, totality of circumstances inquiry and analysis as to whether a change in severance benefits was under "serious consideration."** This includes discovery of information and/or documentation outside of the administrative record relative to the issue of, *inter alia*, whether, why, when, by whom, in what capacity, and/or if at all a change in severance benefits was under consideration. **Plaintiff is also entitled to discovery relative to the alternative theory suggested in *Vartanian*, specifically, whether, why, when, by what manner, by whom, in what capacity, and/or if at all Defendants made "positive misrepresentations"** regarding changes in severance benefits and whether Plaintiff was misled or deceived by the Defendants thereby, and/or whether the Defendants saved money at Plaintiff's expense by such conduct.

**B. <u>The Magistrate Judge Erred In Prohibiting Discovery With Respect To Whether Defendant Fleet/BOA, As Plan Sponsor, Retained Sufficient Control Or Influence So As To Subject It To Liability And Whether The Defendant Plan Administrator Was Operating Under A Conflict Of Interest So As To Invoke A Deferential Standard Of Review.</u>**

**Magistrate Erred**

---

[6] Without the benefit of discovery, Plaintiff is reluctant to dismiss his Count One claim, and he should not have to. Plaintiff is entitled to plead in the alternative. Moreover, it is not in the interests of any of the parties for him to do so. In the event the Plan was not properly amended, and therefore his termination by Fleet/BOA should have triggered his right to benefits, the case is over. There would be no need to litigate Plaintiff's more complex breach of fiduciary duty claim. Finally, the discovery relative to whether the Plan was properly modified requires inquiry into the circumstances surrounding the amendment of the Plan, and thus substantially overlaps with discovery necessary to establish Plaintiff's Count Two breach of fiduciary duty claim.

The Magistrate Judge erred in ruling Plaintiff could not conduct discovery as to whether the Defendant Plan Administrator was acting under a conflict of interest or whether Defendant BOA, as sponsor, exercised sufficient control to subject it to liability. Ord. at 5-8. The Magistrate Judge based his foregoing rulings on the purported "lack of facts" to support either of the *express allegations* in the Complaint. Ord. at 6,8. Although the Magistrate Judge made the foregoing determinations in relation to Count One, unless his decision is set aside, Plaintiff is concerned it will impair or create confusion relative to the conduct of future discovery. In the first instance, the Magistrate Judge wrongly relied upon "denial of benefits" case law when, as discussed extensively in the previous section, the gravamen of this case is breach of fiduciary duty. Second, he invoked an erroneous "cart before the horse" pleading requirement not required under Fed.R.Civ.P. 8. Finally, there are ample factual allegations in the Complaint supporting inferences relative to Fleet/BOA's liability as an employer-fiduciary and sponsor and the Plan Administrator's conflict of interest caused, in part, as a result.

**Allegations in Complaint and Potential Inferences Drawn Therefrom**

Plaintiff expressly alleges that Fleet/BOA, as the designated "sponsor" of the Plan, retained sufficient control or influence and/or took a sufficiently active part in the administration of the Plan and other ERISA plans to subject it to liability for claims under ERISA arising out of the administration of the Plan and other ERISA plans, Comp. at ¶¶6, 59. *See, e.g., Law v. Ernst & Young*, 956 F.2d 364, 372-374 (1st Cir. 1992). Plaintiff contends he is therefore entitled to discovery as to, *inter alia,* the existence, nature, and extent of such control and/or influence. Plaintiff also alleges that to the extent Defendants exercised discretion as Plan Administrator, they were operating under a conflict of interest, which must be weighed as a factor in determining whether there was an abuse of discretion and/or whether Plaintiff was otherwise wrongfully denied benefits, Comp. at ¶60. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989). Plaintiff

contends he is therefore entitled to discovery on the issue of whether, *inter alia,* Defendants were operating under a conflict of interest in denying Plaintiff's entitlement to benefits under the Plan.

First, the Plaintiff is not legally obligated to allege any particular facts or elements in order to establish a claim for relief under the Federal Rules. The only requirement under Fed.R.Civ.P. 8(a) is to allege "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." One must assume the same rule applies with respect to "collateral issues," so-called, by the Magistrate Judge. Contrary to the Magistrate Judge's contention, Plaintiff is not required to plead evidence.[7] Accordingly, the Magistrate Judge's contention that the Plaintiff must plead any particular facts merely to entitle him to engage in discovery is contrary to law.[8]

Second, even without any discovery, Plaintiff has alleged ample, specific factual allegations supporting the Plaintiff's contention that Fleet/BOA was at all times *legally* acting as an employer-fiduciary and sponsor, which retained substantial control over the Plan and that the Plan Administrator was acting under a conflict. Plaintiff has alleged that Fleet/BOA conveyed to all employees, including Plaintiff, that the same severance plan applied in the past would remain in effect with respect to any future mergers/acquisitions, with the exception that the maximum benefit would be limited to one year's salary, Comp. at ¶13, that Fleet/BOA management, including its president, reiterated and continuously reinforced this promise, *id* at ¶¶14-15, that Fleet/BOA represented to Plaintiff that his extraordinary efforts would be rewarded should there be a future merger/acquisition, *id.* at ¶18, that Fleet/BOA represented in official communications and on its intranet the continued existence of the

---

[7] *See Moore v. Clarke*, 821 F.2d 518, 519 (8th Cir. 1987)("whole spirit" of Federal Rules "is to discourage the pleading of evidence").

[8] When considering the sufficiency of pleadings on a "collateral issue," Plaintiff submits that a trial court is required to basically apply a motion to dismiss standard, which is that a court must accept all facts pled as true and draw all inferences from those facts in a light most favorable to the non-moving party. *Harper v. Cserr*, 544 F.2d 1121, 1122 (1st Cir. 1976). A complaint may not be dismissed for failure to state a claim unless it appears beyond doubt from the pleadings that the party opposing the motion can prove no set of facts which would support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a court is not required to *assume* facts, *it must draw reasonable inferences in making the foregoing determination.*

severance plan as previously represented up until shortly after the merger, *id* at ¶¶26-27, that it was a Fleet/BOA employee who came up with the idea of reneging on Fleet/BOA representations by amending the Plan to include an outsourcing exclusion, *id.* at ¶29, that *Fleet/BOA employees involved in the administration of the Plan* were advised to encourage and/or coerce outsource vendors to hire displaced Fleet/BOA employees, *id.* at ¶30, that Fleet/BOA employees advised Plaintiff in more than one communication that he was required to accept any job offer from TCC or forfeit any rights to severance benefits, *id.* at ¶20, that Plaintiff relied to his detriment on all the foregoing representations of Fleet/BOA, *id.* at ¶35, that Fleet/BOA misled Plaintiff, *id* at ¶¶46-48, that communications were sent to and received from Fleet/BOA "in its capacity as Plan Administrator," *id* at ¶¶51-54, and, that Fleet/BOA, in part, acted as Plan Administrator with respect to dissemination of information regarding the Plan, *id.* at ¶59. Moreover, Exhibit A at p. 12, expressly provides that legal process may be served on the Plan Administrator, at the address of Fleet/BOA, further reinforcing the intimate relationship between Fleet/BOA and the Defendant Plan Administrator, Mauro A. Cieri.

Accordingly, there are more than enough "facts pled" to establish an inference that Fleet/BOA, by and through its management and various employees and agents, exerted considerable control over ***the entire administration of the Plan and determinations made thereunder,*** in part, as the ***actual* Plan Administrator.** Plaintiff is therefore entitled to discovery so that it may obtain information, *which is admissible in evidence*, to support his contentions that the Plan Administrator was acting under a conflict of interest[9] and that Fleet/BOA exercised sufficient control to subject it to liability as an employer-fiduciary and sponsor.[10]

---

[9] *See Leahy v. Raytheon Co.*, 315 F.3d 11, 16 (1st Cir. 2002), *and cases cited therein* ("It is well settled that when a plan administrator labors under a conflict of interest, courts may cede a diminished degree of deference-or no deference at all-to the administrator's determinations."). The "conflict" alleged in the Complaint is self-evident: the plan was administered essentially by and on behalf of Fleet/BOA for its benefit, "in order to save the employer money at the beneficiaries' expense," instead of "solely in the interest of the participants and beneficiaries." *Varity*, 516 U.S. at 506 (internal quotation marks omitted).

[10] *See Ernst & Young*, 956 F.2d at 372-374, *and cases cited therein* (employer retained sufficient control or influence and/or took sufficiently active part in administration of plan to subject it to liability for claims under ERISA

**C. The Magistrate Judge Erred In Prohibiting Discovery With Respect To Whether Defendant Failed To Automatically Provide Notice And Furnish Information Relative To The Plan.**

The Magistrate Judge ruled that Plaintiff was prohibited from any discovery relative to the Defendants failure to *automatically* provide notice and furnish information relative to any applicable ERISA plan, including any changes in the Plan, as required by ERISA, ***solely on the grounds that Plaintiff purportedly does not have a viable claim for relief*** for such a failure under Count Three. Ord. at 11. This was clearly erroneous and/or contrary to law. Whether or not Plaintiff has a separate and viable claim for such conduct under §1132 (a)(3), the Magistrate Judge concedes that the Plaintiff has a remedy under §1132(c), a violation of which is properly alleged in Count Two. *Id.* Moreover, and more importantly, even if Plaintiff *is not entitled* to any relief with respect to Count Three, whether the Defendants failed to automatically or otherwise failed to disclose changes in severance benefits is directly material to Plaintiff's breach of fiduciary duty claim alleged in Count Two, for all the reasons previously discussed in §IV.A. above. Accordingly, the Magistrate Judge's foregoing ruling potentially impairs the ability of Plaintiff to establish the timing, mechanism, and means of the Defendants' intentional and wrongful deception, which is material to his Count Two claim.

**D. The Magistrate Judge Erred In Prohibiting Plaintiff From Discovery With Respect To Count Four Unless He Can Demonstrate The Need Therefore.**

**Magistrate Erred**

With respect to Count Four, the Magistrate Judge ruled that Plaintiff is only permitted limited discovery beyond the still undetermined "administrative record," ***but only if he can demonstrate "there is information which is not in the administrative record and which cannot be included by stipulation***." Ord. at 12-13. There is no basis under the Federal Rules for such an order. The Magistrate Judge's foregoing ruling impermissibly shifts the burden of establishing the necessity of

---

where employer acted as plan administrator with respect to dissemination of information concerning plan benefits); *see also* cases cited in footnote 5, *supra*, and associated text, relative to employer-fiduciary liability).

discovery to Plaintiff, where Plaintiff has already shown the necessity of discovery, particularly with respect to the potentially difficult element of establishing prejudice, and in the context where Defendants have make a blanket objection to discovery, meaning Plaintiff could conceivably be required to establish the basis for *any* discovery.

**Allegations in Complaint and Elements to be Established under Applicable Law**

A plan administrator is required to provide information, including, but not limited to, a summary plan description, within thirty (30) days *after receiving a written request* from an employee such as the Plaintiff. §1132(c). A Plan Administrator who fails or refuses to provide such information after receiving such a written request is liable to the employee for a civil penalty in the amount of $110.00 per day for failing to provide such information under §1132(c)(1)(B), and regulations promulgated pursuant thereto.

Plaintiff alleges he requested Plan information in mid-April, 2004, and did not receive even a partial response until information was received by him on October 25 and 28, and November 2 and 16, 2004. Comp. at ¶¶49-52. In addition, by way of a letter from his attorney dated August 24, 2004, Plaintiff requested additional Plan information from Fleet/BOA, to which Plaintiff did not even receive a partial response until January 11, 2005. *Id.* at ¶¶53-54, 56. Plaintiff alleges Defendants' failure or refusal to comply with the foregoing disclosure requirements constituted exceptional circumstances, including bad faith, active concealment, fraud, and induced reliance, and was otherwise designed to and resulted in financial benefit to Defendants, to Plaintiff's detriment, and that Plaintiff was otherwise prejudiced by the failure to provide a timely and complete response. *Id.* at ¶¶46, 58. In the exercise of a court's discretion as to whether to impose a civil penalty for failure to provide requested information under §1132(c), it is relevant whether the defendant's conduct, *inter alia*, involved active concealment, fraud and/or prejudice to the plaintiff employee. *See Watson v. Deaconess Waltham Hospital*, 298 F.3d 102, 113-115 (1st Cir. 2002); *Sullivan v.*

*Raytheon Company*, 262 F.3d 41, 52 (1st Cir. 2001).

Accordingly, Plaintiff has sought discovery outside of the administrative record relative to, *inter alia*, whether Plaintiff requested the subject information in writing, whether the request was received by Defendants, when Defendants' responded, whether the response was full and complete, whether and why Defendants failed to respond in a full and timely manner, and whether such failure involved, *inter alia*, active concealment, fraud and/or prejudiced to the Plaintiff.

Plaintiff has established more than enough basis for the foregoing discovery sought. To the extent the elusive "administrative record" includes information responsive to Plaintiff's discovery requests relative to the foregoing, so much the better. Plaintiff has no obligation to "justify" its need for discovery any further. Under the Federal Rules, if a party believes that a ***particular discovery request*** is unduly burdensome, overbroad, and/or unnecessary, and the dispute cannot amicably be resolved, that party can file an objection and/or a motion for protective order with respect to the ***particular request***. The Magistrate Judge's approach in denying the Defendants' request for a protective order, but reversing the presumption under the rules that the responding party must justify a refusal to respond, has not been shown to be warranted by the facts and context of the within case. This is particularly true in light of the extent of information outside of the "administrative record" potentially in existence and necessary to establish that the Defendants' failure to timely provide the requested information involved active concealment, fraud and/or prejudice to the Plaintiff—not to mention the scope of permissible discovery with respect to Plaintiff's Count Two claim.

**E. <u>The Magistrate Judge Erred By Adjudicating A Request For A Blanket Protective Order Limiting Discovery To The "Administrative Record" Without Knowledge Of The Content Thereof, Purporting To Limit The Scope Of Permissible Discovery By The Claim Alleged Rather Than The Content of The Request, And Reversing The Normal Presumption Of The Discoverability Of Information, And Thereby Creating Confusion And Causing Unnecessary Delay and Additional Expenditure Of Time And Expense, Contrary To The Mandate Of Fed.R.Civ.P. 1.</u>**

As stated previously, the Magistrate Judge's entire ruling on the Defendants' Motion for Protective Order was effected by error because he erroneously approached it from the perspective that the pending action merely involved the administrative review of a denial of benefits determination under ERISA, where the scope of review is ordinarily limited to the administrative record. Of course, the Court Four failure to disclose information upon request claim does not involve the review of an administrative decision, and is not the type of claim limited to an administrative record by statute, context or common sense. Plaintiff does agree with "concerns about efficient administration that underlie the ERISA statute," Ord. at 6-7, and would add "speedy and just" under Fed.R.Civ.P. 1. The question remains, however, for whom?

This Court entered a pre-trial order on November 10, 2005. Within two (2) months, or on or about January 13, 2005, at considerable expense, Plaintiff drafted and propounded interrogatories and requests for production to the Defendants, mindful of and directed at discovering information and admissible evidence with which to establish his claims. With the addition of perhaps one or more 30 (b)(6) depositions," Plaintiffs discovery would have been complete. Instead of discovery responses, Plaintiff was greeted on March 9, 2006 with what apparently is standard in ERISA litigation, Defendants' motion for a blanket protective order and a motion to dismiss Plaintiff's common law claims under Counts Five and Six of the Complaint. As previously argued before this Court, the relevant facts and circumstances of the foregoing counts are almost identical to Plaintiff's Count Two breach of fiduciary duty claim, and therefore a determination of the motion to dismiss was not material to the necessity and appropriateness of Plaintiff's discovery requests. Now that the motion to dismiss and motion for protective order have been briefed, argued and decided, Plaintiff has been forced to expend additional time and resources to file an objection to the Magistrate Judge's ruling and the within memorandum of law in support in order to preserve his claims and any likelihood of recovery. Plaintiff must now also incur the expense of propounding new discovery outside the administrative

record—which has not yet been provided, which he will be required to "justify." Finally, a mandatory 120 day settlement conference pursuant to the local ADR rules was never scheduled. ***In short, in the nearly 1 ½ years this case has been pending, nothing material has been done to move this matter forward to a resolution, despite the considerable expense incurred by Plaintiff.***

The Magistrate Judge's ruling adjudicates a blanket protective order seeking to limit discovery to the administrative record, without any knowledge of the content thereof. The ruling limits discovery on the basis of the claims alleged, not the content of the request or nature of information sought. The ruling reverses the normal presumption of the discoverability of information as to one count in the Complaint, and requires Plaintiff to justify any discovery relative thereto, even though he has already propounded discovery and established the basis therefore. The foregoing ruling has created confusion and caused unnecessary expenditure of time and money on the part of Plaintiff, and threatens to create further confusion and cause further delay and expenditure of time and resources by the parties.

Moreover, there is no indication whatsoever that the Magistrate Judge's confusing limitation on discovery will lead to the just, speedy and inexpensive determination of this action, while there is every indication that just the opposite will occur. Now that the Rules of Civil Procedure have been thrown out the window, Plaintiff, frankly, is unsure how to proceed.[11] Instead of fashioning new discovery procedures and *sub silentio* dismissing Plaintiffs' claims, it would appear to be much more simple and efficient if Defendants merely responded to Plaintiff's discovery requests, objected to ***specific requests***, and failing an amicable resolution of any such objections, obtain a determination from this Court as to the propriety of a ***particular request***, as the Federal Rules intended—a procedure with which the parties and the Court are very familiar.[12]

---

[11] When will Plaintiff receive the "administrative record" from Defendants? Does he have to send out a request, "Please provide the administrative record? May Plaintiff notice depositions if the information provided is unclear, uncertain, or appears to be incomplete, or does he first have to negotiate a stipulation or justify it to the Court?

[12] Similarly, any objections to the viability of Plaintiff's remaining claims can be subsequently made and determined according to the proper procedures set forth in the Rules, such as a motion for summary judgment served at the appropriate

## V. CONCLUSON

Wherefore, Plaintiff prays that the Magistrate Judge's Memorandum and Order Granting in Part Defendants' Motion for Protective Order be set aside and/or modified as follows:

1. That Defendants' Motion for Protective Order be denied in its entirety;

2. In the alternative, although for the reasons discussed in footnote 6, *supra*, Plaintiff believes it not to be in the interests of the parties, if Plaintiff's only alternative is the prohibition of discovery with respect to and/or dismissal of Count Two, Defendants' Motion for Protective Order be denied in its entirety, conditioned on Plaintiff's dismissal of Count One.

**PLAINTIFF,**
By his attorneys,
**SINAPI, FORMISANO &COMPANY, LTD.**

**Dated: October 16, 2006**

**/s/ Richard A. Sinapi, Esq.**
**Richard A. Sinapi, Esq. (R.I. Bar No. 2977)**
**100 Midway Place, Suite 1**
**Cranston, RI 02920**
**Telephone: (401) 944-9690; Fax: (401) 943-9040**

**CERTIFICATION**

**TO: Mark A. Pogue, Esq.**
**Gina D. Wodarski, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within **Objection** was caused to be served upon the above-named counsel of record this **16th** day of **October, 2006.**

**/s/ Richard A. Sinapi, Esq.**

---

time upon the completion of discovery. As an aside, Plaintiff would note that while one of the largest banks in this country, represented by the largest law firm in this state, apparently finds responding to discovery to be oppressive and inefficient, it apparently believes filing successive pre-trial motions as a matter of routine, which do little, if anything, to move this matter forward to a resolution, is somehow cost efficient. This is simply a matter of strategy. If Defendants limit an adjudication to the "administrative record," they believe they are almost certain to win, while if they are forced to adjudicate a breach of fiduciary duty claim, they will probably lose.

## V. CONCLUSION

Wherefore, Plaintiff prays that the Magistrate Judge's Memorandum and Order Granting in Part Defendants' Motion for Protective Order be set aside and the Defendants' Motion for Protective Order be denied in its entirety.[13]

**PLAINTIFF,**
By his attorneys,
**SINAPI, FORMISANO &COMPANY, LTD.**

**Dated: October 16, 2006**

**/s/ Richard A. Sinapi, Esq.**
**Richard A. Sinapi, Esq. (R.I. Bar No. 2977)**
**100 Midway Place, Suite 1**
**Cranston, RI 02920**
**Telephone: (401) 944-9690; Fax: (401) 943-9040**

## CERTIFICATION

**TO: Mark A. Pogue, Esq.**
**Gina D. Wodarski, Esq.**
**Edwards Angell Palmer & Dodge, LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

I hereby certify that a true copy of the within **Objection** was caused to be served upon the above-named counsel of record this **16th** day of **October, 2006.**

**/s/ Richard A. Sinapi, Esq.**

time upon the completion of discovery. As an aside, Plaintiff would note that while one of the largest banks in this country, represented by the largest law firm in this state, apparently finds responding to discovery to be oppressive and inefficient, it apparently believes filing successive pre-trial motions as a matter of routine, which do little, if anything, to move this matter forward to a resolution, is somehow cost efficient. This is simply a matter of strategy. If Defendants limit an adjudication to the "administrative record," they believe they are almost certain to win, while if they are forced to adjudicate a breach of fiduciary duty claim, they will probably lose.

[13] In the alternative, although Plaintiff contends that he has the right to plead in the alternative, and, for the reasons discussed in footnote 6, *supra*, Plaintiff believes it is not in the interests of the parties, if Plaintiff's only alternative is the prohibition of discovery with respect to and/or dismissal of Count Two, Plaintiff will accept a dismissal of his Count One claim.